UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>                Plaintiff,<br><br>v<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>                Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

    TO:          The Clerk of the United States District Court Western District of Washington;
    AND TO:   Plaintiff Bruce Kriegman, by and through his attorneys;
    AND TO:   JP Morgan Chase Bank, N.A.

PLEASE TAKE NOTICE that pursuant to 28 USC §§ 1332, 1441 and 1446, Judgment Debtors, Ronald Ponton, Jr.[1] (sic) and Tomika Ponton (the "Pontons," hereby remove to this Court the Superior Court of Washington for King County action described below.

---

[1] The Plaintiff has filed this action against a Ronald Ponton Jr.; however it is Ronald Ponton Sr. that appears and who is married to Tomika Ponton.

NOTICE OF REMOVAL OF CIVIL ACTION - 1

**HENRY & DEGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

In support of this Notice of Removal, the Pontons further state as follows:

1. Plaintiff Bruce Kriegman filed a notice of filing of a foreign judgment from the Eastern District of Washington on January 28, 2022, against Ronald Ponton, Jr and Tomika Ponton, in the Superior Court of Washington for King County, captioned *Bruce Kriegman, solely, in his capacity as solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC v. Ronald Ponton, Jr and Tomika Ponton, Judgement Debtors* Case No. 2-22-01515-2 SEA (the "State Court Action"). **Exhibit A.**

2. The foreign judgment principal amount is listed as $120,670.59 on the filed judgment summary.

3. On February 10, 2022, Plaintiff filed an Application for a Writ of Garnishment with the Clerk of the Superior Court of Washington for King County in the amount of $120,670.59. The Application had the caption *Bruce Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, Judgment Creditor, v. Ronald Ponton, Jr. and Tomika Ponton, Judgment Debtors, v. JP Morgan Chase Bank, N.A., Garnishee*.

4. Based on the postmark, on March 2, 2022, the garnishee mailed in its answer to the Pontons which answer was received on March 9, 2022.

5. This Removal is timely because the Pontons are filing it within 30 days of being served with the Writ of Garnishment. Removal is proper because a garnishment is an independent civil action and is therefore removable to federal

court.[2]

6. The following pleadings constitute all of the process, pleadings, and orders received by Defendants in this action to date: The Affidavit/Application for Writ of Garnishment and Garnishee Answer, true copies of which are attached as **Exhibit B.**

7. The controversy between Plaintiff and Defendants is a controversy between citizens of different states. On information and belief, the Plaintiff Bruce Kriegman is a resident of the state of Washington. Ronald Ponton is a resident of the state of Alabama and Tomika Ponton is a resident of the state of Alabama. Both Defendants join in this Notice of Removal.

8. Although not required, Garnishee, is also a citizen of another state. JP Morgan Chase Bank, N.A. is a national association with OCC charter number 8 ("Chase"). Chase lists Columbus Ohio as its principal place of business on its OCC charter.

9. The amount Plaintiff seeks to garnish is $120,670,59. Thus, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

10. U.S. Const. amend. XIV, § 1 – On its face, this action is one as follows: Plaintiff is a Washington resident that registered a default federal judgment in King County, Washington to execute a judgment against Alabama residents that have no connection whatsoever to the state of Washington by presence or assets. The federal

---

[2] *See Swanson v. Liberty Nat. Ins. Co.*, 353 F.2d 12, 13 (9th Cir. 1965) (finding a garnishment is an independent civil action and is therefore removable to federal court); *Alford v. LaCoste*, No. CIV. 10-579-AC, 2010 WL 5487532, at *5 (D. Or. Nov. 18, 2010), report and recommendation adopted, No. CIV. 10-579-AC, 2011 WL 11249 (D. Or. Jan. 3, 2011).

question is whether it comports with due process for a state court in Washington to execute *in rem* jurisdiction against the intangible assets of Alabama residents that have never set foot in Washington state. Thus, is the connection established between the state of Washington and the bank deposits sufficient to make it reasonable and just, and in conformity to the due process requirements of the Fourteenth Amendment, for this State of Washington to have jurisdiction to enforce an obligation against the judgment debtors?

11. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1441(a).

12. Venue is proper in the United States District Court for the District of Washington, Seattle Division, because this State Court Action is removed from the King County Superior Court of Washington - SEA. King County Superior Court Division SEA covers Seattle.

13. In accordance with 28 USC §1446(d), the Pontons will promptly file a Notice of Removal to Federal Court with the Clerk of the Superior Court of King County.

Dated March 14, 2022               Respectfully submitted,

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
113 Cherry St, PMB 58364
Seattle, WA 98104
Tel: 206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

/s/ Venus Y Springs
Venus Y. Springs (pro hac vice pending)
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice Application to be submitted once case number is obtained*

*Attorneys for Defendants*