UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,

    Plaintiff,

v

RONALD PONTON, JR. and TOMIKA PONTON,

    Defendants.

CASE NO. 2:22-cv-00307

**MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**(Oral Argument Requested)**

Note for Motion Calendar
March 17 2022

Pursuant to Fed. R. Civ. P. 65 and LCvR 65.1, Defendants Ronald Ponton and Tomika Ponton hereby move the Court to issue a Temporary Restraining Order and/or Preliminary Injunction enjoining JP Morgan Chase Bank, N.A. ("Chase") from turning over the funds identified below to the Plaintiff in this case and to request that the funds be returned to Ronald Ponton Sr. and Tomika Ponton.

1. Savings Account in the name of Tomika Ponton or Ronald Ponton #8883 $2250.70

2. Checking Account in the name of Ronald Ponton or Tomika D Ponton #2951 $601.51

3. Business Account in the name of Ronald Ponton Sr. DBA Mexico Moving Company #8783 $55596.67

MOTION FOR TEMPORARY RESTRAINING ORDER

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

In support of this motion, the Defendants rely upon the Affidavit of Ronald Ponton, the attached memorandum of law, and other supporting papers.[1]

Dated March 17, 2022,   Respectfully submitted,

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
787 Maynard Ave S, Seattle, WA 98104
Tel: 206-330-0595
Fax 206-400-7609
chenry@hdm-legal.com

/s/ Venus Y Springs
Venus Y Springs
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice*

*Attorneys for Defendants*

---

[1] Defendants' counsel provided Plaintiff's counsel and Chase copies of all pleadings, motions and memorandums of law.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>                  Plaintiff,<br><br>v<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>                  Defendants. | Civil Action No. 2:22-cv-00307<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**<br><br>**(Oral Argument Requested)**<br><br>Note for Motion Calendar<br>March 17 2022 |

## INTRODUCTION

Plaintiff Bruce Kriegman, bankruptcy trustee for LLS America, filed a notice of filing of a foreign judgment in King County Washington Superior Court on January 28, 2022. The judgment was from the Eastern District of Washington against a Ronald Ponton, Jr and Tomika Ponton in the amount of $120,670.59 from 2015. On February 10, 2022, Plaintiff filed an Application for a Writ of Garnishment with the Clerk of the Superior Court of Washington for King County. JP Morgan Chase Bank, N.A. ("Chase") is the Garnishee. Chase sent in a letter to serve as its answer on or around March 9, 2022, stating it had three accounts, one account ending in 8783 having the amount of $55596.67 in the name of Ronald Ponton DBA Mexico Moving Company, a savings account ending in 8883 having the amount of $2250.70 in the name of Ronald Ponton or Tomika Ponton, and a personal checking account ending in 2951 in the name of Ronald Ponton or Tomika Ponton with the amount of $601.51. That state court action was

removed to this Court on March 14, 2022. Neither Ronald Ponton, Sr. or Tomika Ponton has any connection with the state of Washington. [See Affidavit of Ponton Sr. ¶6]. They live in the state of Alabama. [Id at 2.] They have never lived or worked in Washington. [Id at 6.] They have never banked in Washington. [Id.] They do not transact business in Washington. [Id.]

## ARGUMENT

Legal Standard

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The standard for a temporary restraining order is the same as for a preliminary injunction. In order to obtain such relief, the plaintiff "must make a 'threshold showing' of four factors." *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844 (9th Cir. 2020) (*quoting Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam)). The movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20, 129 S.Ct. 365 (citations omitted). Alternatively, movants may demonstrate "that serious questions going to the merits were raised and the balance of hardships tips sharply in the movant's favor," so long as the other two Winter factors are also met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). "These factors are evaluated on a sliding scale." *E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1271 (9th Cir. 2020) (citing *All.*

*for the Wild Rockies*, 632 F.3d at 1131-34). "The first factor under Winter is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). While movants carry the burden of demonstrating likelihood of success, they are not required to prove their case in full at this stage but only such portions that enable them to obtain the injunctive relief they seek. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981).

