UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>Defendants. | Case No. C22-307-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Defendants' Motion for Temporary Restraining Order ("TRO"). Dkt #6. Defendants Ronald Ponton Sr. and Tomika Ponton move the Court to immediately enjoin JP Morgan Chase Bank, N.A. ("Chase") from "turning over" approximately $58,000 held in their business and personal bank accounts to Plaintiff, a trustee for LLS America's Chapter 11 bankruptcy based on a judgment obtained in King County Superior Court. *Id.* at 1. Defendants also move to have their funds unfrozen. *Id.* at 11. Plaintiff has filed a response brief. Dkt. #12. The Pontons also move for leave to file a Reply brief. Dkt. #14.[1]

Typically, for a TRO motion the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of

---

[1] Reply briefs to TRO motions are not permitted without leave of the Court. LCR 65(b)(5). The Court has reviewed this brief and finds that it does not materially alter the analysis of this Order. The substance of the Reply brief deals with the same issues as Plaintiff's pending Motion to Remand, Dkt. #11. Accordingly, the Court will deny this Motion for Leave and address those issues when it rules on that Motion.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

The parties tell different stories.  The Pontons say Plaintiff has erroneously garnished their Chase accounts based on an Eastern District of Washington Bankruptcy Court judgment "against a Ronald Ponton, Jr and Tomika Ponton in the amount of $120,670.59 from 2015," but that "Neither Ronald Ponton, Sr. or Tomika Ponton has any connection with the state of Washington," that they live in Alabama, and that they have never transacted business here. Dkt. #6 at 3–4.  Mr. Ponton's attached affidavit states that "the entire judgment for which my wife and I are being pursued is an error." Dkt. #7 at ¶ 8.  Defendants argue that the difference between "Ronald Ponton Jr." and "Ronald Ponton Sr." requires Plaintiff to follow the procedures of RCW 6.27.290 for garnishing property belonging to a person with a similar name—to provide notice and to get Court involvement before freezing the funds. Dkt. #7 at 7. At no point do Defendants acknowledge that they were aware of a bankruptcy adversarial proceeding in Washington State or of a related judgment against them.  However, Plaintiff has submitted a 2009 proof of claim filed and signed by Ronald Ponton Sr. and Tomika Ponton in that Eastern District of Washington bankruptcy, Dkt. #13-2, a 2011 adversarial complaint against Ronald Ponton Sr. and Tomika Ponton related to that bankruptcy, Dkt. #13-1, a 2011

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Answer filed by Ronald Ponton Sr. and Tomika Ponton in that case, Dkt. #13-3, and evidence that the Pontons failed to appear for trial in that action, Dkt. #13-6.  Plaintiff has submitted a 2015 Order by the Court finding against Ronald Ponton Sr. and Tomika Ponton.  Dkt. #13-6 at 23 ("Pursuant to 11 U.S.C. § 548(a), 544, 550 and 551 and RCW 19.40.041(1) and 19.40.071, the Trustee is entitled to and is granted a judgment for the benefit of the Liquidating Trust of Debtor against **Ronald Ponton, Sr. and Tomika Ponton in the amount of $117,411.00 USD** [plus applicable interest]") (emphasis in original).  The associate judgment is against "Ronald Ponton Jr." (and Tomika Ponton).  Dkt. #13-7.  This is clearly a scrivener's error.  The Pontons were apparently on notice, or should have been on notice, that this judgment had been entered against them in a Washington State court.[2]  The Court would have expected them to mention their awareness of this underlying bankruptcy action.

The Pontons also argue that the garnishment is legally invalid because Plaintiff has attempted to use a Washington State court to go after assets in Alabama.  Plaintiff responds to those arguments with his own reading of the applicable statute, RCW 6.27.080.  Dkt. #12 at 9–10.  It currently appears to the Court that this garnishment was valid under Washington law.

Given all of the above, the Court cannot say that Defendants have shown a likelihood of success on the merits.  Once the parties sort out the disputed and undisputed facts, there are still several layers of state and federal law and disputed procedural history.  The Court need not rule as a matter of law as to the validity of Plaintiff's claims to deny this Motion.

Even if Defendants had satisfied the success on the merits element, they must still demonstrate a likelihood of irreparable harm.  This is a dispute over frozen money.  Financial

---

[2] The Bankruptcy Court summarized the case against Defendants as "LLS allegedly engaged in a 'Ponzi' scheme by accepting loans from various parties and using later loans to repay with interest the earlier lenders.  The defendants named in the complaint are all alleged to have lent money to LLS and received a return with interest of their funds.  The complaint asserts that the payments made by LLS to the lender-defendants constituted fraudulent transfers and that such transfers should be avoided and returned to the bankruptcy estate to be distributed through the bankruptcy process."  Dkt. #13-4 at 3.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

loss is typically not considered irreparable harm as it can be remedied by money damages, and more intangible harms, like loss of goodwill or prospective customers, must be shown to be real and imminent. Mr. Ponton's affidavit states that "[t]he freeze of the $55,596.67 from the business account has caused an extreme hardship on my family," that he has "suffered insufficient fund fees, embarrassment and loss of goodwill with my customers," and that "those funds represented 90% of all the working capital of the family business." Dkt. #7. He states that they have been "forced to live off of credit cards as we try to fight the garnishment." *Id*. The Court finds that Defendants have access to some funds for their personal and business necessities, and that they have failed to point to real and imminent harm that will result from this case proceeding without a TRO.

The Court finds that it need not examine the other factors for a TRO and will deny this Motion. Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Temporary Restraining Order, Dkt. #6, is DENIED. Defendants' Motion for Leave to file a Reply, Dkt. #14, is DENIED as MOOT. Plaintiff has proposed that "the Court could simply hold the $58,000 in the registry of the Court pending resolution of the parties' dispute" to "preserve the status quo." Dkt. #12 at 13. The Court DIRECTS the parties to discuss this and other ways to preserve the status quo while this action proceeds and to file a stipulation if possible.

DATED this 22nd day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4