UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BRUCE P. KRIEGMAN, solely in his capacity
as court-appointed Chapter 11 trustee for LLS
America, LLC,

          Plaintiff,

v

RONALD PONTON, JR. and TOMIKA
PONTON,

          Defendants.

CASE NO. 2:22-cv-00307

**MOTION TO QUASH WRIT OF
GARNISHMENT, DISMISS
ACTION AND FOR ATTORNEY
FEES AND COSTS**

Note for Motion Calendar
April 22, 2022

**ORAL ARGUMENT REQUESTED**

     In controversion to the Garnishee's Answer to the writ of garnishment, pursuant to RCW 6.27.210 and RCW 6.27.230 and pursuant to Fed.R.Civ.P. 12(b)(2),  Defendants Ronald Ponton and Tomika Ponton hereby move the Court to:

1.  Quash the Writ of Garnishment;

2.  Dismiss this action for lack of personal jurisdiction;

3.  Enter an order unfreezing the funds and releasing them to the Defendants;

4.  Charge the defendants' attorney fees and costs to the plaintiff; and

5.  Order such other and further relief the Court may deem proper and just.

Dated March 28, 2022,

Respectfully submitted,

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
113 Cherry St, PMB 58364
Seattle, WA 98104
Tel: 206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

MOTION TO QUASH WRIT

/s/ Venus Y Springs

Venus Y. Springs
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice*

*Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTION TO QUASH WRIT

# TABLE OF AUTHORITIES

## Cases

*Blair v. GIM Corp.*, 88 Wash. App. 475, 479–80, 945 P.2d 1149, 1151 (1997)..........................3

*Boundary Dam Constructors v. Lawco Contractors, Inc.*, 9 Wash.App. 21, 510 P.2d 1176 (1973) ........................................................................................................................................12

*Desert Wide Cabling & Installation, Inc. v. Wells Fargo & Co.*, 191 Ariz. 516, 517, 958 P.2d 457, 458 (Ct. App. 1998), as corrected (June 23, 1998)..............................................................14

*Farnsworth v. Hubbard*, 78 Ariz. 160, 168, 277 P.2d 252, 260 (1954)...................................14

*Ferguson v. Ferguson*, 634 N.E.2d 506, 509 (Ind.App.1994)....................................................9

*Harris v. Balk*, 198 U.S. 215, 216, 25 S. Ct. 625, 625, 49 L. Ed. 1023 (1905)...........................8

*In re Est. of Marcos Hum. Rts. Litig.*, No. 97 C 0477, 1997 WL 428544, at *3 (N.D. Ill. July 24, 1997).......................................................................................................................................11

*In re LLS Am. LLC*, 701 F. App'x 565, 567 (9th Cir. 2017)......................................................2

*In re Lyons' Est.*, 175 Wash. 115, 26 P.2d 615 (1933)........................................................16, 17

*International Shoe Co. v. Washington*, 326 U.S., at 319, 66 S.Ct., at 160.................................4

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,* 326 U.S. 310, 319, 66 S. Ct. 154, 160, 90 L. Ed. 95 (1945) .................................................................................15

*Livingston v. Naylor*, 173 Md. App. 488, 515, 920 A.2d 34, 50 (2007) ...............................6, 9

*Macatawa Bank v. Wipperfurth*, 294 Mich.App. 617, 822 N.W.2d 237 (2011) ..................16, 17

*Morris & Co. v. Canadian Bank of Commerce*, 95 Wash. 418, 163 P. 1139 (1917) .................12

*Neufelder v. German-Am. Ins. Co.*, 6 Wash. 336, 341, 33 P. 870, 872 (1893) .........................16

*Polacke v. Superior Court In and For County of Maricopa*, 170 Ariz. 217, 224, 823 P.2d 84, 91 (1991) ...........................................................................................................................................9

*Rapoport's Estate*, 317 Mich. at 301, 26 N.W.2d 777.............................................................16

*Rush v. Savchuk*, 444 U.S. 320, 320, 100 S. Ct. 571, 573, 62 L. Ed. 2d 516 (1980).......... 6, 7, 10

*Senate Repub. Campaign Comm. v. Public Disclosure Comm'n*, 133 Wash.2d 229, 241–43, 943 P.2d 1358 (1997).......................................................................................................................12

*Shaffer v. Heitner, 433 U.S. 186, 212, 97 S. Ct. 2569, 2584, 53 L. Ed. 2d 683 (1977)* ...............4

*State v. W. Union Fin. Servs., Inc.*, 220 Ariz. 567, 572, 208 P.3d 218, 223 (2009) ....................7

*United States v. Obaid*, 971 F.3d 1095, 1109 (9th Cir. 2020), cert. denied, 142 S. Ct. 73, 211 L. Ed. 2d 12 (2021)...........................................................................................................................4

*Watkins v. Peterson Enterprises, Inc.*, 137 Wash. 2d 632, 646, 973 P.2d 1037, 1046–47 (1999). ......................................................................................................................................................12

*Williamson v. Williamson,*, 247 Ga. 260, 275 S.E.2d 42 ...........................................................8

