1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHELLEY N. RIPLEY, WSBA #28901
MATTHEW W. DALEY, WSBA # 36711
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington  99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
snr@witherspoonkelley.com
mwd@witherspoonkelley.com
*Counsel for the Plaintiff*

Honorable Ricardo S. Martinez

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

BRUCE P. KRIEGMAN, solely in his capacity
as court-appointed Chapter 11 trustee for LLS
America, LLC,

      Plaintiff,

v.

RONALD PONTON and TOMIKA PONTON,

      Defendants.

Case No.  2:22-CV-00307

RESPONSE TO MOTION TO QUASH
WRIT OF GARNISHMENT, DISMISS
ACTION FOR ATTORNEY FEES &
COSTS

Note for Motion Calendar April 22, 2022

ORAL ARGUMENT REQUESTED

## I.  INTRODUCTION, NATURE OF THE MOTION & RELIEF REQUESTED

      This garnishment proceeding arises in connection with a much-publicized Ponzi scheme

that was litigated in connection with LLS America, LLC's ("LLS") Chapter 11 bankruptcy.  LLS

through its owner, Doris Nelson, claimed to solicit money from "investors" to fund high interest

"payday" loans.  However, "investor" money was primarily used to pay returns to earlier

"investors."

RESPONSE TO MOTION TO QUASH
WRIT . . . : 1

1   Mr. & Mrs. Ponton were named as defendants in an adversary proceeding (in connection
2   with the LLS bankruptcy) to recover fraudulent transfers from LLS to Mr. & Mrs. Ponton.  Mr.
3   & Mrs. Ponton appeared and answered that adversary proceeding.  Ultimately, however, Mr. &
4   Mrs. Ponton failed to appear for the scheduled trial, and on June 16, 2015, the Honorable
5   Rosanna Malouf Peterson of the United States District Court, Eastern District of Washington,
6   entered a $120,670.59 judgment against Mr. & Mrs. Ponton ("the Ponton Judgment").
7
8   Mr. & Mrs. Ponton did not challenge the Court's jurisdiction over them in that adversary
9   proceeding.  Nor did Mr. & Mrs. Ponton appeal the Ponton Judgment, in any respect. The Court's
10  findings of fact and conclusions of law are, therefore, verities.
11
12  This garnishment proceeding seeks to enforce the Ponton Judgment.  Bruce P. Kriegman,
13  solely in his capacity as the court-appointed Chapter 11 trustee for LLS ("the Trustee"),
14  domesticated the judgment in the Superior Court for King County, Washington.  Thereafter, the
15  Trustee issued a writ of garnishment for all accounts held by JP Morgan Chase Bank, N.A.
16  ("Chase Bank").  It is undisputed that the writ was properly served on Chase Bank (the garnishee
17  defendant).
18
19  Mr. & Mrs. Ponton are now asking the Court to quash the writ, dismiss this garnishment
20  proceeding, and to award the Pontons' costs and fees.  See ECF 18 ("Motion").  Mr & Mrs.
21  Ponton's primary argument is to attack personal jurisdiction, but the Pontons also attack the
22  validity of Chase Bank's garnishment answer.  Mr. & Mrs. Ponton's Motion suffers from a
23  number of fatal flaws, that each requires the Motion to be denied, and taken together those flaws
24  highlight the impropriety of the Motion.
25
26
27
28

RESPONSE TO MOTION TO QUASH
WRIT . . . : 2

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

**A.      MR. & MRS. PONTON'S MOTION MUST BE DENIED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.**

As a preliminary matter, Mr. & Mrs. Ponton removed this garnishment to the Western District of Washington despite the fact that there is less than $60,000 at issue.  The Trustee has a pending motion to remand this matter to King County Superior Court (ECF 11).  As demonstrated by that motion, the Court lacks subject matter jurisdiction over this matter, and the matter must be remanded to the state court.

**B.      CHASE BANK IS THE ONLY PERSON/ENTITY OVER WHOM PERSONAL JURISDICTION IS NECESSARY, AND THAT JURISDICTION IS UNDENIABLE.**

Substantively, Mr. & Mrs. Ponton's Motion fundamentally misconstrues the jurisdictional requirements for a garnishment proceeding.  Garnishments are ancillary proceedings aimed at a person or entity who is alleged to hold property belonging to the judgment-debtor – that person or entity is known as the "Garnishee Defendant."  And in this case, Chase Bank is the Garnishee Defendant.  There can be no reasonable dispute or doubt that Chase Bank has sufficient minimum contacts with the State of Washington to justify general long-arm jurisdiction.

