1
2
3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

4
5
6
7
8
9
10

BRUCE KRIEGMAN, solely in his capacity
as court-appointed Chapter 11 trustee for LLS
America, LLC,

                    Plaintiff,

v

RONALD PONTON, JR. and TOMIKA
PONTON,

                    Defendants.

CASE NO. 2:22-cv-00307

**RESPONSE IN OPPOSITION TO
MOTION TO REMAND**

11
12
13

## I.    Removal Jurisdiction is Evident from the Face of the Complaint in the Action

14
15
16
17
18
19

      This Court has removal jurisdiction. The Plaintiff does not dispute the diversity of the parties.  The amount in controversy, $123,235.47, is evident from the face of what serves as the complaint in this action, in this case, either the application for the writ of garnishment, or the writ of garnishment itself, without any need to look back at the judgment papers.  Please see the face of the action pasted below.

20
21
22
23
24
25
26

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

BRUCE P KRIEGMAN, solely in his capacity
as court-appointed Chapter 11 Trustee for LLS
America, LLC,

       Judgment Creditor,

       v.

RONALD PONTON, JR. AND TOMIKA
PONTON,

       Judgment Debtors,

       v.

JP MORGAN CHASE BANK, N.A.,

       Garnishee.

NO. 22-2-01515-2 SEA

WRIT OF GARNISHMENT

(Clerk's Action Required)

**[xx] NOT A CONSUMER DEBT JUDGMENT**

[ ] This garnishment is based on a judgment or order for:
   [ ] child support
   [ ] private student loan debt
   [ ] consumer debt

THE STATE OF WASHINGTON TO: JP MORGAN CHASE BANK NA (**"Garnishee"**)

AND TO:    RONALD PONTON, JR. AND TOMIKA PONTON (**collectively "Judgment Debtor"**)

    **Judgment Creditor** in the above captioned case has applied for a Writ of Garnishment ("Writ") against you, claiming that the **Judgment Debtor** identified above is indebted to **Judgment Creditor** and that the amount to be held to satisfy that indebtedness is **$123,235.47**, consisting of:

| | |
|---|---|
| Balance of Judgment: | $120,670.59 |
| Interest under Judgment from 6/16/2015 to 2/10/2022: | $1,928.88 |
| Taxable Costs and Attorneys' Fees: | $240.00 |

      The amount in controversy is tested at the time when the complaint is filed. "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290–91* (1938) (jurisdiction found). Further, "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." *Id.* at 289. The plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand. *377 14A Wright, Miller & Cooper § 3702 at 22. The Ninth Circuit has determined that a district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997). Under Ninth Circuit jurisprudence, "it is facially apparent from the complaint that the jurisdictional amount is in controversy" where the plaintiff alleges a specific amount of damages in her complaint. *Mozingo v. Japan Airlines Co.*, 432 F. Supp. 3d 1194, 1197–98 (S.D. Cal. 2020) *See *1198

**HENRY & DEGRAAFF, P.S.**
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (*quoting Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)), *overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); see also id. at 998 n.4. Therefore, the claim in this case meets the jurisdictional requirement.

## II.     Plaintiff Has Not Produced Any  Case That Shows Diversity is Based on the Amount Actually Collected Rather Than the Amount on the Face of the Writ of Garnishment.

The plaintiff cannot show any case where a post-judgment writ had a sufficient amount in controversy on its face yet was remanded to state court because the amount available to be garnished was less than the claim amount. The two non-binding cases that the Plaintiff relies on, one which is from a district court in Florida and another in Texas, were not remanded for failure to meet the amount in controversy and in fact neither holds that the amount actually collected or garnished is the amount in controversy rather than the amount stated in the complaint/writ. The holdings that the Plaintiff represents to this Court are not accurate.  The *American Asset Finance* Case is attached as Exhibit A and the *Hampton at Metrowest Condominium Assn, Inc* Case is attached as Exhibit B.

In the *Hamptons* case, the United States District Court in the Middle District Court of Florida found that a prejudgment garnishment action was not a separate action that was removable to federal court.  *Hamptons at Metrowest Condominium Assn., Inc. v. Park Avenue at Metrowest, Ltd.*, 2013 WL 2477236, * 7 3(M.D. Fla. 2013). The court does state that "the amount of the writ is not dispositive in this *prejudgment context*." Hamptons at Metrowest Condo. Ass'n, Inc. v. Park Ave. at Metrowest, Ltd., No. 6:13-CV-608-ORL-31, 2013 WL 2477236, at *7. That case is not applicable here as we are dealing with a post-judgment

RESPONSE IN OPPOSITION TO MOTION TO REMAND - 3

garnishment and the Ninth Circuit has determined that this type of case is removable as a separate action. *See Swanson v. Liberty Nat. Ins. Co.*, 353 F.2d 12, 13 (9th Cir. 1965).

