EXHIBIT A - RESPONSE IN OPPOSITION TO REMAND
Case 2:22-cv-00307-RSM   Document 23-1   Filed 04/18/22   Page 1 of 3
American Asset Finance, LLC v. J.P. Morgan Chase Bank, N.A., Not Reported in...

2012 WL 5471131
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas,
Dallas Division.

AMERICAN ASSET FINANCE, LLC, Garnishor,

v.

J.P. MORGAN CHASE BANK, N.A., Garnishee.

Civil Action No. 3:12–CV–245–L.
|
Nov. 8, 2012.

**Attorneys and Law Firms**

Michael H. Myers, Myers Wilson PC, Amy B. Ganci, Ganci LLP, Kevin A. Ganci, Ganci & Skinner LLP, Allen, TX, for Garnishor.

Truman E. Spring, Jr., Spring Law Firm, Dallas, TX, for Garnishee.

*MEMORANDUM OPINION AND ORDER*

SAM A. LINDSAY, District Judge.

**\*1** Before the court is Plaintiff's Motion for Entry of Judgment Related to J.P. Morgan Chase Bank, N.A. in a Garnishment Action, filed August 1, 2012. No response to the motion was filed. The court, upon reviewing Plaintiff's Application for Writ of Garnishment ("Complaint"), determines that complete diversity of citizenship does not exist between the parties. The court therefore *sua sponte* **dismisses** this action **without prejudice** for lack of subject matter jurisdiction and **denies as moot** Plaintiff's Motion for Entry of Judgment Related to J.P. Morgan Chase Bank, N.A. in a Garnishment Action.

**I. Background**

Plaintiff American Asset Finance, LLC ("AAF") filed this garnishment action on January 24, 2012, against J.P. Morgan Chase Bank, N.A. ("Chase"), seeking to collect funds believed to be held in one or more Chase bank accounts belonging to Thomas M. Corea or his law firm The Corea Law Firm, P.L.L.C. (collectively, "Corea"). The tortured and torturous history of the dispute between AAF and Corea began when Corea assigned AAF their $90,000 interest in a $225,000 settlement. In exchange, AAF agreed to pay Corea $50,000.[1] The contract also gave AAF a first priority security interest in Corea's portion of the settlement. After the agreement went south, AAF sued Corea on March 15, 2011, in New Jersey state court for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and demanded an accounting. *See American Asset Fin. v. The Corea Firm, PLLC,* No. PAS–L–1309–11 (N.J.Super. Ct. Law Div.2011).

Corea responded by filing an action in March 2011 in County Court at Law No. 1, Dallas County, Texas. After AAF removed the case to federal court, Corea filed a motion to remand and AAF moved to dismiss the action for improper venue. By order dated November 11, 2011, United States District Judge David C. Godbey denied the motion to remand and dismissed the action, reasoning that the venue provision in the parties' contract required suit to be brought in New Jersey state court. *See The Corea*

Case 2:22-cv-00307-RSM   Document 23-1   Filed 04/18/22   Page 2 of 3

American Asset Finance, LLC v. J.P. Morgan Chase Bank, N.A., Not Reported In...

*Firm, PLLC, et al. v. American Asset Fin., LLC, et al.,* No. 3:11–cv–790–N. AAF ultimately obtained a judgment in the New Jersey case against Corea for $100,032.40, plus postjudgment interest.

On August 11, 2011, before the case before Judge Godbey was dismissed, AAF initiated an action against Corea in the 380th Judicial District Court, Collin County, Texas, to domesticate the New Jersey judgment. On October 20, 2011, AAF filed a Motion for Turnover Order and Appointment of Receiver. Before the court could rule on the motion, Corea removed the case to federal court in the Northern District of Texas based on diversity. *See American Asset Fin. LLC v. The Corea Firm, PLLC,* No. 3:11–cv–3199–P. AAF moved to remand, arguing that removal was untimely. United States District Judge Jorge A. Solis agreed with AAF and remanded the case on August 15, 2012, to the 380th District Court, Collin County, Texas. After the case was remanded, the Texas court entered an order on September 27, 2012, granting AAF's Motion for Turnover Order and Appointment of Receiver. The Texas state court case is pending.

## II. Diversity of Citizenship

**\*2** A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998) (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir.1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir.2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgras AG v. Marathon Oil Co.,* 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.,* 408 F.3d 177, 182 n. 5 (5th Cir.2005) ("federal court may raise subject matter jurisdiction *sua sponte"* ).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1258 (5th Cir.1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir.2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty,* 841 F.2d at 1259 (citing *Illinois Cent. GulfR.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 n. 2 (5th Cir.1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp. .,* 945 F.2d 803, 805 (5th Cir.1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Garden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir.2008). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006).

## III. Discussion

**\*3** AAF's Complaint does not state the basis for jurisdiction in this case. Because this garnishment action is based on a judgment obtained in state court and alleges no federal claims, the court assumes that AAF filed this action based on diversity of citizenship of the parties and that the amount in controversy exceeds $75,000. AAF states in its Complaint that it obtained a judgment against Corea for $100,032.40, but it does not state the amount sought in this garnishment action from Chase. Chase's Answer indicates that Corea's law firm maintains an Interest on Lawyers Trust Accounts or "IOLTA" account with Chase that contains only $15,848.52. *See* Chase's Answer, 1, ¶ 2. AAF's Complaint is also devoid of any information regarding the

American Asset Finance, LLC v. J.P. Morgan Chase Bank, N.A., Not Reported in...

Case 2:22-cv-00307-RSM   Document 23-1   Filed 04/18/22   Page 3 of 3

parties' citizenship. The court is therefore unable to ascertain whether it has subject matter jurisdiction because of the absence of allegations setting forth the basis of the court's jurisdiction.[2] The court determines that AAF's failure to allege adequately the basis for diversity mandates dismissal of this action. *See Stafford,* 945 F.2d at 805.

### IV. Conclusion

For the reason stated herein, AAF has failed to allege adequately the basis for jurisdiction and carry its burden of showing that the court has subject matter jurisdiction over this action. The court therefore **dismisses** this action **without prejudice** for lack of subject matter jurisdiction.

**It is so ordered.**

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 5471131

Footnotes

| | |
|---|---|
| 1 | Some of the information regarding the history of the dispute between AAF and Corea was obtained from the dockets, pleadings, and orders in the related cases herein discussed. |
| 2 | Federal Rule of Civil Procedure 8(a)(1) requires the complaint or pleading to contain "a short and plain statement of the grounds for the court's jurisdiction ...." Fed.R.Civ.P. 8(a)(1). |

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.