EXHIBIT B - RESPONSE IN OPPOSITION TO REMAND
Case 2:22-cv-00307-RSM   Document 23-2   Filed 04/18/22   Page 1 of 7
Hamptons at Metrowest Condominium Ass'n, Inc. v. Park..., Not Reported in...
2013 WL 2477236

2013 WL 2477236
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

HAMPTONS AT METROWEST CONDOMINIUM ASSOCIATION, INC., Plaintiff,

v.

PARK AVENUE AT METROWEST, LTD., Park Avenue GP, LLC, Park Avenue Metrowest, LLC, Park Avenue Tarragon, LLC, Tarragon South Development Corp., Tarragon Corporation, Epoch Properties, Inc., Epoch Management, Inc., Sunvest Resort Communities, LLC, Sunvest Communities, LLC, Sunvest USA, LLC, Metrowest Development, LLC, Sunvest Communities USA, LLC, Louis Birdman, Anthony C. Martin, Herbert Hirsch, Sunvest B.C. Development, LLC, Defendants.

No. 6:13–cv–608–Orl–31DAB.
|
June 10, 2013.

**Attorneys and Law Firms**

Mitchell B. Haller, Katzman Garfinkel & Berger, Margate, FL, James L. Guse, James C. Prichard, Ball Janik LLP, Portland, OR, for Plaintiff.

R. Steven Rawls, Rebecca C. Appelbaum, Butler Pappas, LLP, Tampa, FL, for Defendant.

**Order**

GREGORY A. PRESNELL, District Judge.

 *1  On May 13, Magistrate Judge Baker entered a Report and Recommendation (Doc. 22), recommending that this matter be remanded back to state court due to a lack of subject matter jurisdiction. Plaintiff filed timely objections to the Report (Doc. 26). Upon de novo review of the above, the Court finds that the Plaintiff has failed to make a showing that the Court possesses subject matter jurisdiction over this dispute. It certainly appears from the record that the Plaintiff and the Defendants have colluded to abuse Florida's prejudgment garnishment procedures. Such abuse, however, does not transform what is clearly an ancillary proceeding into an independent one that may be removed. *See, e.g., Office Building, LLC v. CastleRock Sec., Inc.,* No. 10–61582–CV; 2011 WL 1674963, 3 (S.D.Fla. May 3, 2011).

It is, therefore

**ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is **CONFIRMED AND ADOPTED;**

2. This matter is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The Clerk is directed to close the file.

**DONE** and **ORDERED.**

**HAMPTONS AT METROWEST CONDOMINIUM ASSOCIATION, INC. Garnishor,**

-vs-

**FEDERAL INSURANCE COMPANY, Garnishee,**

in relation to

**HAMPTONS AT METROWEST CONDOMINIUM ASSOCIATION, INC., Plaintiff,**

-vs.-

**PARK AVENUE AT METROWEST, LTD., PARK AVENUE GP, LLC, PARK AVENUE METROWEST, LLC, PARK AVENUE TARRAGON, LLC, TARRAGON SOUTH DEVELOPMENT CORP., TARRAGON CORPORATION, EPOCH PROPERTIES, INC., EPOCH MANAGEMENT, INC., SUNVEST RESORT COMMUNITIES, LLC, SUNVEST COMMUNITIES, LLC, SUNVEST USA, LLC, METROWEST DEVELOPMENT, LLC, SUNVEST COMMUNITIES USA, LLC, LOUIS BIRDMAN, ANTHONY C. MARTIN, HERBERT HIRSCH and SUNVEST B.C. DEVELOPMENT, LLC, Defendants.**

**Report And Recommendation**

[DAVID A. BAKER](), United States Magistrate Judge.

**to the united states district court**
This cause came on for consideration of Federal Insurance Company's ("Federal") response (Doc. 20) to the Court's Order to Show Cause why the action should not be remanded to the state court for lack of jurisdiction (Doc. 8). Upon review of the Response, the Court finds subject matter jurisdiction is lacking as a matter of law, and therefore **respectfully recommends** that the cause be **remanded.**

*Background*
According to the Notice of Removal, on April 11, 2008, Plaintiff Hamptons at Metrowest Condominium Association, Inc. ("the Association") filed an action in state court against numerous Defendants. Federal states that "after years of litigation," Plaintiff entered into a settlement agreement with Defendant Epoch Management, Inc. ("Epoch") and separately with Defendant Park Avenue at Metrowest, Ltd.("Park Avenue"), but the Association has not sought entry of a judgment against them, nor has it sought to dismiss its claims as to these defendants. Federal's Response brief confirms that no consent judgment has been entered (Doc. 20, p. 3, n. 3, 4).

