UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>Defendants. | Case No. C22-307-RSM<br><br>ORDER DENYING MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. #11. Plaintiff, a trustee for LLS America's Chapter 11 bankruptcy, obtained a judgment in U.S. District Court for the Eastern District of Washington against Defendants Ronald Ponton Sr. and Tomika Ponton and recently filed notice of such in King County Superior Court. Dkt. #1-1. On February 10, 2022, Plaintiff filed in that state court an Application for Writ of Garnishment on Garnishee JP Morgan Chase Bank, N.A. Dkt. #1-2. That Application states that amount still due under the judgment is "$120,670.59 plus interest, attorney's fees and costs." *Id*. at 3. The actual writ of garnishment issued by King County Superior Court to the Garnishee states, "balance of Judgment $120,670.59," and lists interest and other fees for a total of $123,235.47. Dkt. #13-9.

ORDER DENYING MOTION TO REMAND - 1

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

If it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  In such a situation, the Court may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy. *Id.*  "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St Paul Mercury Indem.*, 303 U.S. at 289-90.

The Ninth Circuit has recognized that garnishment proceedings are independent civil actions that are removable to federal district court. *See Swanson v. Liberty Nat'l Ins. Co.*, 353 F.2d 12, 13 (9th Cir.1965).

The Notice of Removal in this action indicates that there is diversity of citizenship and an amount in controversy that exceeds $75,000.  Dkt. #1.  Plaintiff agrees that there "is

ORDER DENYING MOTION TO REMAND - 2

complete diversity among the Trustee, Mr. & Mrs. Ponton, and Chase Bank," but argues that "this garnishment involves only $58,000 of disputed funds." Dkt. #11 at 5.  That is the amount actually available for garnishment in Defendants' accounts with Chase.  Plaintiff cites to *Hamptons at Metrowest Condominium Assn., Inc. v. Park Avenue at Metrowest, Ltd.*, 2013 WL 2477236, * 7 (M.D. Fla. 2013) and *American Asset Finance LLC v. JP Morgan Chase Bank*, NA, 2012 WL 5471131, * 3 (N.D. Tx, 2012), for the proposition that the "amount held by garnishee, rather than the amount of the underlying judgment was the relevant metric for determining federal jurisdiction." *Id.*

Defendants argue and the Court finds it is clear from the face of the exhibits attached to the Notice of Removal that the amount in controversy here is the "$120,670.59 plus interest, attorney's fees and costs" still owed on the judgment referenced in the Application for Writ of Garnishment.  That is what Plaintiff is seeking.

The Application does not, *e.g.*, state that Plaintiff is aware that the Garnishee has only $58,000 in funds.  The Writ of Garnishment issued by King County Superior Court does not seek only to garnish $58,000 in funds.  Subsequent to the initiation of suit, Plaintiff learned that only $58,000 of funds were available for garnishment.  This development does not oust jurisdiction.  *See St Paul Mercury Indem.*, 303 U.S. at 289-90.

The cases cited by Plaintiff, *Hamptons* and *American Asset*, are factually distinct and do not necessarily stand for the proposition asserted by Plaintiff.  *Hampton* stated that "the amount of the writ is not dispositive" and the defendant in *American Asset* had other deficiencies with removal.  In any event, these two cases are non-binding and appear to steer the Court away from the general proposition that the Court begins by looking at the amount sought in the Complaint.  Here, although there is no Complaint, that amount is clearly $120,670.59 or more.

ORDER DENYING MOTION TO REMAND - 3

Removal was proper on the basis of diversity jurisdiction. The Court need not rule on tangential issues raised by the parties.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Remand, Dkt. #11, is DENIED.

DATED this 25th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE