UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>  Plaintiff,<br><br>    v.<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>  Defendants. | Case No. C22-307-RSM<br><br>ORDER DENYING MOTION TO QUASH WRIT |

This matter comes before the Court on Defendants Ronald Ponton Sr. and Tomika Ponton's "Motion to Quash Writ of Garnishment, Dismiss Action, and for Attorney Fees and Costs." Dkt. #18. Defendants are located in Alabama; this case concerns Plaintiff judgment-holder's attempt to garnish funds held by a nationwide bank with branches in this District. Defendants argue the Court lacks personal jurisdiction over them or their funds to be garnished, that jurisdiction in this case violates *Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S. Ct. 2569, 2584, 53 L. Ed. 2d 683 (1977), and that the Washington Statute for Writs Directed to a Financial Institution, RCW 6.27.080, was not followed here. *Id*.

In Response, Plaintiff argues:

> Mr. & Mrs. Ponton's Motion fundamentally misconstrues the jurisdictional requirements for a garnishment proceeding.

ORDER DENYING MOTION TO QUASH WRIT - 1

> Garnishments are ancillary proceedings aimed at a person or entity who is alleged to hold property belonging to the judgment-debtor – that person or entity is known as the "Garnishee Defendant." And in this case, Chase Bank is the Garnishee Defendant. There can be no reasonable dispute or doubt that Chase Bank has sufficient minimum contacts with the State of Washington to justify general long-arm jurisdiction.

Dkt. #20 at 3.

Quasi in rem jurisdiction is a form of in personam jurisdiction based upon the defendant's ownership of property within the forum. *Burnham v. Superior Court*, 495 U.S. 604, 621, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990). Generally, the mere presence of property in a forum is insufficient to exercise jurisdiction over the owner of that property to resolve unrelated claims. *Id*. (citing *Shaffer*, 433 U.S. at 212). An exception exists for actions to enforce a foreign judgment, however. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002) (citing *Shaffer*, 433 U.S. at 210 n.36); *see also Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010). In such an action, due process concerns are satisfied by the prior rendering of a judgment by a court of competent jurisdiction. *Office Depot*, 596 F.3d at 700 (citing *Shaffer*, 433 U.S. at 210 n.36). Quasi in rem jurisdiction permits the enforcement of a judgment in a forum where the defendant maintains assets, even if the assets bear no relationship to the underlying controversy between the parties. *Glencore*, 284 F.3d at 1127. The plaintiff may seek to apply the defendant's assets in satisfaction of the judgment. *Id*. at 1127 n.8.

Defendants cite *Shaffer* in support of their claim that the exercise of jurisdiction in this case would not comport with principles of due process. However, "[i]n an action to execute on a judgment, due process concerns are satisfied, assuming proper notice, by the previous rendering of a judgment by a court of competent jurisdiction." *Office Depot*, 596 F.3d at 700

ORDER DENYING MOTION TO QUASH WRIT - 2

(citing *Shaffer*, 433 U.S. at 210 n.36 ("Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter.")). Here, due process concerns are satisfied by the underlying Eastern District of Washington judgment and the fact that the garnishee undeniably has contacts with this forum and holds accounts with Defendants' funds.  The exercise of quasi in rem jurisdiction therefore does not violate due process.

RCW 6.27 et. seq., Washington's Garnishment Act, outlines mandatory procedures for issuance and enforcement of garnishment writs. "The purpose of the garnishment statute, as stated in RCW 6.27.005, is to enforce the obligations of debtors." *Watkins v. Peterson Enterprise, Inc.*, 137 Wn.2d 632, 638 (1999) (citing RCW 6.27.005). "The garnishment proceeding is adversarial in the sense that a creditor take action against a garnishee, but only to satisfy an underlying claim against a debtor." *Id*. at 639 (emphasis added) (citation omitted).  If successful, a judgment against the garnishee in favor of the creditor will be entered, RCW 6.27.250(1)(a), and execution may be issued on the judgment against the garnishee in the same manner as any other judgment.  RCW 6.27.260.

RCW 6.27.080 allows a judgment creditor to either name a particular branch of a financial institution or to name the financial institution in a garnishment proceeding. If the financial institution is named, the writ of garnishment "shall be effective to attach deposits of the defendant in the financial institution and compensation payable for personal services due the defendant from the financial institution." RCW 6.27.080(3).  On the other hand, if a writ of garnishment names a single branch as garnishee defendant, then the writ "shall be effective

ORDER DENYING MOTION TO QUASH WRIT - 3

only to attach the deposits, accounts, credits, or other personal property of the defendant… in possession or control of that particular branch….." *Id*.  In the next paragraph, the statute states, "[a] writ of garnishment is effective against property in the possession or control of a financial institution only if the writ of garnishment is directed to and names a branch as garnishee defendant;" this appears to refer to property other than "deposits and compensation payable for personal services due the defendant from the financial institution." *See id*.

Given the above, the Court agrees with the following analysis stated by Plaintiff:

> Chase Bank (not Mr. & Mrs. Ponton) is the garnishee defendant in this action. The writ is directed to Chase Bank. Chase Bank undeniably does business in King County, and the King County Superior Court undeniably has jurisdiction over Chase Bank. The Clerk of the Court properly issued a writ to Chase Bank (as an institution), rather than targeting any specific branch with the writ. By naming the financial institution, the writ attached to deposits held by Chase Bank, without regard to where Mr. & Ponton were located and without regard to from where Mr. & Mrs. Ponton accessed their Chase Bank accounts.

Dkt. #20 at 13.  This statute does not appear to have been violated by Plaintiff.  Defendants have failed to convince the Court that there has been some other statutory violation of Washington State's garnishment act, RCW 6.27 *et seq*.  Defendants have failed to convince the Court that this statute is unconstitutional.

Mr. & Mrs. Ponton ask for the garnishment to be quashed and the proceeding dismissed because "neither…has any connection with the state of Washington," and because they "did not participate in a Ponzi Scheme in the State of Washington." Dkt. #18 at 5.  While the Court does not need to examine this issue to rule on this Motion, the procedural history of prior litigation as set forth by the parties appears to strongly indicate that these Defendants have had sufficient contacts with the State of Washington through their dealings with the bankruptcy court and prior uncontested involvement in the underlying ponzi scheme.

ORDER DENYING MOTION TO QUASH WRIT - 4

Defendants' argument concerning the scrivener's error has already been addressed by the Court's prior Order. *See* Dkt. #15 at 3. This matter does not present any genuine dispute regarding similarity of names, and in any event Defendants have failed to convince the Court that such warrants the requested relief.

The Court declines to strike the Declaration of Daniel Gibbons, Dkt. #21, or the Declaration of Matthew Daley, Dkt. #22. The Court did not rely on the exhibits at issue in issuing this ruling.

The remainder of Defendants' reasons to quash are without merit. Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Quash, Dkt. #18, is DENIED.

DATED this 25th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE