UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>Defendants. | Case No. C22-307-RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants Ronald Ponton Sr. and Tomika Ponton's "Motion to Revise April 25, 2022 Interlocutory Decision Pursuant to Rule 54(b) and the Court's Discretion in Light of the CFPB Consent Order Issued May 4, 2022." Dkt. #38.

The Court interprets this as a Motion for Reconsideration under Rule 7(h). Defendants tacitly acknowledge that they are bringing such a Motion by arguing that it should be timely despite the requirements of that Local Rule. *Id.* at 2 ("Please see the following cases in the Western District of Washington finding a rule 54(b) motion timely despite being filed much longer than 14 days after the order of reference despite LCR 7(h)(2)").

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention

ORDER DENYING MOTION FOR RECONSIDERATION - 1

earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

Defendants point to a Consumer Financial Protection Bureau ("CFPB") Consent Order entered May 4, 2022, as "legal authority that could not have been brought to the Court's attention earlier with reasonable diligence." Dkt. #38 at 1. That Consent Order was issued "to Bank of America, N.A. related to the processing of out-of-state garnishments." *Id.* at 3. As summarized by Defendants, "the CFPB Consent Order assesses civil money penalties of $10,000,000 against Bank of America, N.A. bank for freezing funds in customer bank accounts in response to out of state garnishments 'unlawfully' in the same manner as was done to the Pontons by the Plaintiff and Chase Bank." *Id.* Defendants acknowledge that "this is not controlling authority." *Id*.

The Court's April 25 Order addressed the lawfulness of Plaintiff's actions and this Court's personal jurisdiction over Defendants and the funds. Defendants are now using this Consent Order to attack the lawfulness of Chase's actions, but Chase is not a party to this case. The Court finds that the CFPB Consent Order is not controlling authority or persuasive enough to warrant reconsideration of the Court's prior Order. The remainder of the authority cited by Defendants could have been brought to the Court's attention earlier with reasonable diligence.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration, Dkt. #38, is DENIED.

//

//

ORDER DENYING MOTION FOR RECONSIDERATION - 2

DATED this 28th day of July, 2022.

                     RICARDO S. MARTINEZ
                     CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 3