UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE KRIEGMAN, solely in his capacity as court appointed Chapter 11 trustee for LLS America, LLC,

Plaintiff,

v.

RONALD PONTON, JR. and TOMIKA PONTON,

Defendants.

Case No. C22-307RSM

ORDER GRANTING MOTION TO CERTIFY ISSUES TO THE WASHINGTON SUPREME COURT

## I.     INTRODUCTION

This matter comes before the Court on Defendants Ronald Ponton, Jr. and Tomika Ponton's Motion to Certify Issues to the Washington Supreme Court. Dkt. #32. Defendants argue that the following questions should be certified: (1) whether the situs of intangible assets is the domicile of the owner in the context of garnishment of a bank account pursuant to RCW 6.27 *et. seq.*, and (2) whether a Washington writ of garnishment directed to a financial institution that has locations throughout the United States attaches to the judgment debtors' bank accounts wherever located. *Id*. at 2-3.

## II.     BACKGROUND

ORDER GRANTING MOTION TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT - 1

A judgment was entered against Defendants—who reside in Alabama—in the Eastern District of Washington for $117,411 in 2015. *See* Dkt. #13-7. Plaintiff registered the judgment in King County, Washington in 2022. *See* Dkt. #1-1. Plaintiff Bruce Kriegman, Chapter 11 trustee, filed an application for a writ of garnishment with the Superior Court in King County naming JP Morgan Chase Bank ("Chase") as the garnishee. *See* Dkt. #1-2. Defendants removed the action to this Court. *See* Dkt. #1. Defendants challenged jurisdiction arguing that since they are Alabama residents and the situs of their bank deposits is Alabama, the bank deposits cannot be garnished from the state of Washington. *See* Dkt. #18. This Court denied Defendants' motion to quash the writ, finding the exercise of in rem jurisdiction did not violate due process. *See* Dkt. #28 (reasoning that "the garnishee undeniably has contacts with this forum and holds accounts with Defendants' funds").

### III.   DISCUSSION

Defendants now seek this relief arguing that their deposit accounts are intangible personal property, the situs of which, under Washington law, is Alabama not Washington. *See* Dkt. #32 at 5-6 (citing *In re Grady's Est.*, 79 Wn. 2d 41, 43, 483 P.2d 114, 115 (1971) (noting "[p[ersonal property has its situs at the domicile of the owner"); *In re Lloyd's Est.*, 185 Wn. 61, 62, 52 P.2d 1269, 1270 (1936) (stating that "for the purpose of establishing a basis for administration, simple contracts debts are considered as having their situs at the domicile of the debtor")).

Plaintiff responds, agreeing that the situs of a bank account is the domicile of the owner, conceding the first question. *See* Dkt. #39 at 3. Nonetheless, they go on to argue that quasi in rem jurisdiction permits the enforcement of a judgment in a forum where Defendants maintain assets. *Id.* at 5. Plaintiff cited *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F. 3d 1114, 1127 (9th Cir. 2002), which cites *Shaffer v. Heitner*, 433 U.S. 186, 210, 97 S. Ct.

ORDER GRANTING MOTION TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT - 2

2569, 53 L. Ed. 2d 683 (1977). *Shaffer* states that "[o]nce it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter." *Shaffer v. Heitner* at 210 n. 36, 97 S.Ct. 2569. Defendants argue that with Plaintiff conceding the situs of Defendants' bank account to be in Alabama, Plaintiff's prior arguments relying on *Shaffer* no longer apply. *See* Dkt. #40 at 1-2. They opine that if the situs of the bank account is in Alabama, Defendants have no assets in Washington, and thus this Court has no jurisdiction. *Id.* However, the Court has already ruled that jurisdiction exists here. *See* Dkt. #28.

Plaintiff next argues that per RCW 6.27.080, if the writ names the financial institution, garnishment is open to wherever the funds are located throughout the United States. *See* Dkt. #39 at 3-4. Defendants argue that Plaintiff is interpreting the statute too broadly. *See* Dkt. #40 at 3-4. Additionally, they assert that because there is a presumption against territoriality and there is no case law or legislative history on the question in dispute—whether writ of garnishment attaches to the judgment debtor's accounts wherever located—this question should be certified to the Washington Supreme Court. *Id.*; *see also RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 335, 136 S. Ct. 2090, 2100, 195 L. Ed. 2d 476 (2016) (noting "when a statute gives no clear indication of an extraterritorial application, there is none"). The garnishment statute provides: "[a] writ naming the financial institution as the garnishee defendant shall be effective only to attach deposits of the defendant in the financial institution and compensation payable for personal services due the defendant from the financial institution." RCW 6.27.080(3). In a separate paragraph, the statute says "[a] writ of garnishment is effective against property in the possession

ORDER GRANTING MOTION TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT - 3

or control of a financial institution only if the writ of garnishment is directed to and names a branch as garnishee defendant." RCW 6.27.080(3).

Defendants argue, *inter alia,* that courts in other jurisdictions have dismissed garnishment when a federal district court incorrectly found bank deposits to be located wherever they could be withdrawn. *See* Dkt. #32 at 8 (citing *Macatawa Bank v. Wipperfurth*, 294 Mich.App. 617, 822 N.W.2d 237 (2011)). They also assert that policy considerations weigh in favor of certification in this case. *Id.*

Certification is appropriate when a question of local law has not been determined by the Washington courts and the answer to the question is outcome determinative. *Centurion Properties III, LLC v. Chicago Title Ins. Co.*, 793 F.3d 1087, 1090 (9th Cir. 2015). Ultimately, "[t]he decision to certify a question to a state supreme court rests in the sound discretion of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003).

Plaintiff does not adequately address why certification is not appropriate under these circumstances and does not deny any of the legal authority cited by Defendants. The Court agrees that the answer to this question is outcome determinative and finds that there is a valid basis for certifying the following question to the Washington State Supreme Court: Under RCW 6.27.080, does a Washington writ of garnishment directed to a financial institution that has locations throughout the United States attach to a judgment debtor's bank accounts where the situs is in another state?

### IV.     CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Certify Question to the Washington Supreme Court, Dkt. #32, is GRANTED in part and DENIED in part.

The Clerk is DIRECTED to submit to the Washington Supreme Court certified copies of this Order and a copy of the docket in the above-captioned matter. The Clerk shall notify the parties as soon as possible, but no more than three days, after the above described record is filed with the Washington Supreme Court.

DATED this 20th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE