**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court appointed Chapter 11 trustee for LLS America, LLC., <br><br> Plaintiff, <br><br> v. <br><br> RONALD PONTON, JR. and TOMIKA PONTON, <br><br> Defendants. | Case No.2:22-cv-00307-RSM <br><br> MOTION TO DISMISS GARNISHMENT PROCEEDING, VACATE ORDER FREEZING ACCOUNTS, AND WITHDRAW CERTIFICATION TO STATE SUPREME COURT <br><br> NOTE ON MOTION CALENDAR: Friday, November 18, 2022 |

## I. MOTION

Bruce P. Kriegman (the "Trustee"), solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC Liquidating Trust (the "Trust") moves the Court for entry of an order (1) dismissing with prejudice the garnishment proceeding initiated in King County Superior Court and removed by Defendants to this Court, (2)

MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 1
(No.2:22-cv-00307-RSM)
{19581/001 /02995615-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

vacating the Order Freezing Accounts entered by this Court on March 25, 2022, and (3) Withdrawing its Order Granting Motion to Certify Issues to the Washington Supreme Court entered October 20, 2022. This Motion is supported by the Declaration of Bruce P. Kriegman submitted herewith and the Court file in this proceeding.

## II. FACTS

This Court succinctly summarized most of the facts pertinent to this Motion at page 2 of its October 20, 2022 Order Granting Motion to Certify Issues to the Washington Supreme Court (Dkt. No. 44), as follows:

> A judgment was entered against Defendants - who reside in Alabama - in the Eastern District of Washington for $117,411 in 2015. *See* Dkt. #13-7. Plaintiff registered the judgment in King County, Washington in 2022. *See* Dkt. #1-1. Plaintiff Bruce Kriegman, Chapter 11 trustee, filed an application for a writ of garnishment with the Superior Court in King County naming JP Morgan Chase Bank ("Chase") as the garnishee. *See* Dkt. #1-2. Defendants removed the action to this Court. *See* Dkt. #1. Defendants challenged jurisdiction arguing that since they are Alabama residents and the situs of their bank deposits is Alabama, the bank deposits cannot be garnished from the state of Washington. See Dkt. #18. This Court denied Defendants' motion to quash the writ, finding the exercise of in rem jurisdiction did not violate due process. *See* Dkt. #28 (reasoning that "the garnishee undeniably has contacts with this forum and holds accounts with Defendants' funds").

The following additional facts also are pertinent to this motion.

On March 25, 2022, on the stipulation of the parties, this Court entered an Order Freezing Accounts (Dkt. No. 17). In substance, the Order Freezing Accounts provides that the three accounts listed in said Order, containing funds in the total amount of $58,448.88 being held by reason of the Writ of Garnishment served on Chase, are to remain frozen pending further order of this Court (or further order of the King County Superior Court in the event this proceeding is remanded to the King County Superior Court).

MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 2
(Case No.2:22-cv-00307-RSM)
{19581/001/02995615-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

On June 6, 2022, Defendants Ronald Ponton, Jr. and Tomika Ponton filed a Motion with this Court asking this Court to certify an issue to the Washington Supreme Court (Dkt. No. 32) (the "Certification Motion"). On October 20, 2022, this Court granted the Certification Motion in part by entry of its Order Granting Motion to Certify Issues to the Washington Supreme Court (Dkt. No. 44) (the "Certification Order"). Specifically, the issue certified by this Court to the Washington State Supreme Court is the following: "Under RCW 6.27.080, does a Washington Writ of Garnishment directed to a financial institution that has locations throughout the United States attach to a Judgment Debtor's bank accounts where the situs is in another state?"

On June 8, 2022, the parties filed with this Court their Joint Case Status Report and Proposed Discovery Plan (Dkt. No. 34). At Section L of the Status Report, labeled "Dispute Resolution", the parties agreed that "to the extent the case remains open, the Parties agree to select a mediator from the list of attorney neutrals by July 31, 2022 and engage in virtual mediation by September 30, 2022." Thereafter, the parties agree to engage attorney Matt Turetsky as the mediator, and scheduled the mediation for 9 a.m. on Monday, October 31, 2022. However, on Tuesday, October 25, 2022, counsel for Defendants unilaterally cancelled the mediation session "due to recent developments in the case."

What initially began as a routine garnishment proceeding in King County Superior Court has morphed into a time-consuming and expensive proceeding before this Court and, now, into a proceeding before the Washington State Supreme Court based upon this Court's Certification Order. While the Trustee had hoped to resolve this matter at the mediation scheduled for October 31, that now is not going to occur given the Defendants' unilateral cancellation of the mediation session.

MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 3
(Case No.2:22-cv-00307-RSM)
{19581/001/02995615-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

At this juncture, the Trustee has determined that continuing the pursuit of the garnished funds (just over $58,000.00 frozen by reason of the garnishment) is not a wise and prudent business decision for the Trust, given the ongoing legal expense associated with continuing this litigation before the Washington State Supreme Court, and given Defendants' refusal to mediate (even though they agreed and told the Court they would do so). For those reasons, the Trustee has made the business decision, as the fiduciary for the LLS America, LLC Liquidating Trust, to dismiss its garnishment against Defendants, and as part of that dismissal, to have the Court vacate the Order Freezing Accounts and release the garnished funds to the Defendants. To implement that decision, the Trustee has filed this Motion with the Court.

### III. LAW AND ARGUMENT

FRCP 41(a)(2) governs this Motion. Specifically, FRCP 41(a) authorizes this Court to dismiss a proceeding at the Plaintiff's request on terms the Court considers proper.

Under the circumstances present here no conditions should be imposed by the Court on granting the Dismissal Motion. The law is well settled that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances. *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997). In the words of the Aerotech Court,

> When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him. In contrast, when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again.

*Id.* (citations omitted).

MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 4
(Case No.2:22-cv-00307-RSM)
{19581/001/02995615-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

In the Ninth Circuit, even in the case of a voluntary dismissal without prejudice, payment of a defendant's costs and attorney fees is not a prerequisite to an order granting a voluntary dismissal. In *Stevedoring Services of America, Ltd v. Armilla International, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989), the Ninth Circuit Court of Appeals held that "the district court did not automatically abuse its discretion by refusing to require SSA to pay Armilla's costs and attorney fees as a condition precedent to an order granting voluntary dismissal without prejudice under Fed.R.Civ.P. 4l(a)(2)." In so ruling, the Ninth Circuit set forth its reasoning as follows:

> We need not decide the good faith question here, however, because the district court's decision denying costs and attorney fees is justified by its consideration of other legitimate factors. The district court explained that SSA had a realistic chance of prevailing on its alter ego theory which was the gravamen of its request for a writ of attachment. The district court commented that the alter ego issue presented a close question which was resolved only after weeks of hearings. When SSA lost on this issue it lost the writ of attachment it had sought. SSA then decided to dismiss the case. Given these circumstances, the district court did not abuse its discretion in refusing to order the payment of Armilla's costs and attorney fees as a condition precedent to SSA's voluntary dismissal without prejudice under Fed.R.Civ.P. 4l(a)(2). *Id.* at 922.

Not only is the dismissal without prejudice standard not applicable here because the motion seeks dismissal with prejudice, the reasoning in SSA is equally applicable inasmuch as defendants did not prevail on any of their defenses to the garnishment on motions for a TRO and to quash the garnishment, including jurisdictional and statutory interpretation defenses. Indeed, on March 22, 2022, this Court entered an Order Denying Motion for Temporary Restraining Order in which Defendants sought a release of funds. In denying the TRO, this Court ruled that "[I]t currently appears to the Court that this garnishment was valid under Washington law." Order Denying Motion for Temporary Restraining Order, page 3, line 18. Similarly, on April 25, 2022, this

MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 5
(Case No.2:22-cv-00307-RSM
{19581/001/02995615-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

Court entered an Order Denying Motion to Quash Writ, again finding the garnishment to be proper under the garnishment statute:

> (This statute does not appear to have been violated by Plaintiff. Defendants have failed to convince the Court that there has been some other statutory violation of Washington State's garnishment act, RCW 6.27 *et seq*. Defendants have failed to convince the Court that this statute is unconstitutional.

Order Denying Motion to Quash Writ, 4:16-20 (Dkt. No. 28).

As was the case with SSA, the Trustee here has made a business decision that continuing the litigation has become economically impractical, notwithstanding bona fide legal arguments that the garnishment is legal and enforceable. This Court should dismiss this proceeding, vacate the Order Freezing Accounts, and withdraw the Certification Order as moot.

## IV. CONCLUSION

For the foregoing reasons, the Trustee's motion should be granted.

DATED this 27th day of October 2022.

MONTGOMERY PURDUE PLLC

By: *s/Michael E. Gossler*
Michael E. Gossler, WSBA 11044
E-Mail: mgossler@montgomerypurdue.com
5500 Columbia Center
701 Fifth Avenue
Seattle, WA 98104-7096
Telephone: 206-682-7090
Fax: 206-625-9534
Co-Counsel for Plaintiff/Judgment Creditor, Bruce P. Kriegman, solely in his capacity as

MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 6
(Case No.:2:22-cv-00307-RSM)
{19581/001/02995615-1}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

court-appointed Chapter 11 Trustee for LLS America, LLC

WITHERSPOON KELLEY

By: *s/Shelley N. Ripley*
Shelley N. Ripley, WSBA 28901
E-Mail: snr@witherspoonkelley.com
Co-Counsel for Plaintiff/Judgment Creditor, Bruce P. Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC

MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 7
(Case No.2:22-cv-00307-RSM)
{19581/001/02995615-1}

**MONTGOMERY PURDUE**PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534