IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>Plaintiff,<br><br>v<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>Defendants. | CASE NO. 2:22-cv-00307<br><br>RESPONSE IN OPPOSITION TO MOTION TO DISMISS GARNISHMENT PROCEEDING, VACATE ORDER FREEZING ACCOUNTS, WITHDRAW CERTIFICATION TO STATE SUPREME COURT |

The Pontons oppose Kriegman's Motion to Dismiss [Dkt #48] because they will suffer plain legal prejudice if the Washington Supreme Court is not permitted to decide the certified question. Uniquely in a garnishment case based on a foreign judgment, the voluntary motion to dismiss with prejudice is very similar to one without prejudice. This is because a foreign judgment can be refiled as a new case in a more favorable county in Washington.  Therefore, a dismissal with prejudice prohibits the trustee from returning to King county, Washington and federal court with a new garnishment. However, the Trustee can start a new case in any other county in Washington state without worrying about the certified question.

Should this Court be inclined to grant the Trustee's motion for voluntary dismissal with prejudice, the Pontons will be the clear prevailing party under the Washington garnishment statute, and thus entitled to the grant of mandatory attorney fees under RCW 6.27.230.

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS - 1

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

**ARGUMENT**

**I.    The Plaintiff is Forum Shopping in Order to Avoid an Adverse Decision**

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2)4 unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir.1987). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Smith v Lenches*, 263 F3d 972, 975-76 (9th Cir 2001). "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Abbey Dental Ctr. v Consumer Opinion, LLC*, 782 Fed Appx 618, 619 (9th Cir 2019). A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir.1988). A party may not dismiss simply to seek a more favorable forum. *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir.2005).

Courts outside the Ninth Circuit have considered a number of factors when deciding whether to permit voluntary dismissal under Rule 41(a)(2), including: (1) the defendant's efforts and expense in preparing for trial; (2) plaintiff's diligence in prosecuting the action; (3) plaintiff's explanation of the need to dismiss; and (4) whether there are pending summary judgment motions. *See also Shainin II, LLC v Allen*, C06-420 P, 2006 WL 3042907, at *2 (WD Wash Oct. 24, 2006).

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

### A.      The Trustee is Forum Shopping and the Defendants Will Suffer the Loss of Their Federal Forum

The purpose of diversity jurisdiction traditionally is to provide out-of-state litigants with the opportunity to defend themselves in an unbiased court. The Trustee did not want this case in federal court. [See Dkt #11 motion to remand]. Most of the federal cases analyze voluntary motions to dismiss with prejudice differently than voluntary motions to dismiss without prejudice because a claim to dismiss with prejudice cannot be brought again. However, in the case of a garnishment brought on a foreign judgment, the next garnishment can be brought in a forum much more favorable to the Trustee where he does not risk the certified question and he likely does not risk the case reaching the Washington Supreme Court. The reason this is true with a foreign judgment is because a writ of garnishment brought on a foreign judgment becomes a new case when the judgment is filed in a new county and the garnishment is based on that newly filed judgment. Thus the Pontons will be exposed to the same exact risk of litigating in a far-away state, while having an Alabama bank account, without the benefit of the answer of the certified question. Thus unless the Trustee certifies under oath otherwise, he is forum shopping to avoid an adverse decision and a better forum.  "[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum[.]") *See Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir.1986) (upholding a finding of forum shopping where plaintiff sought dismissal without prejudice of a claim in order to have it heard before a different court).

