**EXHIBIT A**
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>                Plaintiff,<br>v<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>                Defendants. | CASE NO. 2:22-cv-00307<br><br>DECLARATION OF VENUS SPRINGS IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION TO DISMISS GARNISHMENT PROCEEDING, VACATE ORDER FREEZING ACCOUNTS, WITHDRAW CERTIFICATION TO STATE SUPREME COURT |

DECLARATION OF VENUS SPRINGS

I, Venus Springs, declare under the penalty of perjury under the laws of the United States that the following is true and correct to the best of my knowledge;

1. I am one of the attorneys (*pro hac vice*) representing Ronald and Tomika Ponton.

2. Attached as Exhibit A are true and correct copies of emails between plaintiff's and defendants' counsel on the matter of meeting for the purpose of discussing settlement and mediation.

3. I edited the Joint Case Status and Discovery Plan to add the paragraph to require the parties to select a mediator from the list of attorney neutrals by July 31, 2022 and mediate by September 30, 2022.

4. On June 10, 2022, I sent the plaintiff's counsel the Ponton's schedule in anticipation of a settlement conference and then Shelley Ripley emailed me that he did not wish to meet in a conference and to email an offer.

DECLARATION OF VENUS SPRINGS 1

**SPRINGS LAW FIRM PLLC**
228 PARK AVE SOUTH, STE 54205
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464

5. On June 20, 2022, I emailed the first settlement offer to the plaintiff's counsel on behalf of the Pontons.

6. On June 21, 2022, the plaintiff's counsel emailed a counteroffer.

Dated November 14, 2022        _____

DECLARATION OF VENUS SPRINGS 2

SPRINGS LAW FIRM PLLC
228 PARK AVE SOUTH, STE 54205
NEW YORK, NY 10003
V (704) 241-9995 / F (877) 444-4464


Gmail

**RE: Kriegman v Pontons 2:22-cv-307 Confidential Settlement Offer/FRE 408**

**vsprings@springslawfirm.com** <vsprings@springslawfirm.com>  Fri, Sep 9, 2022 at 2:36 PM
To: "Shelley N. Ripley" <SNR@witherspoonkelley.com>, "Matthew W. Daley" <MWD@witherspoonkelley.com>
Cc: Elizabeth Hebener Norwood <elizabeth@gnlawseattle.com>, Christina Henry <chenry@hdm-legal.com>

Good afternoon Shelley,

I hope all is well. According to the joint status report, we agreed to select a mediator from the list of attorney neutrals and complete mediation by the end of this month. It was agreed to by both sides and filed with the court by your client, the Plaintiff. If you do not plan to/are unable to comply with the Joint Status Report, please let me know and seek some relief from that requirement from the court by COB Monday. I provided two possible cost-free provisions below.  My client would still like to have a mediator with someone from the register of attorney neutrals. Although agreement seems pretty bleak, I have seen some good mediators work out deals among worse circumstances. Additionally, it can be brief and both sides can seek hardship accommodation. After Monday, I intend to ask the Court to select the mediator pursuant to the clause (c)(3) that I pasted in the July 27th email (see below) unless the case closes.

Best regards,

Venus

---

**From:** vsprings@springslawfirm.com <vsprings@springslawfirm.com>
**Sent:** Wednesday, July 27, 2022 5:56 PM
**To:** 'Christina Henry' <chenry@hdm-legal.com>; 'Shelley N. Ripley' <SNR@witherspoonkelley.com>; 'Matthew W. Daley' <MWD@witherspoonkelley.com>
**Cc:** 'Elizabeth Hebener Norwood' <elizabeth@gnlawseattle.com>
**Subject:** RE: Kriegman v Pontons 2:22-cv-307 Confidential Settlement Offer/FRE 408

Shelley-

Following up on Christina's response, I reviewed the backgrounds of the two federal judges and I don't see any state law experience. This case involves some important state law issues and it would be best to have someone familiar with both.  I see both had private practice experience, one before 2010 and the other before 2008 but there is no detail. We, therefore, do not wish to use either of them as mediators. In the filed Joint Status Report we both agreed to pick from the list of attorney neutrals.  I have experienced better settlement results with attorneys than judges. If finances are the issue, please note the hardship accommodations below copied from page 73 of the Western District of Washington local rules. The trustee may apply for free mediation based on financial hardship. This Court would understand how liquidating trusts are funded.

(c)(3) If the parties cannot agree upon the selection of a mediator, either party may apply to the court for the designation of a mediator from the register of attorney neutrals. The court shall thereupon promptly designate a mediator from the register and shall send notice of that designation to the mediator and to all attorneys of record in the action. The court may require the mediator to serve without compensation in some circumstances.

(4) Request for Mediation Without Charge. A party, or the parties jointly, may request pro bono (free of charge) mediation. To do so, parties may complete and sign the Request for Mediation Without Charge form, available from the Clerk's Office and on the court's website. On the form, parties must indicate the basis for the request, which may include that one or more parties are unable, without financial hardship, to pay the anticipated fee for the services of the mediator.