Discussion

**I.     Defendants/Movants Will Likely Succeed On The Merits.**

A.     Washington trial courts do not have jurisdiction over intangible personal property such as bank deposits which are domiciled in Alabama, the domicile of the Defendants, pursuant to Washington state law. The Plaintiff applied for the writ of garnishment on the false premise that the defendants had property located within the state of Washington. In fact, the Plaintiff's attorneys swore under penalty of perjury to the King County Superior Court the following in their application for the writ; "Judgment Creditor has reason to believe and does believe, that the above- named Garnishee, whose residence and/or business address in King County, Washington, is: indebted to the Judgment Debtor in amounts exceeding those exempted from garnishment by any state or federal law; has possession or control of personal property or effects belonging to the Judgment Debtor which are not exempted from garnishment by any state or federal law. "  [See Exhibit A pp. 1-2].

B.     JP Morgan Chase Bank has no residence or business address in King County Washington. Plaintiff's attorney Elizabeth Hebener Norwood who made that oath on February 10, 2022 to the Court, on February 11, 2022, sent the writ to Chase's address in Louisiana and told Chase that the Defendant's bank account was located in New Jersey specifically "depository accounts may include ones located at the Chase Bank located at 3373 US Hwy 1, Lawrence NJ 08648". [See Exhibit A p. 3].  Attorney Norwood [WSBA License Number 40930] made a solemn oath under penalty of perjury to a court of law just one day prior that said Defendants' bank accounts were located in King County within the state of Washington. One can only conclude that an intentional misrepresentation was made by an officer of the court in order to garnish the defendants' bank deposits without having to comply with Alabama law, which garnishment law is more favorable to debtors than Washington law.

C.     Equally as problematic is that RCW 6.27.080 provides that "A writ of garnishment is effective against property in the possession or control of a financial institution only if the writ of garnishment is directed to and names a branch as garnishee defendant." The Plaintiff's writ is defective on its face because it doesn't name a branch as a garnishee defendant. Therefore, the writ cannot be effective against property in the control of JP Morgan Chase Bank, N.A. and the funds must be released to the Pontons.

D.     The Pontons are domiciled in Alabama. A bank deposit is an intangible asset. The rule in Washington is that the situs of intangible assets is the domicile of the owner unless fixed by some positive law. *In re Lloyd's Est*., 185 Wash. 61, 65, 52 P.2d 1269, 1271 (1936).  It would violate the Fourteenth Amendment for the state of

Washington to exercise jurisdiction over assets in the state of Alabama. *See e.g. Macatawa Bank v. Wipperfurth*, 294 Mich.App. 617, 822 N.W.2d 237 (2011).

E. The Judgment Debtor is Ronald Ponton Jr. [Exhibit A p. 6] and JP Morgan Chase Bank, N.A. has answered by garnishing/freezing the accounts of Ronald Ponton, Sr. and Ronald Ponton DBA Mexico Moving Company who is not Ronald Ponton Jr. [Affidavit of Ponton Sr. ¶3]. RCW 6.27.290 sets out a procedure for a garnishee to follow if it is in possession of property belonging to a person with a similar name which Chase did not follow. The garnishee has to inform the plaintiff and the court of the conflict. Thus the plaintiff can call the person with the similar name before the court to confirm the identity of said person prior to the garnishee freezing said funds. "Before the hearing on the question of identity, the plaintiff shall cause the court to issue a citation directed to the person identified in the garnishee's answer, commanding that person to appear before the court from which the citation is issued within ten days after the service of the same, and to answer on oath whether or not he or she is the same person as the defendant in said action. The citation shall be dated and attested in the same manner as a writ of garnishment and be delivered to the plaintiff or the plaintiff's attorney and shall be served in the same manner as a summons in a civil action is served." RCW 6.27.290(2). This procedure requires the garnishee and the person to be within the jurisdiction of the court. Naturally, this procedure only makes sense if the plaintiff had followed the law on jurisdiction in issuing the garnishment, which he did not. For the foregoing reasons, the Defendants are more than likely to succeed in getting the writ dissolved on the merits of their claim.

MOTION FOR TEMPORARY RESTRAINING ORDER - 7

**A.     II. Defendants Will Suffer Irreparable Injury If the Restraining Order Is Not Issued.**

A. The Defendants bank accounts were wiped out along with their only means for income. [See Affidavit of Ponton Sr. ¶¶4-7]. They need food, shelter and a means of financial support. Employment wages are protected from being fully garnished but the self-employed are not protected. The Pontons' business account was garnished. The funds of their customers were frozen so they cannot buy the trucks and pay the workers to carry out their business of international moving. Id. This will put them out of business, leave them unable to pay their workers and expose them to customer liability. Id. This has left them in a desperate situation. Id. That cannot be cured by the payment of damages at some future time. They are not plaintiffs with the hope of winning damages in a future lawsuit. Moreover, the Pontons have been deprived of their constitutional rights by having their Alabama bank deposits garnished or frozen based on a foreign judgment registration in Washington state when they have no property in the state of Washington. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) cited in *Melendres*, *infra* 695 F.3d at 1002.