## Statutes

28 U.S.C. § 1963 ...........................................................................................................................18

RCW 6.27.060 ..............................................................................................................................12

RCW 6.27.210 ..........................................................................................................................1, 2

RCW 6.27.230 ..........................................................................................................................1, 19

RCW 6.27.290 ..............................................................................................................................14

RCW6.27.080 ...............................................................................................................................10

Wash. Rev. Code Ann. § 4.28.185................................................................................................18

## Other Authorities

Folk & Moyer, Folk & Moyer, Sequestration in Delaware: A Constitutional Analysis, 73 Colum.L.Rev. 749, n.10, at 785 (1973)..........................................................................................5

**SPRINGS LAW FIRM PLLC**
228 PARK AVE S
NEW YORK, NY 100034
V (704) 241-9995/ F (877) 444-4464

Robert Laurence, *The Off–Reservation Garnishment of an On–Reservation Debt and Related Issues in the Cross–Boundary Enforcement of Money Judgments*..........................................5

**Rules**
Fed.R.Civ.P. 12(b)(2).................................................................................................1

**Treatises**
4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1071 (3d ed. 2008)..............................................................................................................7

SPRINGS LAW FIRM PLLC
228 PARK AVE S
NEW YORK, NY 100034
V (704) 241-9995/ F (877) 444-4464

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH WRIT OF GARNISHMENT, DISMISS ACTION AND FOR ATTORNEY FEES AND COSTS**

## INTRODUCTION

Plaintiff Bruce Kriegman, bankruptcy trustee for LLS America, filed a notice of filing of a foreign judgment in King County Washington Superior Court on January 28, 2022. The judgment was from the Eastern District of Washington against a Ronald Ponton, Jr and Tomika Ponton in the amount of $120,670.59 from 2015. On February 10, 2022, Plaintiff filed an Application for a Writ of Garnishment with the Clerk of the Superior Court of Washington for King County. JP Morgan Chase Bank, N.A. ("Chase Bank") is the Garnishee. Chase Bank sent in a letter to serve as its answer on or around March 9, 2022, stating it had three accounts with the amount of $58,448.87 in the name of Ronald Ponton or Tomika Ponton. Neither Ronald Ponton, Sr. or Tomika Ponton has any connection with the state of Washington. [See Doc 7, Affidavit of Ponton Sr. ¶6]. The LLS America Bankruptcy was filed in the State of Nevada as Case 09-23021 and transferred 11/09/2009. [Exhibit C - Affidavit of Springs] The proof of claim filed in 2009 in the Bankruptcy Court, listed New Jersey as their address of residence and would have only given the Eastern District of Washington Bankruptcy Court personal jurisdiction over the Pontons for the purpose of rulings in the bankruptcy but it would not have given the state of Washington long arm jurisdiction.

The Pontons live in the state of Alabama. [Doc 7 ¶2.] They have never lived or worked in Washington. [Doc 7 ¶6.] They have never banked in Washington. [Id.] They do not transact business in Washington. [Id.] They did not participate[1] in a Ponzi Scheme in the State of

---

[1] They did not participate in the scheme at all, they were victimized, the same way Madoff's investors were victimized.

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

Washington. [Doc 13-2 p.16-17]. Neither did Ronald Ponton's invest with LLS America in the State of Washington but he was introduced into the investment through a person in British Columbia, Canada and even Doris Nelson's initial checks were paid to him from a Canadian bank account. [Id.]; *See also In re LLS Am. LLC*, 701 F. App'x 565, 567 (9th Cir. 2017) (Canadian company Alberta Ltd that signed customers up to investments with LLC America). Chase Bank's principal place of business is Columbus Ohio. No branch office was listed on the writ of garnishment.

The Plaintiff alleges that the Defendants appeared in that action, attaching document 13-3 as evidence. The Defendants sent a letter to the court dated August 25, 2011, that read "we would like to file a motion regarding the summons we received in answer to the complaint from LLS. We deny all allegations. Since we are the victims in this case, we request that this case be dismissed without the expenditure of litigation expenses." [Doc# 13-3]. Whether that counts as an appearance, is not a matter for this action but that 2011 letter in that closed case cannot constitute part of the analysis for minimum contacts for a 2022 writ of garnishment in a completely different action in a state court of a different jurisdiction.

RCW 6.27.210 provides; "If the garnishee files an answer, either the plaintiff or the defendant, if not satisfied with the answer of the garnishee, may controvert within twenty days after the filing of the answer, by filing an affidavit in writing signed by the controverting party or attorney or agent, stating that the affiant has good reason to believe and does believe that the answer of the garnishee is incorrect, stating in what particulars the affiant believes the same is incorrect." "We reason the permissive use of this simplified procedure does not exclude the use of a more involved procedure in the form of a motion to quash a garnishment, attacking the

Henry & DeGraaff, P.S.
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

validity of an underlying judgment or the ability to collect it. *Blair v. GIM Corp.*, 88 Wash. App. 475, 479–80, 945 P.2d 1149, 1151 (1997).