**C.      THOUGH IT IS NOT NECESSARY, PERSONAL JURISDICTION EXISTS OVER MR. & MRS. PONTON.**

Even if we momentarily credit Mr. & Mrs. Ponton's incorrect assertion that personal jurisdiction over them is necessary for this garnishment to proceed, undisputed facts and verities of law establish that Mr. & Mrs. Ponton voluntarily subjected themselves to personal jurisdiction in the State and Federal Courts situated within Washington State.  Firstly, on May 12, 2015, the United States District Court for the Eastern District of Washington entered findings of fact and conclusions of law confirming that the Court enjoyed personal jurisdiction over Mr. & Mrs. Ponton.  ECF 13-6, p. 16.  That finding & conclusion was not challenged on appeal and is now

RESPONSE TO MOTION TO QUASH
WRIT . . . : 3

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

an unimpeachable verity.  Secondly, it is undisputed that Mr. & Mrs. Ponton subjected themselves to the Court's jurisdiction by submitting a proof of claim in the LLS bankruptcy.

Furthermore, even had Mr. & Mrs. Ponton not voluntarily subjected themselves to personal jurisdiction within the State of Washington, there are more than sufficient minimum contacts to support the Court's exercise of jurisdiction.  The United States District Court for the Eastern District of Washington has already determined that Mr. & Mrs. Ponton directly invested funds into a Ponzi scheme operating within Washington State.  The Court also determined that Mr. & Mrs. Ponton received Ponzi scheme funds from within Washington State.  And, again, Mr. & Mrs. Ponton purposefully availed themselves of remedies in Washington's Courts.  There are sufficient contacts for the Court to exercise personal jurisdiction (at least on a specific basis) over Mr. & Mrs. Ponton in connection with this garnishment proceeding.

D.    MR. & MRS. PONTON'S OTHER ARGUMENTS ARE EQUALLY UNAVAILING.

Mr. and Mrs. Ponton also attack the Ponton Judgment based upon a scrivener's error and attack this garnishment proceeding based upon claimed deficiencies in Chase Bank's answer. Neither argument is germane to this garnishment.  The judgment's scrivener's error has been corrected, on a *nunc pro tunc* basis, any purported defect in the judgment is, therefore, legally irrelevant.  The same is true with respect to any alleged deficiency in Chase Bank's answer; no issue, error, or problem in Chase Bank's answer can indict the underlying validity of this garnishment proceeding.[1]

---

[1] Moreover, Mr. & Mrs. Ponton failed to properly controvert Chase Bank's garnishment answer as required by RCW 6.27.210, and the time for doing so has now expired.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 4

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

The Court lacks subject matter jurisdiction but enjoys personal jurisdiction.  Mr. & Mrs. Ponton's Motion is without support in the record, and the Motion is contrary to the law.  The Trustee, therefore, respectfully asks the Court to deny Mr. & Mrs. Ponton's Motion.

## II.  FACTUAL BACKGROUND[2]

**A.    MR. & MRS. PONTON FILED A PROOF OF CLAIM IN THE LLS BANKRUPTCY, PARTICIPATED IN AN ADVERSARY PROCEEDING, AND DID NOT CHALLENGE JURISDICTION.**

1.      The Ponton Judgment arose in the context of LLS' Chapter 11 bankruptcy proceeding, which began in 2009.  *See* ECF 13, ¶ 2.

2.      In that bankruptcy proceeding, the United States District Court for the Eastern District of Washington determined that LLS (along with affiliated companies) operated a Ponzi scheme that raised more than $137 million and defrauded more than 500 "lenders" or "investors." The scheme involved using the money from later "investors" to pay returns to earlier "investors." *Id.*

3.      Contrary to their assertion that they have no connection to the State of Washington, Mr. & Mrs. Ponton participated in a Ponzi scheme in the State of Washington. They were among a group of "lenders" that profited from the losses of later lenders in the Ponzi scheme – this was the basis for the Trustee's successful adversary claim. *Id.* ¶ 3.

---

[2] Many, but not all, of the facts set forth in this section are also contained in the Plaintiff's Response to Mr. & Mrs. Ponton's Motion for Temporary Restraining Order, ECF 12, the Declaration of Shelley N. Ripley in support thereof, ECF 13, and the Trustee's Motion to Remand Case to King County Superior Court, ECF 11. The Factual Background herein set forth pleadings that are relevant to the current response.  The Trustee apologizes for the necessary duplication.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 5

4.      Mr. & Mrs. Ponton had considerable contacts with Washington as participants in the LLS Ponzi scheme; this is well-illustrated by the fact that Mr. & Mrs. Ponton voluntarily filed a proof of claim in the LLS bankruptcy.  *Id*. ¶ 4, Exhibit B.  In that proof of claim, Mr. & Mrs. Ponton admitted that they:

      a.   sent their first "investment" to a company in Washington State,

      b.   wired money to a company located in Washington State,

      c.   received payment detail summary statements from Washington State, and

      d.   received post-dated checks from a company in Washington State.

ECF 13, Exhibit B, pp. 1-2, 4-5, 7-8, 10-14.