In the *American Asset Finance* case, the North District of Texas Court dismissed the case for want of subject matter jurisdiction because it did not find complete diversity. *American Asset Finance LLC v. JP Morgan Chase Bank, NA*, 2012 WL 4 5471131, * 3 (N.D. Tx, 2012). "The court, upon reviewing Plaintiff's Application for Writ of Garnishment ("Complaint"), determines that complete diversity of citizenship does not exist between the parties. The court therefore sua sponte dismisses this action without prejudice for lack of subject matter jurisdiction" Am. Asset Fin., LLC v. J.P. Morgan Chase Bank, N.A., No. 3:12-CV-245-L, 2012 WL 5471131, at *1.

"The frame of reference for ruling on a motion to remand to state court is the four corners of the operative complaint at the time of removal." *Gracier v. Edwards Dental Supply Co.*, 86 F. Supp. 956, 957-58 (N.D. Cal. 1949) (citing 28 U.S.C. § 1447(c); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1939)). *Canesco v. Ford Motor Co.*, No. 321cv00425, 2021 WL 5122231, at *2 (S.D. Cal. Nov. 4, 2021).

## III.   If the Court Goes Outside the Walls of the Complaint to Consider the Amount Actually Collected then it Must Also Consider the Constitutional Question.

The Ninth Circuit has limited the test for removal jurisdiction to the walls of the complaint. If the plaintiff wants to open up the sphere beyond the walls of the complaint, the federal question can also be used to defeat remand.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051,

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

1057 (9th Cir. 2018) Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  In determining the presence of a federal question, the courts look to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148 (1932). But a corollary to the well-pleaded complaint rule is the artful pleading doctrine. Under that doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

Often the artful pleading doctrine comes to play in the context of complete preemption but it may apply in other contexts as well.  In this case, the plaintiff had a duty to disclose his basis for jurisdiction in King County, Washington on the face of the complaint or his application for the writ of garnishment.  The assistant clerk or court may or may not be an attorney but clearly relies on the sworn oath of the attorney applying for the writ to certify compliance with Washington law to issue the writ.  Washington law has venue and jurisdiction requirements for the commencement of actions. RCW 4.12.010 provides as follows:

> Actions to be commenced where subject is situated.
> Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:
> (2) All questions involving the rights to the possession or title to any specific article of personal property, in which last mentioned class of cases, damages may also be awarded for the detention and for injury to such personal property.

RCW 4.12.010.

> A writ of garnishment directed to a bank, savings and loan association, or credit union that maintains branch offices shall identify either a particular branch of the financial institution or the financial institution as the garnishee defendant. The head office of a financial institution shall be considered a separate branch for purposes of this section…. A writ of garnishment is effective against property in the possession or control of a financial institution only if the writ of garnishment is directed to and names a branch as garnishee defendant.

RCW 6.27.080.

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

When the plaintiff's attorney arrived before the King County clerk with a foreign judgment and was asked for the legal foundation for the writ of garnishment's venue in King County, Washington, she reasoned that Chase Bank must have a branch somewhere in King County so that she could swear under oath the subject property was situated in King County.  That was artful pleading of jurisdiction that avoided the federal question. Plaintiff did not even list a branch or head office as required by RCW 6.27.080.  Notwithstanding the foregoing, if this Court keeps its focus within the writ of garnishment as the Ninth Circuit dictates, the answer is clear that removal is proper in this case under diversity jurisdiction without need to proceed further.

**IV.    Plaintiff's Attorney Fees Should Be Denied Because the Defendants Have an Objectively Reasonable Basis for Removal**

The Plaintiff's request for attorney fees should be denied. The face of the writ of garnishment is greater than $75,000, and there is no doubt there is complete diversity; thus it cannot be said that defendants lacked an objectively reasonable basis for removal. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 140, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id*.

HENRY & DEGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

### Conclusion

In conclusion, the motion to remand should be denied because the face of the writ of garnishment supports removal as the amount in controversy is over $75,000 and the parties' diversity is not in dispute. If the plaintiff is encouraging the court to look outside the complaint, then the constitutional question must also be considered to defeat remand. The plaintiff's attempt to confuse the court with irrelevant arguments about the Rooker-Feldman doctrine and res-judicata, that cannot possibly have anything to do with removal or remand, should be ignored.

Dated April 18, 2022                           Respectfully submitted,


/s/ Venus Y Springs
Venus Y. Springs
*Pro Hac Vice*
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
113 Cherry St, PMB 58364
Seattle, WA 98104
Tel: 206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

*Attorneys for Defendants*

HENRY & DeGRAAFF, P.S.
113 CHERRY ST., PMB 58364
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following attorneys for the plaintiff:

Elizabeth Hebener Norwood at elizabether@gnlawseattle.com

Matthew Green at matt@gnlawseattle.com

Matthew Daley at mwd@witherspoonkelley.com

Shelley N. Ripley at snr@witherspoonkelley.com

Dated April 18, 2022,

/s/ Venus Y Springs
Venus Y. Springs
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice*

RESPONSE IN OPPOSITION TO MOTION TO REMAND - 8