**\*2** In February 2013, the Association moved for issuance of a prejudgment writ of garnishment pursuant to [Section 77.031, Florida Statutes](). According to Federal: "the court in the State Court Litigation entered an Order for Prejudgment Writ of Garnishment in the State Court litigation." (Doc. 20, p. 3). The Clerk of the Circuit Court for Orange County issued the prejudgment writ, naming Federal as the garnishee, and the writ was served upon Federal on March 25, 2013. Federal has purported to remove "the prejudgment garnishment proceeding instituted by Plaintiff/Garnishor ... in the state civil action captioned HAMPTONS AT METROWEST CONDOMINIUM ASSOCIATION, INC. v. PARK AVENUE AT METROWEST, LTD., EPOCH MANAGEMENT, INC., *et al.,* currently pending in the Business Litigation Division of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, case number 4S–2008–CA–00S5235–0." Federal notes that it "removes *the above captioned case* to this Court pursuant to [28 U.S.C. § 1332(a)(1)]() based on diversity of citizenship." (Doc. 1—emphasis added).

Case 2:22-cv-00307-RSM Document 23-2 Filed 04/18/22 Page 3 of 7
Hamptons at Metrowest Condominium Ass'n, Inc. v. Park..., Not Reported in...
2013 WL 2477236

*Standards of Law*

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Here, Federal removed the matter allegedly under the Court's diversity jurisdiction. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the Act"). In pertinent part, the statute provides:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (2012).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**\*3** 28 U.S.C. § 1446(b)(3) (2012).

> (c) Requirements; removal based on diversity of citizenship.-(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1) (2012).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) ( "[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

*The Show Cause Order*

Despite some language to the contrary, Federal does not purport to remove the entire state court action. Rather, Federal contends that "the garnishment proceeding" is a "separate action independent from the main proceeding" and thus may, itself, be properly removed, *citing Webb v. Zurich Ins. Co.,* 200 F.3d 759, 760 (11th Cir.2000) and *Butler v. Polk,* 592 F.2d 1293, 1295–96 (5th Cir.1979).[1] As noted in the show cause Order, however, the Court is not persuaded by these cases.

In *Webb,* a claimant injured in a slip and fall at a shopping mall brought a personal injury action against the mall in Alabama state court. 200 F.3d at 760. Following entry of default judgment, Webb filed writ of garnishment against the mall's insurer in state court and the insurer removed to federal court, alleging that the garnishment proceedings were a separate and independent

cause of action and diversity jurisdiction was present. *Id.* Without discussion, the Eleventh Circuit noted that the magistrate judge "correctly denied Webb's motion to remand the case," citing *Butler v. Polk, supra. Id.*

In *Butler,* an estate administrator obtained a judgment in Mississippi state court arising out a car accident. 592 F.2d 1293. The administrator secured a post-judgment writ of garnishment from the state court against an insurer and the insurer removed to federal court. *Id.* While noting that "the question [was] not entirely free from doubt," the *Butler* court found that the writ was properly removed, noting, among other reasons, that under Mississippi law, "the writs could not initially be brought in a single action." 592 F.2d at 1296.

Thus, *Webb* and *Butler* stand for the proposition that *post-judgment* writs of garnishment, issued pursuant to Alabama and Mississippi law respectively, are properly removable to federal court. By contrast, the proceeding Federal seeks to remove is a *pre-judgment* writ of garnishment issued pursuant to *Florida* law. That law provides:

*4 77.031. Issuance of writ before judgment

Before judgment has been obtained by the plaintiff against the defendant: (1) A writ of garnishment shall be issued by the court or by the clerk on order of the court.

(2) To obtain issuance of the writ, the plaintiff, or the plaintiff's agent or attorney, shall file **in the court where the action is pending** a verified motion or affidavit alleging by specific facts **the nature of the cause of action;** the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim. The writ of garnishment shall set forth a notice to the defendant of the right to an immediate hearing for dissolution of such writ pursuant to s. 77.07. Upon issuance of the writ of garnishment, the clerk of the court shall provide by mail a copy of the writ to the defendant.