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS - 3

**B.      The Pontons Will Suffer Legal Claim Prejudice**

By accepting the voluntary dismissal of this case the Pontons are prejudiced in a legal claim against the Trustee and his attorneys. At the point when the law clearly dictates a result for the Pontons, it is unfair to permanently eliminate liability of one of the claims and/or make the burden of proof more difficult for one of the claims against  the plaintiff by dismissing the case with prejudice. In the Trustee's Declaration he wrote; "[o]n the advice of experienced collection counsel, the Trust initiated the garnishment proceeding." [Dkt #49, ¶2]. Now it seems, the Trustee in part, has discharged certain counsel (Green & Norwood) and hired additional legal counsel. When the writ was under application, the legal counsel swore under oath that the Pontons bank account was located in King County [Dkt #1 Attachment 2] yet later conceded that they knew under Washington law that the bank account was located in Alabama. [See Dkt #39 p.3]. A decision by the Washington Supreme Court that the Washington statute is not applied extraterritorially opens up legal claims against the Trustee's attorneys for filing the writs against the Pontons in the state of Washington. This federal forum that allows such certification cannot be repeated. The Pontons will be prejudiced if they are forced to litigate claims against the Trustee's attorneys without a decision from the state's highest court on the interpretation of the garnishment statute.

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS - 4

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

### C.      The Trustee's Explanation is Inadequate

The Trustee's reason for the motion for voluntary dismissal was; "the pursuit of the garnished funds is not in the Trust's best interest or prudent use of its limited resources, given the ongoing legal expense associated with further litigation in yet another forum, and given Defendants refusal to mediate (even though they agreed and told the Court they would do so)." [Dkt #49, p.3]. The Trustee's reasoning is false with respect to litigation expenses and the Pontons' refusal to mediate. Rather than one brief in the Washington Supreme Court which could just expound on the previous brief in this Court, the trustee has written a motion to voluntarily dismiss its claim and a motion to stay in the Washington Supreme Court with a new attorney.  The Trustee has increased his briefing load and therefore attempted to avoid an adverse decision.

Additionally, the Trustee falsely alleged that the Pontons refused to mediate and attached an email in "support" wherein the Pontons postponed the October 31 mediation and offered to schedule a no-cost settlement conference in December. The truth is the Pontons have repeatedly tried to mediate with the Trustee but it is the Trustee who has brushed off mediation. [See Exhibit A]. Around June 10, 2022, the Pontons asked to meet for a settlement conference. [Id. P. 1] When the Trustee declined, the Pontons made the first settlement offer. [Id. p.1] The Pontons added the mediation requirement to the Joint Case Status Report. [Id]. In that report the parties agreed to select a mediator from the list of attorney neutrals by July 31, 2022 and have mediation by September 31, 2022. [Dkt

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

#34 p. 8]. The Pontons provided three names and the Trustee provided no feedback except he didn't want to pay for them. [Exhibit A p. 3]. Three months later, the Trustee's attorney implied that since it was not confirmed by scheduling order, we didn't have to follow the status report mediation dates. [Exhibit A. p. 5]. The Pontons' attorney worked to persuade the plaintiff's attorney that settlement was still worthwhile stating "I don't believe face to face communication between face to face communication between sincere parties is ever futile." [Exhibit A. p. 6] In fact, the Pontons only postponed the mediation after the Trustee's attorney flat out emailed them in October that "as reflected in prior negotiations, a non-monetary settlement is not acceptable." [Exhibit A. p.7]. Thus, that is why after the certified question was granted, the Pontons postponed the paid mediation and were not willing to  shell out money for a mediator when their hands were tied in the negotiation as to what they could offer.

　　　　In reviewing the case law, it was difficult to find a case quite like the one at issue here where a state certified question case is outstanding rather than a motion for summary judgment. The following are Ninth Circuit cases where voluntary motions to dismiss were denied; *Koerner v Aetna U.S. Healthcare, Inc*., 92 Fed Appx 394 (9th Cir 2003) (district court was within its discretion in denying plaintiff's motion for voluntary dismissal, where purpose of motion was to negate a magistrate's prior order denying plaintiff's untimely demand for a jury trial by refiling his claim in state court.) *Thompson v Janssen Pharm., Inc*., 756 Fed Appx 740, 741 (9th Cir 2019) (district court did not abuse discretion in denying motion for voluntary dismissal where plaintiff filed the Rule 41(a)(2) motion only after becoming aware that defendant would seek summary