Best regards,

Venus

[Quoted text hidden]

 Gmail    SPRINGS LAW <springslawfirm@gmail.com>

---

**RE: Kriegman v Pontons 2:22-cv-307 Confidential Settlement Offer/FRE 408**

**Shelley N. Ripley** <SNR@witherspoonkelley.com>  Fri, Sep 9, 2022 at 3:45 PM
To: "vsprings@springslawfirm.com" <vsprings@springslawfirm.com>, "Matthew W. Daley" <MWD@witherspoonkelley.com>
Cc: Elizabeth Hebener Norwood <elizabeth@gnlawseattle.com>, Christina Henry <chenry@hdm-legal.com>

Venus –

I just returned to the office this week from being out of the country for 14 days. I received your below email and have reached out to the Trustee to discuss mediation. We will get back to you early next week.

[Quoted text hidden]

 Gmail                                                                                                                                              SPRINGS LAW <springslawfirm@gmail.com>

---

**RE: Kriegman v Pontons 2:22-cv-307 Confidential Settlement Offer/FRE 408**

---

**Shelley N. Ripley** <SNR@witherspoonkelley.com>                                                                                      Tue, Sep 13, 2022 at 6:27 PM
To: "vsprings@springslawfirm.com" <vsprings@springslawfirm.com>, "Matthew W. Daley" <MWD@witherspoonkelley.com>
Cc: Elizabeth Hebener Norwood <elizabeth@gnlawseattle.com>, Christina Henry <chenry@hdm-legal.com>

Venus –

As you are aware, the Court has not yet entered a scheduling order. As such, it is likely we will need to readdress the dates set forth in the Joint Case Status Report. For example, the Court has not ruled on the motion to certify. Discovery may be required depending on the Court's ruling.

Notwithstanding the foregoing, the Trustee reviewed the attorney neutral list. The Trustee would agree to Matthew Turestsky or Jessie L. Harris. Again, the Trustee would like to preserve Trust assets. Given your statement that an agreement among the parties is bleak, mediation appears to be futile. Nevertheless, the Trustee is willing to proceed with mediation but reserves the right to seek court intervention in the event mediation by an attorney neutral will be cost prohibitive. It may be more productive if we schedule mediation following the Court's ruling on the motion to certify.

Please let us know how your clients would like to proceed.

Shelley

**Shelley N. Ripley**
Principal | Witherspoon • Kelley
SNR@witherspoonkelley.com | Attorney Profile | vCard



422 W. Riverside Ave, Ste 1100
Spokane, WA 99201
(509) 624-5265 (office)
(509) 458-2728 (fax)
witherspoonkelley.com

*Confidentiality Notice: The information contained in this email and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, and delete the original message and all copies from your system. Thank you.*

[Quoted text hidden]

**From:** vsprings@springslawfirm.com <vsprings@springslawfirm.com>
**Sent:** Wednesday, September 14, 2022 5:24 PM
**To:** Shelley N. Ripley <SNR@witherspoonkelley.com>; Matthew W. Daley <MWD@witherspoonkelley.com>
**Cc:** 'Elizabeth Hebener Norwood' <elizabeth@gnlawseattle.com>; 'Christina Henry' <chenry@hdm-legal.com>
**Subject:** RE: Kriegman v Pontons 2:22-cv-307 Confidential Settlement Offer/FRE 408

Good afternoon, Shelley,

I don't believe face to face communication between sincere parties is ever futile and I never said that an agreement among the parties is bleak. According to the local rules the court can order the parties to file a joint status report and it doesn't have to enter a scheduling order. This makes sense when we informed the court only matters of law were at issue. I don't see what discovery could be possible in a garnishment proceeding and in the discovery plan, apparently, neither could you.

I have contacted both of the mediators for their schedules. Please let me know what dates you and the plaintiff can be available. We won't need more than half a day and likely less. It may be that your client's motion is granted in the interim and then a mediation will not be necessary.

Best regards,

[Quoted text hidden]

 Gmail                                                                                                                    SPRINGS LAW <springslawfirm@gmail.com>

---

**Kriegman v Pontons 2:22-cv-307 Confidential for Settlement Purposes Only/Protected Communication Under FRE 408 and Other Applicable Law**

---

**Shelley N. Ripley** <SNR@witherspoonkelley.com>                                                                              Fri, Oct 7, 2022 at 3:31 PM
To: "vsprings@springslawfirm.com" <vsprings@springslawfirm.com>, Christina Henry <chenry@hdm-legal.com>

Kriegman v Pontons 2:22-cv-307 Confidential for Settlement Purposes Only/Protected Communication Under FRE 408 and Other Applicable Law

Dear Venus and Christina:

[redacted]

[redacted].

However, as reflected in prior negotiations, a non-monetary settlement is not acceptable.

[redacted]

Sincerely,

**Shelley N. Ripley**
Principal | Witherspoon • Kelley
SNR@witherspoonkelley.com | Attorney Profile | vCard



422 W. Riverside Ave, Ste 1100
Spokane, WA 99201
(509) 624-5265 (office)
(509) 458-2728 (fax)
witherspoonkelley.com

Confidentiality Notice: The information contained in this email and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, and delete the original message and all copies from your system. Thank you.