**B.     III. A Restraining Order and Injunction Would Do More Good Than Harm.**

C. When ruling on a TRO, "a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the

MOTION FOR TEMPORARY RESTRAINING ORDER - 8

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

requested relief." *Arc of California v. Douglas*, 757 F.3d 975, 991 (9th Cir. 2014) (citation omitted). Said differently, the restraining order must "do more good than harm (which is to say that the balance of equities favors the [movant])." *Cottrell*, 632 F.3d at 1132.

      D.      The Plaintiff, a bankruptcy trustee, will not be harmed by the issuance of the restraining order because he has not yet received any funds and the judgment he seeks to enforce by questionable means is from 2015 on behalf of a bankrupt Ponzi scheme from 2011.  The Plaintiff has a questionable judgment against a Ronald Ponton Jr.  The most he faces is temporary delay.  While the Defendants and their 6-7 customers face severe financial hardships and the permanent the ruin of customer relationships.

      **E.**      **IV.  The Public Interest Would Be Served By Granting a Restraining Order or a Preliminary Injunction.**

      A.      Protection of constitutional rights is always in the public interest. *Melendres v. Arpaio*, 695 F.3d 990, 1001, 1002 (9th Cir. 2012). The public has a strong interest in not being haled into court across jurisdictional boundaries where insufficient in rem and in personam contacts exist.

      **F.**      **V. Under the Circumstances Bond Should Not Be Required But the Defendants Are Willing to Post a Nominal Bond**

      A.      Federal Rules of Civil Procedure 65(c) require the posting of security by plaintiff "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

B.  The Ninth Circuit has no steadfast rule as to the amount of a bond as a result of the issuance of a preliminary injunction. Generally, the bond amount should be sufficient "to protect an adversary from loss in the event that future proceedings prove that the injunction issued wrongfully." *Edgar v. MITE Corp.*, 457 U.S. 624, 649, 102 S.Ct. 2629, 73 L.Ed.2d 269 (1982), citing to Fed.R.Civ.P. 65(c). The Ninth Circuit gives wide discretion to the issuance of preliminary injunction bonds, holding that "[s]o long as a district court does not set such a high bond that it serves to thwart citizen actions, it does not abuse its discretion." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir.2005); *see also Kaepa, Inc. v. Achilles Corp*. 76 F.3rd 624, 628 (5th Cir. 1996) (courts have discretion to require no security at all).

C.  In a case such as this where the Plaintiff has issued a facially invalid writ and has filed a foreign judgment in a wrong state in an attempt to evade the law, the Defendant should not be required to post bond.  The Plaintiff will not risk anything from a financial standpoint as their manner of pursuit has dictated the result requested. If the Court should order bond, the Pontons request bond in a nominal amount of no more than $100 to $1000.

## **CONCLUSION**

The Pontons have shown that they have a likelihood of success on the merits of their claims that plaintiff's is violating their constitutional rights, proceeding on a facially defective writ, has possibly engaged in unethical conduct; that the Pontons are likely to suffer irreparable harm if the order is not granted; that the potential harm to the Pontons if the order is not granted outweighs the potential harm to the Plaintiff if the

MOTION FOR TEMPORARY RESTRAINING ORDER - 10

Henry & DeGraaff, P.S.
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

order is granted; and that issuance of the order is in the public interest. The Pontons respectfully requests that this Court grant the Motion and, per the Proposed Order submitted contemporaneously, issue a Temporary Restraining Order and Preliminary Injunction enjoining the plaintiff from any further collection efforts with regard to foreign judgment against Ronald Ponton, Jr. filed in King County and returning the previously frozen funds in the three accounts ending in 8883, 2951 and 8783 to the Pontons.

Dated March 17, 2022,                    Respectfully submitted,

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
787 Maynard Ave S, Seattle, WA 98104
Tel: 206-330-0595
Fax 206-400-7609
chenry@hdm-legal.com

/s/ Venus Y Springs
Venus Y Springs
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice*

*Attorneys for Defendants*