On March 2, 2022, based on the postmark, Chase sent a letter that stated the following: JPMorgan Chase Bank, N.A. is in receipt of your Garnishment against the following debtor(s):

TOMIKA PONTON, RONALD PONTON

Accounts which are held:

| Account Number | Amount of Hold | Present Balance |
|---|---|---|
| 8783 | 55596.67 | 55596.67 |
| 8883 | 2250.70 | 2250.70 |
| 2951 | 601.51 | 601.51 |

The letter stated that the present balance may  be subject to claims which may reduce the amount available to the judgment creditor. It provided that the responses were based upon a search of data contained in Chase's centralized customer identification and account information system. The letter had the following footnote; "Please allow this letter to serve as JPMorgan Chase Bank, N.A.'s answer to the Garnishment." [Doc 5-1]. The letter was received by the Pontons on March 9, 2022 and posted in King County ECR online March 9, 2022. The letter does not mention the location of the deposits or the specific owners of each account. The answer does not comply with RCW 6.27.190 "The answer of the garnishee shall be signed by the garnishee or attorney or if the garnishee is a corporation, by an officer, attorney or duly authorized agent of the garnishee, under penalty of perjury, and the original and copies delivered, either personally or by mail, as instructed in the writ."

**Henry & DeGraaff, P.S.**
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

## ARGUMENT

### I.    Due Process Requires that Quasi-In Rem Jurisdiction Be Based on Fair Play

The main point this Court needs to capture is this:

Without exception since *Shaffer v. Heitner* "**all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progen**y. *Shaffer v. Heitner, 433 U.S. 186, 212, 97 S. Ct. 2569, 2584, 53 L. Ed. 2d 683 (1977).* The Shaffer Court held that "The fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property supports an ancient form without substantial modern justification. Its continued acceptance would serve only to allow state-court jurisdiction that is fundamentally unfair to the defendant." *Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S. Ct. 2569, 2584, 53 L. Ed. 2d 683 (1977). As with in personam jurisdiction, "the relationship among the defendant, the forum, and the litigation, rather than the mutually exclusive sovereignty of the States on which the rules of Pennoyer rest," would determine whether a court has in rem jurisdiction "over the interests of persons in a thing." *Id*. at 204, 207, 97 S.Ct. 2569 (internal quotation marks omitted). The Ninth Circuit has held that Shaffer v. Heitner's analysis of minimum contacts is the proper analysis for determining quasi-in rem jurisdiction. *United States v. Obaid*, 971 F.3d 1095, 1109 (9th Cir. 2020), cert. denied, 142 S. Ct. 73, 211 L. Ed. 2d 12 (2021).  The non-resident debtors, Alabama residents in this case, do not have sufficient contacts in the state of Washington for this Court or the King County court to exercise jurisdiction over them. The Due Process Clause "does not contemplate that a state may make binding a judgment . . . against an individual or corporate defendant with which the state has no contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S., at 319, 66 S.Ct., at 160. The Ponton's purchase of a note in a Washington limited liability company in

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

2005 that they no longer own doesn't suffice to create minimum contacts for 2022. "And '(i)t strains reason . . . to suggest that anyone buying securities in a corporation formed in [another state] 'impliedly consents' to subject himself to [that state's] . . . jurisdiction on any cause of action.' As the Supreme Court stated in Shaffer "the appellants, who were not required to acquire interests in Greyhound in order to hold their positions, did not by acquiring those interests surrender their right to be brought to judgment only in States with which they had had "minimum contacts." *Shaffer v. Heitner*, 433 U.S. 186, 216, 97 S. Ct. 2569, 2586, 53 L. Ed. 2d 683 (1977) (citing Folk & Moyer, Folk & Moyer, Sequestration in Delaware: A Constitutional Analysis, 73 Colum.L.Rev. 749, n.10, at 785 (1973)).

## II.    Post-Judgment Garnishments of Intangibles Still Require Minimum Contacts.

In footnote 36 to Shaffer v. Heitner, the Shaffer Court offered the view that its treatment of post-judgment attachments might be different from its treatment of pre-judgment attachments, stating, in dicta, *Shaffer v. Heitner*. at 210 n. 36, 97 S.Ct. 2569:

> [O]nce it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter. *Id.*

Although a few courts have interpreted that footnote to mean that the International Shoe standard has no application to post-judgment collection proceedings, Professor Laurence noted in his article, Robert Laurence, The Off–Reservation Garnishment of an On–Reservation Debt and Related Issues in the Cross–Boundary Enforcement of Money Judgments, that intangible property, such as wages, presents a situation calling for a more sophisticated analysis:

Henry & DeGraaff, P.S.
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

This statement [footnote 36] is truly the "opinion" of the Court, for it is dicta in the purest sense, where the Court was speculating on the impact of the present decision on a case not then before it. Such speculation, of course, can go awry, as the Court may be thinking of an easy future case, rather than a hard one. In footnote thirty-six, the Court was probably imagining the case of a straightforward execution against tangible personal property, and not an attempt to reach, via garnishment process in one jurisdiction, wages that were earned in another. 22 Am. Indian L.Rev. 355, 369 (1998)(footnote omitted) cited by *Livingston v. Naylor*, 173 Md. App. 488, 515, 920 A.2d 34, 50 (2007).