5.      That proof of claim was filed on November 20, 2009.  ECF 13, Exhibit B.

6.      On July 16, 2011, the Trustee filed an adversarial action against Mr. and Mrs. Ponton to recover approximately $120,000 in fraudulent transfers related to the Pontons' participation in the LLS Ponzi scheme.  ECF 13, ¶ 3, Exhibit A.

7.      On September 1, 2011, Mr. & Mrs. Ponton filed an answer in that adversary proceeding. ECF 13,  ¶ 5, Exhibit C.[3]  Notably, that answer did **not challenge personal jurisdiction**.  *Id*.

**B.    THE EASTERN DISTRICT OF WASHINGTON EXAMINED AND ADDRESSED JURISDICTIONAL CHALLENGES SIMILAR TO THE PONTONS' PRESENT CHALLENGE IN CONNECTION WITH THE LLS BANKRUPTCY.**

---

[3] After Mr. & Mrs. Ponton answered the adversary proceeding, the bankruptcy reference was removed and the matter was transferred to U.S. District Court for the Eastern District of Washington, before the Honorable Rosanna Malouf Peterson.  ECF 13, ¶ 6, Exhibit D. Thereafter, Mr. & Mrs. Ponton's adversary pleading was consolidated into District Court Case No. 12-CV-668-RMP.  ECF 13, ¶ 7, Exhibit E.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 6

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

8.      Some of the adversary defendants in the LLS bankruptcy challenged personal jurisdiction, making arguments much like those that the Pontons are currently making.  On July 7, 2012, the Eastern District of Washington's Bankruptcy Court, issued a "Memorandum Decision" in the LLS Bankruptcy that addressed such personal jurisdictional challenges ("the Jurisdiction Order").  Declaration of Matthew W. Daley, filed herewith ("Daley Dec."), ¶ 3, Exhibits A & B.

9.      By the Jurisdiction Order, the Eastern District of Washington found that the act of filing a proof of claim is consent to jurisdiction of the Bankruptcy Court, and the act of seeking affirmative relief in the adversary proceeding constitutes further consent to personal jurisdiction. *Id*. at ¶ 3, Exhibit A, pp. 8-11.

10.      The Court also found that filing a proof of claim, investing in the Ponzi scheme located in Spokane, Washington, receiving monies from the Ponzi scheme located in Spokane, Washington, and receiving communications from the Ponzi scheme located in Spokane, Washington, constituted sufficient minimum contacts to exercise personal jurisdiction.  *Id*. at ¶ 3, Exhibit A, pp. 5-8.

11.      Mr. and Mrs. Ponton were fully aware of the adversary proceeding.  Counsel for the Trustee communicated with Mr. Ponton during discovery.  Mr. Ponton was very clear that he was not going to respond to discovery and "didn't care".  Declaration of Daniel J. Gibbons, filed herewith ("Gibbons Dec."), ¶ 2, Exhibits A & B. As a result, a discovery sanction was entered against him. Gibbons Dec., ¶ 5, Exhibit E.

12.      Later in the LLS proceedings, the Eastern District of Washington entered findings of fact and conclusions of law in the Pontons' adversary proceeding.  ECF 13, ¶ 9, Exhibit F. Specifically, the Court found:

RESPONSE TO MOTION TO QUASH
WRIT . . . : 7

a. That the debtor (an LLS affiliate) operated a Ponzi scheme (ECF 13, ¶ 9, Exhibit F, ¶ 2 at p. 4),

b. The defendants (including Mr. & Mrs. Ponton) were lenders who received payments from the debtor (*Id*. at p. 4, ¶ 6),

c. The Ponton promissory note was executed in Spokane (*Id*. at p. 4, ¶ 8),

d. The defendants (including Mr. & Mrs. Ponton) received interest and principal payments from the debtors, and the defendants were "net winners" (*Id*. at p. 6, ¶¶ 17-18),

e. The defendants (including Mr. & Mrs. Ponton) were promised high rates of return from the debtor (*Id*. at p. 6, ¶ 19),

f. Mr. & Mrs. Ponton did not participate at trial and offered no evidence or argument in support of the defense of good faith (*Id*. at p. 13, ¶ d),

g. Review of the evidence against Mr. & Mrs. Ponton does not support a finding that Mr. & Mrs. Ponton could satisfy the objective standard of good faith (*Id*.),

h. Mr. & Mrs. Ponton received transfers from the debtor in the amount of $117,411 "with actual fraudulent intent and in furtherance of a Ponzi scheme" (*Id*. at pp. 15-16, ¶¶ 28-29), and

i. Mr. & Mrs. Ponton submitted a proof of claim (viz., Claim No. 567) in connection with the LLS bankruptcy (*Id*. at p. 16, ¶ 30).