(3) Except when the plaintiff has had an attachment writ issued, no writ of garnishment before judgment shall issue until the plaintiff, or the plaintiff's agent or attorney, gives a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment. A garnishment bond is not void or voidable because of an informality in it, nor shall the obligors be discharged because of the informality, even though the garnishment is dissolved because of the informality.

(4) The motion or pleading need not negative any exemptions of the defendant.
Fla. Stat. § 77.031 (emphasis added).

From the statutory language, a prejudgment writ of garnishment is, by definition, not "independent of the main proceeding," and can only be commenced by a filing—as was done here—in the same court where the action is pending.[2] This is so because the nature of a prejudgment writ differs substantially from that of a post-judgment writ. As recognized by the Florida Supreme Court:

> We agree that there is a vast distinction between prejudgment and postjudgment garnishment. Postjudgment garnishment does not involve the freezing of debtor assets pending adjudication as to the validity of the underlying debt. Instead, it merely provides a procedure for the enforcement of the judgment against those assets.
> *United Presidential Life Ins. Co. v. King,* 361 So.2d 710, 713 (Fla.1978). *See also First Union Nat. Bank of Florida v. Knyal,* 874 So.2d 716, 717 (Fla. 4th DCA 2004). In the show cause Order, the Court noted that Federal cited no cases or other authority for finding prejudgment writs to be independent actions.

*5 The Court further noted that Federal must also show that the matter it is removable under Section 1441(a). As the Supreme Court has stated: "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal

court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). As the statutory language provides that a prejudgment writ must be sought only "in the court where the action is pending," Plaintiff could not have "originally filed" the motion in federal court as the state action is pending (obviously) in state court.

Finally, the Court took issue with the showing as to diversity jurisdiction, finding that Federal has failed to establish that the amount in controversy requirement is met. In its Notice, Federal contends that "[i]n garnishment proceedings, the "amount in controversy" for purposes of 28 U.S.C. § 1332 is determined by the principal amount of a judgment against a defendant sought to be garnished." (Doc. 1 at p. 7). Here, however, there is no judgment. Further, as Federal notes, in a garnishment action, garnishors are "subrogated to the rights the debtor has against the garnishee." (Doc. 1 at p. 6). As the Florida Supreme Court has noted:

> Judgment creditors derive their right to proceed against a garnishee only by virtue of the fact that the garnishee holds money or property owed to the judgment debtor. Trial judges should exercise their discretion in such a way as to insure that the judgment creditor receives no greater rights against a garnishee than would have been available to the judgment debtor in a proceeding against the garnishee.

*United Presidential Life Ins. Co. v. King,* 361 So.2d 710, 713 (Fla.1978). Thus, despite the amount set forth in the writ, Plaintiff can only recover from Federal the amount Federal owes to Epoch and Park Avenue (if any). The Court noted the absence of any showing as to how much that amount allegedly is (or could be).

In its Response, Federal asserts:

> The prejudgment writ of garnishment is a civil action involving a new party and a new liability other than that in the State Court Litigation. The prejudgment writ of garnishment is not confined to state court and is removable. The amount in controversy is $45,000,000. (Doc.8, p. 4).

> *A prejudgment writ of garnishment is not a removable "civil action"*

As Judge Lenard of the Southern District succinctly notes:

> Beginning with the Supreme Court's decisions in *Bank v. Turnbull,* 16 Wall. 190, 83 U.S. 190, 21 L.Ed. 296 (1872), and *Barrow v. Hunton,* 99 U.S. 80, 25 L.Ed. 407 (1878), a line of cases have held that a federal court may not exercise jurisdiction over ancillary proceedings, or a case that is "a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it." *Barrow,* 99 U.S. at 82. Removal of such cases is not proper.

**\*6** *Office Building, LLC v. CastleRock Sec., Inc.,* No. 10–61582–CV; 2011 WL 1674963, 3 (S.D.Fla. May 3, 2011). Here, the prejudgment writ is an ancillary proceeding, intimately connected with the original and ongoing state suit. *See Garel and Jacobs, P.A. v. Wick,* 683 So.2d 184, 186 (Fla. 3rd DCA 1996) ("Section 77 .031(2), Florida Statutes (1995) explicitly provides that a motion to procure such writ "shall [be] file[d] in the court where the action is pending ...". This is because the writ, being ancillary to the main action, should only be sought where the primary obligation is sought to be enforced.").