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS - 6

judgment and court found that granting the motion might require defendant to fight claim in state court after substantial discovery); *Corales v Flagstar Bank*, FSB, C10-1922JLR, 2011 WL 1584284, at *2 (WD Wash Apr. 26, 2011) (voluntary dismissal without prejudice filed so that the plaintiffs could re-file in bankruptcy court "to stay the trustee's sale."). *Kern Oil and Ref. Co. v Tenneco Oil Co.*, 792 F2d 1380, 1389 (9th Cir 1986) (the circumstances of this case support the district court's finding that the purpose of the voluntary dismissal of the claim right after the summary judgment was forum shopping for a particular judge); *See Westlands Cent. Montana Rail v BNSF Ry. Co.*, 422 Fed Appx 636, 638 (9th Cir 2011) (The district court's assessment of legal prejudice was not based on an erroneous view of the law because if action was dismissed without prejudice, competitor could face litigation in state court of claim that had reached summary judgment stage in federal court, and competitor would be denied a federal forum.)  Additionally, the following are two cases where the voluntary dismissal motion was filed after a question that was certified to the state supreme court was decided against the interest of the plaintiff and denied by the respective court of appeals. *Mitchell v Roberts*, 43 F4th 1074 (10th Cir 2022); *Grover by Grover v Eli Lilly and Co.*, 33 F3d 716, 719 (6th Cir 1994). These two cases are less applicable than the Ninth Circuit ones above; nevertheless they all support denying the Trustee's motion and allowing the case to proceed in the Washington Supreme Court.

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS - 7

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

1

2

**II.      If the Court Grants Kriegman's Motion, Washington Law Mandates the Payment of Attorney Fees and Costs to the Pontons as the Prevailing Party**

3

4

"Federal courts ... are required to apply state law in diversity actions with regard

5

to the allowance or disallowance of attorney's fees." *Menken v Emm*, 217 F3d 845 (9th

6

Cir 2000) citing *Schulz v. Lamb*, 591 F.2d 1268, 1273 (9th Cir.1978). The Pontons

7

controverted the answer on March 28, 2022 by means of Docket 18. An answer can be

8

controverted by means of a motion to dismiss. *Blair v GIM Corp., Inc*., 88 Wash App

9

475, 478-79, 945 P2d 1149, 1151 (Wash Ct App 1997).

10

11

> Where the answer is controverted, the costs of the proceeding, including a reasonable compensation for attorney's fees, shall be awarded to the prevailing party: PROVIDED, That no costs or attorney's fees in such contest shall be taxable to the defendant in the event of a controversion by the plaintiff.  RCW. 6.27.230.

12

13

14

In *Park Place Motors*, the Court of Appeals of Washington, Division I, held that attorney

15

fees were due to successful party after controversion of the answer for wrongful

16

garnishment despite the voluntary dismissal of the controversion action. *Park Place*

17

*Motors, Ltd. v Elite Cornerstone Constr., LLC*, 18 Wash App 2d 748, 757-58, 493 P3d

18

19

136, 142 (Wash Ct App 2021).

20

21

> "The legislature's choice to require attorney fees and costs to be awarded to a prevailing party following a controversion suggests that meritless challenges to garnishments and improper garnishments are discouraged. Any lack of a judgment specific to the [controversion action] is a direct result of the defendant choosing to challenge the garnishment in a separate action and voluntarily dismissing it. If we were to follow the defendant's logic, it would create an end run around RCW 6.27.230 allowing parties to avoid paying attorney fees where the legislature has determined that they should.
> *Park Place Motors, Ltd. v Elite Cornerstone Constr., LLC*, 18 Wash App 2d 748, 757-58, 493 P3d 136, 142 (Wash Ct App 2021).