"When post-judgment process attempts to reach something as intangible as wages payable, the constitutional dimensions of the problem change dramatically, a point that the dicta in footnote 36 missed. Constitutional "fair play and substantial justice" should now be required both for the garnishee—who is the nominal defendant in the garnishment—and the original defendant, who is the real party in interest. That is to say, a garnishment is only proper in a jurisdiction which has the constitutionally minimum contacts with both the garnishee and the defendant."

*Livingston v. Naylor*, 173 Md. App. 488, 516, 920 A.2d 34, 51 (2007).

## III.    There is No Substantial Justice or Constitutional Fair Play In Classifying Bank Deposits as Omnipresent Assets

A case decided after Shaffer v. Heitner makes it clear that the Plaintiff's position regarding that ability of a Washington trial court to attach bank deposits anywhere is constitutionally untenable. *Rush v. Savchuk*, 444 U.S. 320, 320, 100 S. Ct. 571, 573, 62 L. Ed. 2d 516 (1980). In the *Rush* case, Savchuk, then an Indiana resident was injured in an accident in Indiana while riding as a passenger in a car driven by appellant Rush, also an Indiana resident. After moving to Minnesota, Savchuk sued Rush. As Rush had no contacts with Minnesota that would support in personam jurisdiction, appellee attempted to obtain quasi in rem jurisdiction by garnishing the contractual obligation of State Farm to defend and indemnify Rush in connection with such a suit. *id*. State Farm, which does business in Minnesota, had insured the

**Henry & DeGraaff, P.S.**
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

car, owned by Rush's father, under a liability insurance policy issued in Indiana. Id. Rush was

personally served in Indiana. *Id.* State Farm moved to dismiss the complaint for lack of

jurisdiction over the defendant. Ultimately, the Minnesota Supreme Court held that the assertion

of quasi in rem jurisdiction under the Minnesota garnishment statute complied with the due

process standards enunciated in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d

683. The Supreme Court held that the Minnesota court may not constitutionally exercise quasi

in rem jurisdiction over a defendant who has no forum contacts by attaching the contractual

obligation of an insurer licensed to do business in the State to defend and indemnify him in

connection with the suit. *Rush v. Savchuk*, 444 U.S. at 320, 100 S. Ct. 571, 573, 62 L. Ed. 2d

516 (1980),

> To say that "a debt follows the debtor" is simply to say that intangible property
> has no actual situs, and a debt may be sued on wherever there is jurisdiction over
> the debtor. State Farm is "found," in the sense of doing business, in all 50 States
> and the District of Columbia. Under appellee's theory, the "debt" owed to Rush
> would be "present" in each of those jurisdictions simultaneously. It is apparent
> that such a "contact" can have no jurisdictional significance.

*Rush* 444 U.S. at 330, 100 S.Ct. 571.

 Rush sets forth a sound principal reiterated in Miller and Wright. "[P]roperty can be used as a

jurisdictional basis only if it is **physically** within the territory of the state in which the federal

court is sitting." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

1071 (3d ed. 2008)(emphasis added).

   In an Arizona criminal case, the state of Arizona attempted to seize Western Union wires

yet the wires were not coming into nor going out of Arizona. *State v. W. Union Fin. Servs., Inc.*,

220 Ariz. 567, 572, 208 P.3d 218, 223 (2009). Arizona's position was that the property seized

was the "the electronic credits in the Western Union computers, which it characterizes as a debt

from Western Union to the Sonora recipients. This 'debt, was located wherever Western Union

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

was subject to jurisdiction. *Id*. Because Arizona can exercise general jurisdiction over Western Union, Arizona argued concluded that the electronic credits were located in Arizona. Arizona based its argument on the Supreme Court case *Harris v Balk*[2]. *State v. W. Union Fin. Servs., Inc., 220 Ariz. 567, 572, 208 P.3d 218, 223 (2009)*.  However the W. Union Court identified the error; "To the contrary, Rush simply recognized the complete constitutional irrelevance of the Harris fiction to state assertions of quasi in rem jurisdiction. Because the only issue in such a case is whether the party against whom the plaintiff seeks to impose ultimate liability is subject to the in personam jurisdiction of the forum, the situs of intangible property unrelated to a plaintiff's claim has no application whatsoever after Shaffer to the constitutional analysis. Rush thus simply ignored the Harris fiction; it did not approve its use in analyzing in rem jurisdiction . . . . Rather, when the plaintiff proceeds in rem, "the solution must be sought in the general principles governing jurisdiction over persons and property rather than in an attempt to assign a fictional situs to intangibles." Courts must focus on reality, not fiction. *State v. W. Union Fin. Servs., Inc*., 220 Ariz. 567, 574, 208 P.3d 218, 225 (2009) (citations removed).