13.     Those findings of fact were made on May 12, 2015, and **none of those findings of fact were challenged on appeal**.  *See generally* ECF 13, Exhibit F; Daley Dec., ¶ 4.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14.      At the same time, the Eastern District of Washington made a number of conclusions of law that are relevant to Mr. & Mrs. Ponton's Motion.  *See* ECF 13, Exhibit F. Specifically, the Court concluded that:

a.  The Court had jurisdiction over the defendants (including Mr. & Mrs. Ponton) (*Id*. at p. 16, ¶ 2),

b.  Transfers made in furtherance of a Ponzi scheme constitute actual fraud under State and Federal law (*Id*. at pp. 16-17, ¶ 5),

c.  Under State and Federal fraudulent transfer principles, payments received from the debtor are recoverable from each of the defendants (including Mr. & Mrs. Ponton) (*Id*. at p. 19, ¶ 13),

d.  All transfers to the defendants (including Mr. & Mrs. Ponton) were made with actual fraudulent intent and in furtherance of a Ponzi scheme (*Id*. at p. 19, ¶ 15),

e.  Mr. & Mrs. Ponton failed to meet their burden to establish good faith and are, therefore, required to return the entire amount of transfers that they received (*Id*. at p. 19, ¶ 16),

f.  The Trustee is entitled to prejudgment interest from July 21, 2009, when the bankruptcy case commenced (*Id*. at p. 21, ¶ 20),

g.  The Trustee is entitled to and is granted a judgment for the benefit of the Liquidating Trust of Debtor against Ronald Ponton, Sr. and Tomika Ponton in the amount of $117,411, plus prejudgment interest and post-judgment interest (*Id*. at p. 22, ¶ 23), and

h.  All of the defendants' proof of claim (including the Pontons') are disallowed (*Id*. at p. 24, ¶ 29).

RESPONSE TO MOTION TO QUASH
WRIT . . . : 9

15.     Again, those conclusions were entered on May 12, 2015, and **none of those conclusions were challenged on appeal**.  *See generally* ECF 13, Exhibit F; Daley Dec., ¶ 4.

16.     In accord with those findings and conclusions, the District Court entered judgment against Mr. & Mrs. Ponton.  That judgment was entered on June 16, 2015.  ECF 13, ¶ 11, Exhibit G.

## C.     THE DISTRICT COURT RECTIFIED THE SCRIVENER'S ERROR IN THE PONTON JUDGMENT ON MARCH 22, 2022.

17.     As the Court is aware, the June 16, 2015 judgment (*viz.*, the Ponton Judgment) contained a typographical error by which Mr. Ponton is incorrectly identified as: "Ronald Ponton Jr." ECF 13, Exhibit G.  The judgment should have reflected that Mr. Ponton was a "Sr."

18.     The Trustee filed an *Ex Parte* Motion to Correct Judgment *Nunc Pro Tunc* to June 16, 2015, requesting that the Eastern Washington District Court rectify the scrivener's error pursuant to FRCP 60(a). On March 22, 2022, the United States District Court for the Eastern District of Washington granted the motion and corrected the scrivener's error in the Ponton Judgment nunc pro tunc.  ECF 19.

## D.     THE PONTON JUDGMENT WAS DOMESTICATED IN KING COUNTY, AND THIS GARNISHMENT PROCEEDING FOLLOWED.

19.     On January 28, 2022, the Trustee filed a notice of filing foreign judgment in the King County Superior Court, under Case No. 22-2-01515-2 SEA.  *See* ECF 1, Exhibit A.  Mr. & Mrs. Ponton were timely served but submitted no objection.  ECF 13, ¶ 12, Exhibit H.

20.     On February 10, 2022, the Trustee filed an application for writ of garnishment stating "the Judgment Debtors Ronald and Tomika Ponton" were indebted to the Trustee and that Chase Bank (the "Garnishee") was indebted to Mr. & Mrs. Ponton "in amounts exceeding those exempted from garnishment by any state or federal law."  *See* ECF 1, Exhibit B.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 10

21.     The King County Superior Court Clerk issued a writ of garnishment that was served on Chase Bank.  ECF 13, ¶ 13, Exhibit I.

22.     The Trustee's communications with Chase Bank identified Mr. & Mrs. Ponton by: (i) name; (ii) date of birth; and (iii) social security number judgment.  *See* ECF 7, Exhibit A, pp. A001-A003.

23.     Mr. & Mrs. Ponton do not deny that the dates of birth and social security numbers provided by the Trustee correctly identify them.

24.     Pursuant to the writ of garnishment, Chase Bank properly froze three accounts: a sole proprietor account, a checking account and a savings account, all in the name of Ronald Ponton.  *See Id*. at ¶ 4.