Despite the language of the statute and state case law, Federal contends that the prejudgment writ is not ancillary, noting that the characterization of civil action under 28 U.S.C. § 1441 is a matter of federal, not state, law. As Judge Merryday noted in holding that a supplemental proceeding under Florida law could not be removed to federal court, " 'to totally ignore the structure of state procedural law would reflect an overly-procrustean view' and would infract the principle of comity." *Estate of Jackson v. Ventas Realty, Ltd. Partnership,* 812 F.Supp.2d 1306, 1312–1313 (M.D.Fla.2011), citing *Butler v. Polk,* 592 F.2d 1293, 1296 n. 7 (5th Cir.1979). Further, even if the Court were to look solely to federal law, Federal cites no federal cases finding such prejudgment writs to be a separate civil action.[3] Indeed, Federal fails to note that the Fifth Circuit called a prior version of Florida's prejudgment garnishment statute "ancillary." *See ITT Community Development Corp. v. Barton,* 569 F.2d 1351, 1357 (5th Cir.1978).

Federal's other arguments are similarly unpersuasive. Federal's contention that the writ is a separate civil action due to the addition of a "new" party and a "new" liability is factually incorrect. While Federal is not named as a Defendant in the state court action, the liability asserted in the prejudgment writ is not "new"—a prejudgment writ of garnishment allows a party to secure the anticipated money judgment the party ultimately expects to recover *against the defendant.* Fla. Stat., § 77.031. Moreover, the language in Section 77.031(2) expressly providing that the writ must be sought and issued in the court where the action is pending is not a mere "technical requirement." The writ is a creature of Florida statute. The statute provides in no uncertain terms that the writ is only available within the context of a pending action. At the time the writ was sought and issued, there was no pending action in this Court. The state law does not, as Federal contends, improperly "divest[ ] a federal court of diversity jurisdiction." This Court never had jurisdiction. As explained in a similar context:

> Because a judgment creditor cannot initiate in the district court a supplemental proceeding under Section 56.29 to enforce a Polk County circuit court judgment, that is, because a Section 56.29 action is not within the "original jurisdiction" of the district court under Section 1441(a), a defendant cannot remove a Section 56.29 supplemental proceeding to federal court, notwithstanding the presence of both jurisdictional amount and complete diversity of citizenship.

**\*7** *Estate of Jackson v. Ventas Realty, Ltd. Partnership, supra,* 812 F.Supp.2d at 1311. Federal has failed to show that this Court has jurisdiction over a writ of prejudgment garnishment, issued within a pending state court proceeding.

*The amount in controversy has not been shown*
Additionally, with respect to the amount in controversy, Federal points only to the amount set forth in the writ itself. As noted above, the amount of the writ is not dispositive in this prejudgment context. Plaintiff can only recover from Federal the amount Federal owes to Epoch and Park Avenue (if any). While Federal correctly notes that a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal, *citing Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir.2000), Federal fails to present any such evidence. Thus, even if the writ was otherwise properly removable, Federal has failed to establish the existence of diversity jurisdiction here.

*Conclusion*
The matters raised herein are jurisdictional defects and district courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir.2004) (citation and internal quotation marks omitted).[4] The Court finds that this action was improvidently removed and the Court is without subject matter jurisdiction over this cause. It is therefore **respectfully recommended** that the matter be **remanded** to the state court from whence it came. Should this recommendation be adopted, the Clerk should also be directed to terminate any pending motions and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 2477236

Footnotes

| | |
|---|---|
| 1 | In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc* ), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. |
| 2 | *Compare* Florida's statutory procedure for obtaining writs *after* judgment:<br>77.03. Issuance of writ after judgment<br>After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment. The motion may be filed and the writ issued either before or after the return of execution. |

|   | Florida Statutes § 77.03 (2012). |
|---|---|
| 3 | Federal cites only non-binding cases interpreting *post*-judgment writs. This is not persuasive. As recognized by the Florida Supreme Court, "there is a vast distinction between prejudgment and postjudgment garnishment." *United Presidential Life Ins. Co. v. King, supra,* 361 So.2d at 713. |
| 4 | The Court, in its show cause Order, also raised the issue of whether the removal was timely but noted that untimeliness was an objection that should be raised by motion. As no motion has been filed and the matter is due to be remanded on other grounds, the Court need not address this further. |

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.