22

23

24

25

26

Springs Law Firm, Pllc
228 Park Ave S
New York, NY 10003
V (704) 241-9995 / F (877) 444-4464

Thus Kriegman's end run around the judgment through a voluntary dismissal cannot defeat the Washington legislature's choice to require attorney fees and costs to be awarded to the Pontons as the prevailing party.

Ninth Circuit precedent supports this results in diversity actions as well. In *Menken v Emm*, having depleted the funds required for the litigation of his claims, David Menken moved for voluntary dismissal with prejudice under Fed.R.Civ.P. 41(a)(2). *Menken v Emm*, 217 F3d 845 (9th Cir 2000). Under Nevada law, a prevailing party may be awarded reasonable attorneys' fees pursuant to the fee-shifting provision of a lawful written agreement previously executed by the parties to the litigation. *Menken v Emm*, 217 F3d 845. The district court ultimately granted Menken's motion for voluntary dismissal but awarded attorneys' fees to the defendants. Menken appealed the award of attorneys' fees. *Menken v Emm*, 217 F3d 845. In *Menken*, the Ninth Circuit, made clear that the defendant is the prevailing party for the purpose of an attorney fee claim on a voluntary dismissal with prejudice. *Menken*, 217 F3d 845 ("It is well established in our jurisprudence that a dismissal with prejudice amounts to a judgment").

Under a garnishment action that releases all funds to the Pontons, a dismissal with prejudice would render the Pontons the prevailing parties in this action. *Elliott Bay Adjustment Co. v. Dacumos*, 200 Wn. App. 208,213,401 P.3d 473 (2017)( "A dismissal with prejudice constitutes a final judgment on the merits.") "As a general rule, a prevailing party is one against whom no affirmative judgment is entered." *Eagle Point*, 102 Wash.App. at 706, 9 P.3d 898 (citing *Anderson v. Gold Seal Vineyards, Inc.*, 81 Wash.2d 863, 868, 505 P.2d 790 (1973)). Thus, if neither party wholly prevails, the prevailing party is the one who substantially prevails, and this depends on the extent of the relief accorded the parties. *Kyle v. Williams*, 139 Wash. App. 348, 356, 161 P.3d 1036, 1039 (2007). If dismissal with prejudice is entered, the Pontons are entitled to an award of reasonable attorney's fees and expenses pursuant to RCW 6.27 et seq.  The total

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

extent of the relief afforded here, the relief of the garnishment, establishes the Pontons as prevailing party.

## CONCLUSION

The Pontons earnestly request that the Court reject the Trustee's attempt to circumvent the pending certified question in the Washington Supreme Court and deny the motion for voluntary dismissal. If the Court grants the motion for voluntary dismissal, the Pontons request that the Court recognize the Pontons as the prevailing party, formally dissolve the writ of garnishment and grant the Pontons attorney fees and costs in connection with this action pursuant to RCW 6.27.230.

Dated November 14, 2022                    Respectfully submitted,

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
113 Cherry St, PMB 58364
Seattle, WA 98104
Tel: 206-330-0595 / Fax 206-400-7609
chenry@hdm-legal.com

/s/ Venus Y Springs
Venus Y. Springs
*Pro Hac Vice*
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com

*Attorneys for Defendants*

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following attorneys for the plaintiff:

Michael E. Gossler at mgossler@montgomerypurdue.com

Elizabeth Hebener Norwood at elizabether@gnlawseattle.com

Matthew Green at matt@gnlawseattle.com

Matthew Daley at mwd@witherspoonkelley.com

Shelley N. Ripley at snr@witherspoonkelley.com

Dated November 14, 2022,

/s/ Venus Y Springs
Venus Y. Springs
Springs Law Firm PLLC
228 Park Ave, S.
New York, NY 10003-1502
Tel: 704-241-9995
vsprings@springslawfirm.com
*Pro Hac Vice*

RESPONSE IN OPPOSITION TO
MOTION TO DISMISS - 11

SPRINGS LAW FIRM, PLLC
228 PARK AVE S
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464