In *Williamson v. Williamson*,, 247 Ga. 260, 275 S.E.2d 42, a divorced wife who was a resident of Georgia, several years after an Arizona divorce, sought to have the Arizona decree enrolled in Georgia, with a view to collecting unpaid child support due from the husband, who was then serving in the United States Army, stationed in and residing in California. The wife argued that "[the husband's] property is within the state [of Georgia]. 247 Ga. at 261, 275 S.E.2d at 43. The property that the wife contended was located within the state of Georgia was the salary the husband earned for serving in the Army, on the theory that the Army was subject to being garnished in all 50 states, and therefore, any wage obligation it owed to any of its

---

[2] *Harris v. Balk*, 198 U.S. 215, 216, 25 S. Ct. 625, 625, 49 L. Ed. 1023 (1905).

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

employees could be garnished in any state without regard to the location of the employee. The wife argued:

[U]nder 42 U.S.C. § 659(a) the United States has made itself present as a garnishee in this state; that the defendant's paycheck is "constructively" present within the state and, as such, may be garnished even though the paycheck is not issued within the state; and that this paycheck is property on which jurisdiction for this action may be based. 247 Ga. at 263, 275 S.E.2d at 45. The court rejected the contention that the obligation owed by the Army for the husband's salary "is 'property' which is constructively present in every state in the Union." 247 Ga. at 264, 275 S.E.2d at 46. The court concluded that the wife had "not met her burden of showing that the [husband] has any property in this state." *Id*. The Williamson court's analysis was subsequently adopted by the courts in *Polacke v. Superior Court In and For County of Maricopa*, 170 Ariz. 217, 224, 823 P.2d 84, 91 (1991), review denied, 170 Ariz. 217, 823 P.2d 84 (1991), and *Ferguson v. Ferguson*, 634 N.E.2d 506, 509 (Ind.App.1994) [As analyzed in *Livingston v. Naylor*, 173 Md. App. 488, 519–20, 920 A.2d 34, 52–53 (2007)]. Just as the presence of the United States Army in all 50 states was not sufficient to support garnishments of compensation in states having no connection with that compensation, this Court should conclude that Chase Bank's presence in all 50 states is not sufficient to support garnishments of bank deposits in all 50 states having no connection with the judgment debtors that own such bank deposits.

### A.     Jurisdiction Over Garnishee Not Enough

Rush also made it clear that a state may not satisfy itself by considering the contacts of the garnishee and the judgment debtor together as if one party. "Nor may the Minnesota court attribute State Farm's contacts to Rush by considering the "defending parties" together and

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

aggregating their forum contacts in determining whether it has jurisdiction. The parties' relationships with each other may be significant in evaluating their ties to the forum, but the requirements of International Shoe must be met as to each defendant over whom a state court exercises jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 321, 100 S. Ct. 571, 574, 62 L. Ed. 2d 516 (1980).

## IV.  There Was No Legal Basis To Register The Judgment in King County Washington and Thus It Cannot Be Constitutional Under International Shoe

Elizabeth Norwood swore under oath that she believed the Garnishee, whose business address is in King County, Washington, both has control or possession of personal property belonging to the Judgment Debtors and is indebted to the Judgment Debtors. However, based on the Plaintiff's argument that Washington law allows him to garnish a bank anywhere, one must ask if Plaintiff and Norwood could have believed King County, Washington had any connection to the Pontons or if the judgment was registered based on the convenience of the plaintiff and its attorneys. The response in opposition to the TRO does not list one contact the Pontons had with King County, Washington. It would have been easy to register the judgment where the Pontons had minimum contacts. The Full Faith and Credit Clause, after all, makes the valid in personam judgment of one State enforceable in all other States. *Shaffer v. Heitner*, 433 U.S. 186, 210, 97 S. Ct. 2569, 2582–83, 53 L. Ed. 2d 683 (1977).

## V.  The Washington Statute for Writs Directed to a Financial Institution Must Be Strictly Enforced

RCW6.27.080 provides as follows:

Writ directed to financial institution—Form and service.

Henry & DeGraaff, P.S.
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

(1) A writ of garnishment directed to a bank, savings and loan association, or credit union that maintains branch offices shall identify either a particular branch of the financial institution or the financial institution as the garnishee defendant. The head office of a financial institution shall be considered a separate branch for purposes of this section. The statement required by subsection (2) of this section may be incorporated in the writ or served separately.

(2) Service shall be as required by RCW 6.27.110 (1) and (3) and shall be by certified mail, return receipt requested, directed to or by personal service, in the same manner as a summons in a civil action is served, on the manager, cashier, or assistant cashier of the financial institution, except that, if the financial institution, and not a branch, is named as garnishee defendant, service shall be either on the head office or on the place designated by the financial institution for receipt of service of process. There shall be served with the writ, as part of the service, a statement in writing signed by the plaintiff or plaintiff's attorney, stating (a) the defendant's place of residence and business, occupation, trade, or profession, or (b) the defendant's federal tax identification number, or (c) the defendant's account number, if such information is not incorporated in the writ. If the statement is not served with the writ and such information is not included in the writ, the service shall be deemed incomplete and the garnishee shall not be held liable for funds owing to the defendant or property of the defendant in the possession of or under the control of the garnishee defendant that it fails to discover.