25.     The total amount being held by Chase Bank under the writ of garnishment is $58,448.88.  *See Id*. at ¶¶ 4-5.

**E.     MR. & MRS. PONTON ATTEMPT TO EVADE THE GARNISHMENT BY FILING A MOTION FOR A TEMPORARY RESTRAINING ORDER THAT WAS DENIED.**

26.     On March 17, 2022, Mr. & Mrs. Ponton filed an emergency motion for temporary restraining order requesting this Court to enter an order prohibiting further enforcement of the Ponton Judgment and returning the funds held by Chase Bank to Mr. & Mrs. Ponton (the "TRO Motion").  ECF 6.

27.     The TRO Motion asserted, like here, lack of jurisdiction, and that the garnishment was improper based, in part, upon the scrivener's error. *Id.*

28.     This Court denied Mr. & Mrs. Ponton's TRO Motion, in part, on the basis that Mr. & Mrs. Ponton did not show a likeliness of success on the merits.  ECF 15.

29.     Thereafter , Mr. & Mrs. Ponton filed the current Motion.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 11

# III.  ARGUMENT[4]

**A.   THIS IS AN ANCILLARY GARNISHMENT PROCEEDING AGAINST CHASE BANK; THE PROCEEDING DOES NOT REQUIRE PERSONAL JURISDICTION OVER MR. & MRS. PONTON.**

RCW 6.27 *et. seq.*, Washington's garnishment act, outlines mandatory procedures for issuance and enforcement of garnishment writs.  The garnishment procedures "benefit the state and the business community as creditors."  RCW 6.27.005.  "The purpose of the garnishment statute, as stated in RCW 6.27.005, is to enforce the obligations of debtors."  *Watkins v. Peterson Enterprise, Inc.*, 137 Wn.2d 632, 638 (1999) (*citing* RCW 6.27.005).  "The garnishment proceeding is adversarial in the sense that a creditor take action *against a garnishee*, but only to satisfy an underlying claim against a debtor."  *Id.* at 639 (emphasis added) (citation omitted).  "The 'administrative burden' on a garnishee refers to the adversarial nature of the garnishment proceeding, which is essentially an *ancillary action* to the principal suit between a creditor and a debtor." [5]  *Id.* (emphasis added) (citation omitted); *see also Bour v. Johnson*, 80 Wash.App. 643, 910 P.2d 548 (1996) (garnishment action is not an original action, as it is *ancillary* and dependent upon a principal action between debtor and creditor).  If successful, a *judgment against the garnishee* in favor of the creditor will be entered, RCW 6.27.250(1)(a), and execution may be issued on the judgment *against the garnishee* in the same manner as any other judgment.  RCW 6.27.260.

---

[4] As noted at the outset, the Court's lack of subject matter jurisdiction renders all other issues moot.  Rather than reiterate those jurisdictional issues herein, the Trustee respectfully incorporates its Motion for Remand by this reference.  *See* ECF 11.

[5] "Ancillary" is defined as "subordinate, subsidiary" and "auxiliary, supplementary."  https://www.merriam-webster.com/dictionary/ancillary

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

RCW 6.27.080 allows a judgment creditor to make an election: the creditor may either (i) name a particular branch of a financial institution or (ii) name the financial institution in a garnishment proceeding. If the financial institution is named, the writ of garnishment shall be effective to attach deposits (**wherever located**) and compensation payable for personal services due the defendant from the financial institution. RCW 6.27.080.  On the other hand, if a writ of garnishment names a single branch as garnishee defendant, then the writ shall be effective only to attach the deposits, accounts, credits, or other personal property that is in possession or control of that particular branch. RCW 6.27.080.  This is an important distinction for the creditor.  If the creditor seeks only accounts, then the creditor may name the institution generally; however, if the creditor seeks to garnish property held in safe-deposit (e.g. precious metals, jewelry, bearer bonds, or negotiable instruments) the creditor must specifically identify the relevant branch. Washington's garnishment act, therefore, empowers a judgment creditor to garnish all accounts held by a financial institution, regardless of the judgment debtor's location – **so long as the judgment creditor serves the financial institution as required by RCW 6.27.110 and RCW 6.27.080.**

Chase Bank (not Mr. & Mrs. Ponton) is the garnishee defendant in this action.  The writ is directed to Chase Bank.  Chase Bank undeniably does business in King County, and the King County Superior Court undeniably has jurisdiction over Chase Bank.  The Clerk of the Court properly issued a writ to Chase Bank (as an institution), rather than targeting any specific branch with the writ.  By naming the financial institution, the writ attached to deposits held by Chase Bank, without regard to where Mr. & Ponton were located and without regard to from where Mr. & Mrs. Ponton accessed their Chase Bank accounts.