(3) A writ naming the financial institution as the garnishee defendant shall be effective only to attach deposits of the defendant in the financial institution[3] and compensation payable for personal services due the defendant from the financial institution. A writ naming a branch as garnishee defendant shall be effective only to attach the deposits, accounts, credits, or other personal property of the defendant (excluding compensation payable for personal services) in the possession or control of the particular branch to which the writ is directed and on which service is made. *A writ of garnishment is effective against property in the possession or control of a financial institution* **only if the writ of garnishment is directed to and names a branch as garnishee defendant**.

The language at the end of the rule is not superfluous. The writ of garnishment must

name of specific branch and that branch can be the head office of the financial of the financial

---

[3] The Plaintiff reads the additional words "any county in the country" and perhaps "anywhere in the world" into the statute. But is that proper statutory construction? No case law supports such broad construction. This type of statutory interpretation without borders would cause conflict of laws among the various states and overturn longstanding principles of sovereign immunity over assets in various countries. *See e.g. In re Est. of Marcos Hum. Rts. Litig.*, No. 97 C 0477, 1997 WL 428544, at *3 (N.D. Ill. July 24, 1997)

HENRY & DeGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

institution. Garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute. *Morris & Co. v. Canadian Bank of Commerce*, 95 Wash. 418, 163 P. 1139 (1917); *Boundary Dam Constructors v. Lawco Contractors, Inc*., 9 Wash.App. 21, 510 P.2d 1176 (1973). Analysis of the relevant provisions relating to the writ of garnishment must begin with the plain language of the statute. *See, e.g., Senate Repub. Campaign Comm. v. Public Disclosure Comm'n*, 133 Wash.2d 229, 241–43, 943 P.2d 1358 (1997). The rules "underscore the principle that the garnishment statute should be strictly construed against the party seeking the remedy and that the statutory methods of enforcement, such as obtaining a judgment or default judgment, must be used. Since garnishment is an extraordinarily harsh remedy, with specific procedures relating to filing, notice, and enforcement, the party seeking the remedy must follow those exclusive methods provided in the statute." *Watkins v. Peterson Enterprises*, *Inc*., 137 Wash. 2d 632, 646, 973 P.2d 1037, 1046–47 (1999).

The Plaintiff swore in his application for the writ; "Judgment Creditor has reason to believe and does believe, that the above- named Garnishee, whose residence and/or business address in King County, Washington [See Doc 7-1 p.3]. In the response to the motion for the TRO, the Plaintiff said that Chase has an office somewhere in King County Washington. [Doc 12 p. 9] "Instead, the application, in compliance with RCW 6.27.060, stated that Chase Bank has a business address in King County, Washington." [Doc 12 p. 9]. The statute is clear that to be effective the writ has to specify a branch and that branch can be the head office. It is clear that the writ prepared by the plaintiff does not mention the head office. Therefore; either the writ doesn't comply at all or the mention of King County, Washington is meant to identify the specific branch where the funds of the judgment debtor are located. Noting that the statute provides; "A writ naming a branch as garnishee defendant shall be effective only to attach the

**HENRY & DeGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

deposits, accounts, credits, or other personal property of the defendant (excluding compensation payable for personal services) in the possession or control of the particular branch to which the writ is directed and on which service is made". So if the writ application says the branch is in King County and the funds were not directly in control of a branch in King County, the writ must fail. And if the writ was not directed at any particular branch including the head office because it does not mention the head office, it also must fail for not complying with the procedures set forth in the statute. Attached as exhibits are applications for writs of garnishment obtained in Washington and this Court will note how the address of the garnishee is specified in these writs of garnishment in strict compliance with the statute. [See Affidavit Exhibits A and B] Note how the application for the writ to Chase Bank by another claimant on Exhibit A to the Affidavit identifies a specific office in Ohio when it wants to be directed to the financial institution, quite different from the Plaintiff's writ which failed in that aspect. Each of the examples list a specific address. Either by specifying the location was within King County, Washington, the Plaintiff's writ is specifically limited the location of deposits to funds specifically within King County according to the plain language of the statue or, by not specifying a specific address at all, the writ fails completely.

Consider another claimant that made a similar broad reading of their state statute and the court's response as follows: "The question is whether the legislature, in requiring the writ to be served in the county where the account is maintained, was referring to counties within the state of Arizona or to counties in other states as well. We conclude that the legislature was referring only to counties in Arizona. Assuming that the legislature had the power to give the law extraterritorial effect, we think it would have said so explicitly if that were its purpose. Statutory enactments are presumed to be confined to operation within the state in the absence of an

HENRY & DeGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

express statement to the contrary. *Farnsworth v. Hubbard*, 78 Ariz. 160, 168, 277 P.2d 252, 260 (1954). *Desert Wide Cabling & Installation, Inc. v. Wells Fargo & Co.*, 191 Ariz. 516, 517, 958 P.2d 457, 458 (Ct. App. 1998), as corrected (June 23, 1998).