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

Mr. & Mrs. Ponton ask for the garnishment to be quashed and the proceeding dismissed because "neither…has any connection with the state of Washington," and Mr. & Mrs. Ponton "did not participate in a Ponzi Scheme in the State of Washington."  ECF 18 at 5. *See also* ECF 18 at 15 ("Certainly, the Crux of the Pontons' arguments is based on the lack of jurisdiction.").[6]

As a preliminary matter, the Eastern District of Washington has found that Mr. & Mrs. Ponton participated in a Ponzi scheme in Spokane, Washington.  *See* ECF 13, Exhibit F. Specifically, the Court found that Mr. & Mrs. Ponton received transfers from an LLS affiliate in the amount of $117,411 "with actual fraudulent intent and in furtherance of a Ponzi scheme."  *Id*. at pp. 15-16, ¶¶ 28-29.  That finding was not challenged on appeal and is now an unimpeachable verity. *Mills v. W. Washington Univ.*, 170 Wash.2d 903, 906, fn. 1, 246 P.3d 1254, 1256 (2011) (citation omitted) ("Unchallenged findings of fact are treated as verities on appeal."); *Lewis v. Haynes*, C19-5018-BHS-TLF, 2020 WL 5238693, at *7 (W.D. Wash. June 30, 2020), *report and recommendation adopted*, C19-5018 BHS, 2020 WL 5231386 (W.D. Wash. Sept. 2, 2020) ("Unchallenged findings of fact are verities on appeal.").

More fundamentally, nothing in Washington's garnishment act (RCW Ch. 6.27) required the Trustee to establish personal jurisdiction over Mr. & Mrs. Ponton in this garnishment proceeding **against Chase Bank**.  *See* RCW 6.27.060, RCW 6.27.080.  Furthermore, RCW 6.27.210 sets forth the limited grounds by which Mr. & Mrs. Ponton may controvert Chase Bank's answer, and a purported lack of personal jurisdiction over the debtor is not a basis to controvert a garnishment answer.  RCW 6.27.210.  Moreover, the only limitation on venue for

---

[6] Mr. & Mrs. Ponton cite to no binding authority in their Motion mandating that the Trustee register the judgment in Alabama and obtain a writ of garnishment there.  Nor can they.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 14

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1    seeking a writ of garnishment is set forth in RCW 6.27.040, and it only applies to the state of

2    Washington, all counties, cities, towns, school districts and other municipal corporations.  RCW

3    6.27.040.

4        The Trustee fully complied with Washington's garnishment act.  The act simply requires

5    that the Garnishee Defendant (Chase Bank) be subject to personal jurisdiction, and Chase Bank

6    is undeniably subject to personal jurisdiction within the Western District of Washington.

7

8    **B.    THOUGH IT IS NOT NECESSARY, THE COURT ENJOYS PERSONAL JURISDICTION OVER
         MR. & MRS. PONTON.**

9

10       ***1.    Mr. & Mrs. Ponton Consented to Personal Jurisdiction of the Bankruptcy
                 Court and District Court for the Eastern District of Washington.***

11

12       Mr. & Mrs. Ponton submitted themselves to the Eastern District of Washington's

13   jurisdiction by filing a proof of claim and by participating in an adversary proceeding.

14       Courts recognize that filing of a proof of claim constitutes a bankruptcy creditor's implicit

15   consent to the bankruptcy's court's jurisdiction over the resolution of that claim.  Both the Ninth

16   Circuit Bankruptcy Appellate Panel and the Ninth Circuit Court of Appeals have held that a

17   creditor consents to jurisdiction over related claims by filing a proof of claim with the

18   Bankruptcy Court.  *In re P&P Holdings Corp.*, 184 B.R. 805, 806 (B.AP. 9th Cir. 1995) and *In*

19   *re P&P Holdings Corp.*, 99 F.3d 910 (9th Cir.1996) (both court's holding that a Canadian

20   company consented to the jurisdiction of the bankruptcy court regarding a preference claim

21

22   against it by filing a proof of claim).

23       Mr. & Mrs. Ponton voluntarily submitted themselves to the jurisdiction of the

24

25   Washington Bankruptcy Court when they filed a proof of claim, triggering the "claims allowance

26   process" which is an exercise of the bankruptcy court's core jurisdiction.  The simple rational is

27   explained by the Bankruptcy Court in its Jurisdiction Memorandum:

28

RESPONSE TO MOTION TO QUASH
WRIT . . . : 15

> By filing a proof of claim in a bankruptcy proceeding, the creditor is affirmatively seeking relief from the bankruptcy court on that claim, i.e., payment on the claim. A consent to personal jurisdiction is necessary for the bankruptcy court to entertain the claim and determine the right to payment in accordance with the statutory bankruptcy scheme. The consent is implicit.

Daley Dec., ¶ 3 Exhibit A, pg. 9. Mr. & Mrs. Ponton invoked the aid of the Bankruptcy Court by offering a proof of claim and demanding their allowance, and therefore, "must abide by the consequences of that procedure." *Gardner v. New Jersey*, 329 U.S. 565, 573 (1947).[7]

Further, a defendant in an adversary action may effectively consent to personal jurisdiction by purposefully availing himself or herself of the protections awarded by United States bankruptcy law. *See Deak & Company, Inc.*, 63 B.R. 422, 431 (Bankr. S.D.N.Y. 1986) (filing a notice of appearance and attending court hearings through counsel can result in personal jurisdiction); I*n re Bernard L. Madoff Investment Ventures, LLC*, 418 B.R. 75, 79 (Bankr. S.D.N.Y. 2009).