Plaintiff's attorney Elizabeth Hebener Norwood who made that oath on February 10, 2022 to the Court and the following day informed Chase that the Defendant's bank account was located in New Jersey specifically "depository accounts may include ones located at the Chase Bank located at 3373 US Hwy 1, Lawrence NJ 08648". [See Doc 7-1 p. 4].   Reconciling that transaction under International Shoe, we come back to the question of is it fair play, to know a defendant has no contact in Washington, probably opened an account in NJ, lives in Alabama and with that knowledge, register a judgment in King County, Washington, and swear under oath that you believe the judgment debtor has assets there based on fiction.  Has that become the state of the constitution?  The answer is a resounding no under *Shaffer v Heitner* and *Rush v. Savchuk*, 444 U.S. 320, 321, 100 S. Ct. 571, 574, 62 L. Ed. 2d 516 (1980).

## VI.   Washington's Procedure For a Name Confusion Is Relevant on the Legislature's Intent

RCW 6.27.290 sets out a procedure for a garnishee to follow if it is in possession of property belonging to a person with a similar name. The garnishee has to inform the plaintiff and the court of the conflict as follows: "Before the hearing on the question of identity, the plaintiff shall cause the court to issue a citation directed to the person identified in the garnishee's answer, commanding that person to appear before the court from which the citation is issued within ten days after the service of the same, and to answer on oath whether or not he or she is the same person as the defendant in said action. The citation shall be dated and attested in the same manner as a writ of garnishment and be delivered to the plaintiff or the plaintiff's

**Henry & DeGraaff, P.S.**
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

attorney and shall be served in the same manner as a summons in a civil action is served." This procedure of Washington statute only works if the statute is premised on the deposits being located within the jurisdiction of the state where the writ of garnishment is filed. If the deposits can be located anywhere, a person with a similar name could possibly be in Hawaii. That person in Hawaii would then be called by citation before the trial court in Washington state to testify as to whether his or her Hawaii deposit account was subject to garnishment or not with not one contact within Washington state. That would not comport with the constitutional limits for jurisdiction set forth by the Supreme Court in International Shoe. *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,* 326 U.S. 310, 319, 66 S. Ct. 154, 160, 90 L. Ed. 95 (1945). One cannot presume without more that the legislature wrote RCW 6.27.290 with the intention of giving RCW 6.27 extraterritorial effect.

Certainly, the crux of the Pontons' arguments is based on the lack of jurisdiction. But to preserve their technical and procedural rights, in a case such as this where the Plaintiff claims there is a scrivener's error in the original judgment but no scrivener's error in the writ of garnishment itself, there is no civil rule of procedure that gives this court or the King County court the power to amend the writ of garnishment or to accept a facially invalid writ. If this court or the King County court had made a clerical error, Rule 60 of the federal rules or of the Washington civil rules could allow either court to amend the writ; however that is not the case. The Plaintiff made an *ex parte* Rule 60 motion in the Eastern District of Washington to have the Judgment corrected and obtained a revised judgment. The Plaintiff has not pointed to a rule of law or a case that allows it to substitute a revised judgment to an existing writ of garnishment that in itself had no scrivener's error but mirrored the words of the judgment as it existed at the time the writ was issued.

**Henry & DeGraaff, P.S.**
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

### VII. Plaintiff's Interpretation of RCW 6.27.080 Violates the Constitution And There is No Case Law Support for Plaintiff's Interpretation.

If Plaintiff's understanding of RCW 6.27.080 is correct, the law is unconstitutional. However, if the general rule in Washington is that the situs of intangible assets is the domicile of the owner, then Plaintiff's position is unsustainable even under Washington law. *See In re Lyons' Est.*, 175 Wash. 115, 26 P.2d 615 (1933). An analysis of In re Lyon's Est will make it clear that this rule is not just applicable to estates in Washington but it is the general rule. *id; But see also Neufelder v. German-Am. Ins. Co.*, 6 Wash. 336, 341, 33 P. 870, 872 (1893) (Although the situs of intangible personal property may be at the domicile of the creditor for the purpose of taxation or distribution, yet for the purpose of collecting a debt is ambulatory, and accompanies the person of the debtor; *See also. Macatawa Bank v. Wipperfurth*, 294 Mich.App. 617, 822 N.W.2d 237 (2011).

*Macatawa Bank v. Wipperfurth* is instructive and may provide the key. Id. In Wipperfurth, the judgment debtors moved from Michigan to Florida. Id. The judgment creditors obtained a judgment against debtors and filed a garnishment in Kent County, Michigan against Ameritrade IRA accounts of the judgment debtors. Id. The parties agreed that Ameritrade was subject to jurisdiction in Michigan. Id at 619. Michigan law allowed personal property to be garnished if within the bounds of the state. Id. Relying on an estate case, the Court found that "the longstanding rule in Michigan is that "the situs of intangible assets is the domicile of the owner unless fixed by some positive law." *Rapoport's Estate*, 317 Mich. at 301, 26 N.W.2d 777. The Rapoport plaintiff argued that Rapoport's Estate was distinguishable because it dealt with the distribution of property upon death, rather than garnishment; however, the Michigan court found that the case decided by the Michigan Supreme Court was the general rule and