Mr. & Mrs. Ponton further consented to the jurisdiction of the Washington Bankruptcy Court by defending themselves in the underlying action by filing an answer. ECF 13, ¶¶ 4-5, Exhibits B & C. Mr. & Mrs. Ponton's answer failed to challenge personal jurisdiction. The District Court, located in Washington State, determined that it held jurisdiction over Mr. & Mrs. Ponton, a conclusion of law that Mr. & Mrs. Ponton failed to appeal. ECF 13, Exhibit F, p.16, ¶ 2. Mr. & Mrs. Ponton cannot attempt to disregard and circumvent that conclusion. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d

---

[7] *See also*, *Langenkamp v. Culp*, 498 U.S. 42 (1990); *Katchen V. Landy*, 382 U.S. 323 (1966); *G.I. Indus., Inc.*, 204 F.3d 1276 (9th Cir. 2000) (holding that the filing of a proof of claim converted a non-core breach of contract claim into a core proceeding).

RESPONSE TO MOTION TO QUASH
WRIT . . . : 16

492 (1982) ("By submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction: That decision will be res judicata on that issue in any further proceedings.");

*OneWest Bank, FSB v. Erickson*, 185 Wash.2d 43, 57, 367 P.3d 1063, 1070 (2016) ("Generally, once a court determines it has personal jurisdiction, that decision is entitled to res judicata.").

Mr. & Mrs. Ponton's attempt to challenge personal jurisdiction in an ancillary proceeding in Washington to collect on the Ponton Judgement is improper, untimely, and should be denied.

### 2.    *Mr. & Mrs. Ponton Have Had Sufficient Minimum Contacts With Washington To Establish Personal Jurisdiction.*

Assuming, for the sake of argument, that the Trustee must re-establish personal jurisdiction over Mr. & Mrs. Ponton in an *ancillary* garnishment proceeding that is the direct result of the Ponton Judgment (which personal jurisdiction was found), the Trustee has established sufficient minimum contacts for the exercise of personal jurisdiction over Mr. & Mrs. Ponton.

Washington's "long-arm" statute, RCW 4.28.185(1)(a) provides in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> (a)  The transaction of any business within this state;
> (b)  The commission of a tortious act within this state;…

RCW 4.28.185(1)(a).  "It is well established in Washington 'that under the long-arm statute, RCW 4.28.185, our courts may assert jurisdiction over nonresident individuals and foreign corporations to the extent permitted by the due process clause of the United States Constitution,

RESPONSE TO MOTION TO QUASH
WRIT . . . : 17

1

2

except as limited by the terms of the statute.' " *Shute v. Carnival Cruise Lines,* 113 Wash.2d 763, 766–67, 783 P.2d 78 (1989) (citation omitted).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

Under the Due Process Clause of the Fourteenth Amendment, the minimum contacts required for specific personal jurisdiction "must have a basis in some act by which the defendant purposefully avails itself to the privilege of conducting activities within the forum State." [3]*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.,* 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King,* 471 U.S. at 475 (emphasis in original) (*quoting McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957)). The substantial connection "between the defendant and the forum ... must come about by an action of the defendant purposefully directed toward the forum State." *Asahi,* 480 U.S. at 112 (citations omitted) (emphasis omitted).

17

18

19

20

21

22

23

24

25

26

27

28

Minimum contacts with Washington are satisfied due to Mr. & Mrs. Ponton's transaction of business and tortious conduct in this State.  Mr. & Mrs. Ponton: (1) admitted to sending their first "investment" to a company in Washington State, ECF 13, Exhibit B, p. 2.; (2) wired money to a company located in Washington State, ECF 13, Exhibit B, pp. 4-5; (3) received payment detail summary statements from Washington State, ECF 13, Exhibit B, pp. 7-8; (4) received post-dated checks from an company in Washington State; ECF 13, Exhibit B, pp.10-14, and (5) filed a proof of claim in a Washington bankruptcy court, ECF 13, Exhibit B.  The end result of Mr. & Mrs. Ponton's participation in the Ponzi scheme was the defrauding of at least one secured creditor.  ECF 13, Exhibit F, p. 19, ¶ 12.  The underlying bankruptcy court ruled that essentially identical conduct was sufficient to establish minimum contacts. Daley Dec., ¶ 3, Exhibit A, pp.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 18

5-8.  Again, Mr. & Mrs. Ponton did not challenge any of those findings of fact; those findings are now verities and they are more than sufficient to establish minimum contacts for jurisdictional purposes.  *Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."); *Ins. Corp. of Ir.*, 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Mills*,170 Wash.2d at 906, fn. 1, 246 P.3d at 1256 (2011).