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

applied to more than estate law specifically rejecting a lower federal court decision that bank funds are located wherever they are available for withdrawal.  Id. at 620-21. "[R]reliance on the fact that the bank accounts at issue were available for withdrawal at any of the bank's branches does not provide a basis for us to overrule Rapoport's Estate. Indeed, though it may now be easier to access bank accounts from various states, the decision in Rapoport's Estate [1928] does not predate this system. Plaintiff has not cited a case or statute that altered the general rule set forth in Rapoport's Estate, and we are bound by that Supreme Court precedent. Accordingly, the IRAs are not located in Michigan and may not be garnished by a Michigan court." *Macatawa Bank v. Wipperfurth*, 294 Mich. App. 617, 621, 822 N.W.2d 237, 239 (2011).

Washington law would appear to be similar to Michigan law. In *In re Lyon's estate*, the court held that money on deposit in a Washington bank and evidenced by savings bank deposit book in possession of decedent who died domiciled in Alaska, intestate and without heirs, was not subject to escheat to state of Washington because it was considered located in Alaska where the owner was domiciled. 175 Wash. 115, 26 P.2d 615 (1933) "To call debts property of the debtors, is simply to misuse terms. All the property there can be in the nature of things, in debts of corporations, belongs to the creditors, to whom they are payable, and follows their domicil, wherever that may be. Their debts can have no locality separate from the parties to whom they are due. This principle might be stated in many different ways, and supported by citations in numerous adjudications, but no number of authorities and no forms of expression could add anything to its obvious truth . . . There has since been no deviation, and that rule, as laid down in 1872 and thus reaffirmed in 1930, we consider to be the established law." *In re Lyons' Est.*, 175 Wash. 115, 122, 26 P.2d 615, 618 (1933).  The Washington Supreme Court quoted the Supreme Court, and is clearly talking beyond estate law as it refers to the debts of corporations

**Henry & DeGraaff, P.S.**
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

and individuals being intangible assets that follow the owner. Washington has its own long arm

statute that requires personal property to be within its borders.

Washington's Long Arm Statute

> 4.28.185. Personal service out-of-state--**Acts submitting person to jurisdiction of court.**
> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
> (a) The transaction of any business within this state;
> (b) The commission of a tortious act within this state;
> (c) *The ownership, use, or possession of any property whether real or personal situated in this state*;
> (d) Contracting to insure any person, property, or risk located within this state at the time of contracting;
> (e) The act of sexual intercourse within this state with respect to which a child may have been conceived;
> (f) Living in a marital relationship within this state notwithstanding subsequent departure from this state, as to all proceedings authorized by chapter 26.09 RCW, so long as the petitioning party has continued to reside in this state or has continued to be a member of the armed forces stationed in this state.

Wash. Rev. Code Ann. § 4.28.185 (West) (emphasis added)

Similar to the Rapoport plaintiff, the Plaintiff here argues Chase's deposits are located

wherever Chase is located. The Plaintiff's position effectively eviscerates the domestication of

foreign judgment statutes. The proper place to pursue collection remedies would appear to be

clear – Alabama -- otherwise there was no need for the Full Faith and Credit clause or–a course

of action available to Plaintiff under federal law pursuant to 28 U.S.C. § 1963. Thanks to the

Uniform Enforcement of Judgments Act accepted in Alabama, it would have been just as easy

for the Plaintiff to register the judgment in Alabama and obtain a writ of garnishment there. It

would have just required that the Plaintiff use local Alabama attorneys instead of forcing the

Defendant to hire a local Washington attorney.

**Henry & DeGraaff, P.S.**
113 Cherry St., PMB 58364
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

## VIII.  The Defendants Request Attorney's Fees and Costs if They Prevail

RCW 6.27.230 provides; "Where the answer is controverted, the costs of the proceeding, including a reasonable compensation for attorney's fees, shall be awarded to the prevailing party." If this Court determines that jurisdiction is lacking or that the writ should be quashed, attorneys fees and costs should be awarded to the defendants.

## CONCLUSION

The Defendants request that the Court quash the writ of garnishment, dismiss this action for lack of jurisdiction, and award them attorney fees and costs incurred in controverting the Answer to the writ of garnishment pursuant to RCW 6.27.230.


Dated March 28, 2022,                    Respectfully submitted,

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
113 Cherry St, PMB 58364
Seattle, WA 98104
Tel: 206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

/s/ Venus Y Springs
Venus Y. Springs
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice*

*Attorneys for Defendants*

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

CERTIFICATE OF SERVICE


I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to my co-counsel, Christina Henry and to the following attorneys for the plaintiff:

Elizabeth Hebener Norwood at elizabether@gnlawseattle.com

Matthew Green at matt@gnlawseattle.com

Matthew Daley at mwd@witherspoonkelley.com

Shelley N. Ripley at snr@witherspoonkelley.com

Dated March 28, 2022.

/s/ Venus Y Springs
Venus Y. Springs
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice*

HENRY & DeGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609