**C.    MR. & MRS. PONTON'S REMAINING ARGUMENTS TO QUASH / DISMISS THE GARNISHMENT ARE LEGALLY OR FACTUALLY INCORRECT OR INCONSEQUENTIAL.**

### 1.    The Judgement's Scrivener's Error Was Irrelevant and Has Been Rectified.

Mr. & Mrs. Ponton's assertion that Chase Bank failed to follow the similarity of name procedures as outlined in RCW 6.27.290 is contrary to the facts and to the law.  The Court has already ruled that the identification of Ronald Ponton, Jr. was "clearly a scrivener's error," and that Mr. & Mrs. Ponton "were apparently on notice, or should have been on notice, that this judgment had been entered against them in a Washington State court."  ECF 15, p. 3.  Moreover, the findings of fact and conclusions of law clearly identify Ronald Ponton, Sr. and Tomika Ponton as the judgment debtors.  *See generally* ECF 13, Exhibit F.

This matter does not present any genuine dispute regarding similarity of names.  Mr. & Mrs. Ponton are the judgment debtors – there is no dispute regarding that.  And the Trustee's writ documentation identified Mr. & Mrs. Ponton by last name, date of birth, and social security number.  This is not a case of mistaken identity.  The Trustee had the right to garnish Mr. & Mrs. Ponton's accounts.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 19

1

### 2.  *Mr. & Mrs. Ponton Failed to Properly Challenge Garnishment Action.*

In addition to the facial challenge to Washington's garnishment act (*viz.*, Mr. & Mrs. Ponton's assertion that Washington law ought to require writs to be directed to a specific branch), Mr. & Mrs. Ponton contend that Chase Bank's answer fails to meet statutory criteria.  Even accepting Mr. & Mrs. Ponton's criticisms of Chase Bank's answer as true, those criticisms cannot affect the underlying validity of the Trustee's writ.  In fact, if Chase Bank's answer were invalid, the sole statutory remedy would be for the Trustee to seek an order of default.  *See* RCW 6.27.200.  The bank did, however, respond.  It identified the accounts that were subject to garnishment, and in accord with Washington State law, those accounts rightly belong to the Trustee.

### IV.  CONCLUSION

Mr. & Mrs. Ponton are asking the Court to deny the Trustee the benefits of a valid writ.  Mr. & Mrs. Ponton are asking the Court to invalidate Washington's garnishment act while denying that the Court has jurisdiction over them.  The entire Motion is contrary to the record (a record in which Mr. & Mrs. Ponton consent to jurisdiction by filing a proof of claim and concede to jurisdiction by failing to appear at trial and by failing to appeal the Court's findings and conclusions).  The Motion is contrary to law (law that establishes a garnishment process that was followed).  And the Motion is contrary to reason, Mr. & Mrs. Ponton are subject to a valid judgment for participation in a Ponzi scheme; the Trustee has a right and a duty to collect on that judgment for the benefit of the true victims of that scheme.  The Trustee, therefore, respectfully asks the Court to deny Mr. & Mrs. Ponton's Motion.

RESPONSE TO MOTION TO QUASH
WRIT . . . : 20

1    Respectfully submitted this 18th day of April, 2022.

2                                        WITHERSPOON • KELLEY

3
                                         *s/ Shelley N. Ripley*
4                                        Shelley N. Ripley, WSBA #28901
                                         snr@witherspoonkelley.com
5
                                         *s/Matthew W. Daley*
6                                        Matthew W. Daley, WSBA # 36711
                                         mwd@witherspoonkelley.com
7                                        *Counsel for the Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO MOTION TO QUASH
WRIT . . . : 21

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on the 18th day of April, 2022:

4

1.    I electronically filed the foregoing with the Clerk of the Court using the CM/ECF

5

System, which will send notification of such filing to the following:

6

Elizabeth Hebener Norwood at elizabether@gnlawseattle.com
*Counsel for the Plaintiff*

7

8

Matthew Green at matt@gnlawseattle.com
*Counsel for the Plaintiff*

9

10

Christina Latta Henry at chenry@hdm-legal.com
*Counsel for the Defendants*

11

Venus Yvette Springs at vsprings@springslawfirm.com
*Counsel for the Defendants*

12

13

2.    I caused to be mailed by United States Postal Service the document to the

14

following at the address listed below:

15

NONE

16

17

**WITHERSPOON KELLEY**

18

*  s/ Matthew W. Daley*

19

MATTHEW W. DALEY, WSBA # 36711

20

Email:  mwd@witherspoonkelley.com

21

22

23

24

25

26

27

28

RESPONSE TO MOTION TO QUASH
WRIT . . . : 22