# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court appointed Chapter 11 trustee for LLS America, LLC., <br><br> Plaintiff, <br><br> v. <br><br> RONALD PONTON, JR. and TOMIKA PONTON, <br><br> Defendants. | Case No.C22-307RSM <br><br> PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS GARNISHMENT PROCEEDING, VACATE ORDER FREEZING ACCOUNTS, AND WITHDRAW CERTIFICATION TO STATE SUPREME COURT <br><br> NOTE ON MOTION CALENDAR: Friday, November 18, 2022 |

## I. INTRODUCTION

The Plaintiff Trustee has moved the Court for entry of an order (1) dismissing with prejudice the garnishment proceeding initiated in King County Superior Court and removed by Defendants to this Court, (2) vacating the Order Freezing Accounts

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 1
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

entered by this Court on March 25, 2022, and (3) withdrawing its Order Granting Motion to Certify Issues to the Washington Supreme Court entered October 20, 2022. The Trustee made that motion based upon his business decision that continuing the litigation in the Washington Supreme court and beyond is not in the best interest of the Trust.

The Defendants have filed an opposition to the Trustee's motion in the form of Defendants' Response in Opposition to Motion to Dismiss Garnishment Proceeding, Vacate Order Freezing Accounts, Withdraw Certification to State Supreme Court (the "Opposition Response"), in which they argue (1) the requested dismissal with prejudice is really not a dismissal with prejudice because the judgment can be registered in another Washington County on which a new garnishment can be issued, and that the Trustee is forum shopping, (2) that Defendants will be prejudiced because if the issue certified by this Court is allowed to be decided by the Washington State Supreme Court, Defendants will prevail in the Supreme Court and then will have a legal basis to sue the Trustee's attorneys, 3) it is the Trustee who refused to mediate, and (4) if the motion is granted and the garnishment is dismissed, upon entry of the dismissal order Defendants will be the prevailing party, and they should be awarded attorney's fees under the garnishment statute.

As discussed in Section II.A below, the requested dismissal is "with prejudice," Defendants suffer no prejudice and in fact get their money released from the garnishment, the Defendants' allegations regarding the participation in mediation are untrue, and Defendants claim that they are entitled to an award of attorney's fees as the "prevailing party" is premature.

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 2
(Case No.C22-307RSM)
{19581/001/03017989-2}

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

## II. ARGUMENT

**A. A Dismissal With Prejudice is a "Dismissal With Prejudice."**

In opposition to the Trustee's motion, Defendants argue that the requested dismissal with prejudice is really not a dismissal with prejudice. They write that [U]niquely in a garnishment case based on a foreign judgment, the voluntary motion to dismiss with prejudice is very similar to one without prejudice," "because a foreign judgment can be refiled as a new case in a more favorable county in Washington."[1] They argue it also constitutes forum shopping. Defendants cite no authority for these propositions. And the premise of this argument is faulty because the registering of a judgment is not a "new case." It simply is the registration of a judgment – the same judgment registered in King County.

Dismissal with prejudice constitutes a final judgment on the merits subject to the principle of claim preclusion. "There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (citing *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590,593 (9th Cir.1985)). "Those dismissals have res judicata effect because, it is said, they are on the merits." *Id.* "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (quoting *Smoot v. Fox*, 340 F.2d 301,303 (6th Cir.1964)).

Here, the action which the Trustee seeks to dismiss is a garnishment proceeding in the state of Washington in the form of a writ of garnishment issued by the King County Superior Court on garnishee defendant Chase Bank. The Superior Court of

---

[1] Opposition Response, page 1, lines 14-18.

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 3
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

the State of Washington is a court of general jurisdiction. A claim which may be brought within the state of Washington may be filed in any superior court in any county. If venue of that proceeding should be in a county other than the one in which it was filed, the relief available to a defendant is to transfer venue to the proper county – not dismissal, because the jurisdiction of every superior court is the same. *Ralph v. Department of Natural Resources*, 182 Wn.2d 242, 251-59, 343 P.3d 342 (2014).

Given that all superior courts have the same jurisdiction, a claim that is concluded in one county "with prejudice" is res judicata and is controlling in all of the superior courts. Following the dismissal of this garnishment case with prejudice, it would be legally impermissible for the Trustee to initiate an identical garnishment proceeding in any other county by registering the judgment in another county in Washington state, and the Trustee will not do so. In his supplemental declaration filed concurrently with this Reply Memorandum, the Trustee confirms that.[2]

Nor is there any forum shopping. Regardless of the location of the superior court to which the judgment were to be registered, if a garnishment issued on that judgment, it could be removed to the federal court, and would be right back where it is now – the exact same forum.

**B. Defendants Suffer No Prejudice From Dismissal that Supports Denial of the Trustee's Motion to Dismiss.**

Defendants assert that they will suffer "plain legal prejudice"[3] if the Trustee's motion is granted because (1) they will be deprived of the opportunity to litigate before the Washington State Supreme Court the issue this Court certified to the Supreme

---

[2] Defendants state at page 3, lines 19-20 of their Opposition Response, that "unless the Trustee certifies under oath otherwise, he is forum shopping to avoid an adverse decision in a better forum." The Trustee is not forum shopping, and he has certified to that.

[3] Opposition Response, page 1, lines 12-15.

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 4
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

Court whether a bank garnishment issued in Washington state attaches to funds of a judgment debtor held by that bank if the deposit account is a branch of the bank outside of this state, (2) they expect to prevail in that appeal,[4] and (3) a favorable decision by the Washington Supreme Court "opens up legal claims against the Trustee's attorneys for filing the writs against the Pontons in the state of Washington."[5]

In fact, Defendants suffer no legal or actual prejudice from a dismissal with prejudice. All of the funds presently frozen are released to them. Defendants cite no authority in support of their argument.

Defendants' statement that they are prejudiced because we are "[A]t the point when the law clearly dictates a result for the Pontons" is totally baseless. If the Trustee were to litigate before the Washington Supreme Court the issue this Court certified to the Washington Supreme Court, the Trustee expects he would prevail. Indeed, this Court on two occasions ruled in the Trustee's favor on the issue it certified to the Washington Supreme Court.[6] Simply put, how can funds readily available to the Defendants in the state of Washington not be subject to garnishment in the state of Washington?[7] Their position defies common sense, and the Trustee submits his legal position and analysis on this issue is the prevailing one.

As for pursuing legal claims against the Trustee's attorneys, dismissal of this proceeding does nothing to preclude the filing of such claims (although Defendants

---

[4] At page 4 of the Opposition Response, Defendants write "At the point when the law clearly dictates a result for the Pontons, it is unfair to permanently eliminate liability of one of the claims and/or make the burden of proof more difficult for one of he claims against the plaintiff by dismissing the case with prejudice."

[5] *Id.* at page 4, lines 15-19.

[6] See the Trustee's Motion to Dismiss, pages 5-6. Docket No. 48.

[7] Defendants could walk into any branch of Chase Bank in the state of Washington, pull their ATM card out of their wallet, insert it into an ATM machine at the branch, and withdraw funds from their account (regardless of the branch into which the funds originally had been deposited). Likewise, they could go to a teller, and use a counter check to withdraw some or all of their funds on deposit at Chase Bank.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS GARNISHMENT PROCEEDING AND VACATING ORDER FREEZING ACCOUNTS - 5
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

have no such claims).[8] Although not relevant to any issue concerning the pending Motion to Dismiss, the Trustee did not "discharge" his collection counsel.[9] They remain counsel of record.

### C. The Trustee Did Not Refuse to Mediate and Settle this Dispute; the Case Law Cited By Defendants Does Not Support Denial of the Trustee's motion.

The Trustee's reasons for dismissing this garnishment proceeding are set forth in his Declaration and Motion to Dismiss. Proceeding before the Washington Supreme Court, and thereafter, will be expensive, and will result in substantial additional delay in the Trustee's administration of the Trust. The Trustee made a business decision to end this proceeding. Any hope of settlement disappeared with Defendants' unilateral decision to cancel a scheduled mediation.

As for the allegations that the Trustee did not wish to mediate, did not cooperate to schedule a mediation, and "brushed off mediation," that could not be farther from the truth. The Trustee and his counsel actively advocated for and sought to schedule a mediation over an extended period of time, even though the Trustee was being told by Defendants' counsel that the prospects of settlement were "bleak," and that it was "unlikely to settle."[10] When Defendants unilaterally decided to cancel the scheduled mediation, it became clear the litigation would be ongoing. In the face of that, the Trustee decided to move to dismiss this garnishment proceeding.

Defendants cite to multiple decisions as authority for this Court to deny the Trustee's motion. None support denial of the Trustee's motion. Four of the eight cases

---

[8] At most, Defendants articulate a Rule 11 claim, which if asserted, would utterly fail. Not only did Defendants not give the notice required under Federal Rule of Civil Procedure 11(c)(3), the garnishment was "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law for the establishment of new law." Rule 11(b)(2).

[9] Opposition Response, page 4, lines 10-11. There is no withdrawal by said counsel.

[10] See the Supplemental Declaration of Bruce R. Kriegman in Support of Motion to Dismiss, paragraph 4 and Exhibit A.

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 6
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

cited are unreported decisions.[11] All eight of them involve motions to dismiss "without prejudice."[12] As explained in the Trustee's Motion to Dismiss, motions to dismiss with prejudice are treated differently than motions to dismiss without prejudice, because they cannot be refiled, and therefore should not be subject to a fee award.

A brief summary of the cases cited by Defendants, and why they do not support denial of the Trustee's motion, is as follows:

**Shainin II, LLC v. Allen**, C06-420 P, 2006 WL 3042907, at *1 (W.D. Wash. Oct. 24, 2006). Plaintiffs moved to dismiss **without prejudice**. The court granted Plaintiffs' motion to dismiss and ordered Plaintiffs to pay reasonable attorney fees incurred by Defendants in responding to thiemotion. The court noted that "[ a ]lthough costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 4l(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several courts have specifically held that such payment is not required." (quoting Stevedoring Servs. of America v. Armilla Int'! B. V, 889 F.2d 919, 921 (9th Cir.1989); see also Western Water Dist. v. United States, 100 F.3d 94, 97 (9th //Cir.1996) ("Imposition of costs of fees as a condition for dismissing without prejudice is not mandatory").

---

[11] Shainin II, LLC v. Allen, C06-420 P, 2006 WL 3042907, at *1 (W.D. Wash. Oct. 24, 2006); Koerner v. Aetna U.S. Healthcare, Inc., 92 Fed. Appx. 394 (9th Cir. 2003); Thompson v. Janssen Pharm., Inc., 756 Fed. Appx. 740 (9th Cir. 2019); and Cora/es v. Flagstar Bank, FSB, Cl0-1922JLR, 2011 WL 1584284, at *1 (W.D. Wash. Apr. 26, 2011).

[12] Shainin II, LLC v. Allen, C06-420 P, 2006 WL 3042907, at *1 (W.D. Wash. Oct. 24, 2006); Koerner v. Aetna U.S. Healthcare, Inc., 92 Fed. Appx. 394 (9th Cir. 2003); Thompson v. Janssen Pharm., Inc., 756 Fed. Appx. 740 (9th Cir. 2019); Cora/es v. Flagstar Bank, FSB, Cl0-1922JLR, 2011 WL 1584284, at *1 (W.D. Wash. Apr. 26, 2011); Kern Oil & Ref. Co. v. Tenneco Oil Co., 792 F.2d 1380 (9th Cir. 1986); Cent. Montana Rail v. BNSF Ry. Co., 422 Fed. Appx. 636 (9th Cir. 2011); Mitchell v. Roberts, 43 F.4th 1074 (10th Cir. 2022); and Grover by Grover v. Eli Lilly & Co., 33 F.3d 716 {6th Cir. 1994)

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 7
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  Fax (206) 625-9534

***Koerner v. Aetna U.S. Healthcare, Inc.*, 92 Fed. Appx. 394 (9th Cir. 2003).** Plaintiff sought to dismiss **without prejudice**. The court denied the motion, reasoning that dismissal may not be used to revive a jury trial right that was forfeited by the failure to make a timely jury demand. Here, the motion is with prejudice. There will be no second proceeding.

***Thompson v. Janssen Pharm., Inc.*, 756 Fed. Appx. 740 (9th Cir. 2019).** Plaintiffs moved to dismiss **without prejudice**. The motion was denied, and the Court of Appeals upheld the denial stating that Plaintiff had not sufficiently explained why he delayed so long in requesting a voluntary dismissal to refile in a similar state court proceeding. This case is not applicable, as the Trustee's motion is with prejudice and will not be refiled.

***Corales v. Flagstar Bank*, FSB, CI0-1922JLR, 2011 WL 1584284, at *1 (W.D. Wash. Apr. 26, 2011).** Plaintiff sought to dismiss **without prejudice**, stating they would likely need to re-file the bankruptcy petition. The court denied voluntary dismissal because (1) Plaintiffs had previously dismissed their bankruptcy petition and, (2) Plaintiff sought to dismiss a second time in order to re-file in order to stay the trustee's sale. The court held that the temporary avoidance of an adverse ruling is an abusive reason to seek dismissal. These facts have no relationship to this case and the pending Motion to Dismiss, and there can be and will be no re-filing.

***Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986).** Buyer sued seller in restitution for crude oil overpayments. Seller counterclaimed for breach of contract. In relevant part, the Court of Appeals held that the court's dismissal of the seller's counterclaim for failure to prosecute was not an abuse of discretion. The seller moved for a voluntary dismissal of the counterclaim **without prejudice**, which was denied because the court found that the seller's repeated requests for dismissal were

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 8
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

made to avoid a specific judge (forum shopping). The seller subsequently refused to try its claims against the buyer and the court dismissed the seller's claims for failure to prosecute. There is no forum shopping in this case. It is being dismissed with prejudice.

**Cent. Montana Rail v. BNSF Ry. Co.**, 422 Fed. Appx. 636 (9th Cir. 2011). Central Montana Railroad sued BNSF on breach of contract and tort claims. Four years into the litigation, when the claim reached summary judgment stage in federal court, Plaintiff moved to dismiss **without prejudice**. The court denied Plaintiff's motion and Plaintiff appealed. The Court of Appeals held that the trial court did not abuse its discretion because Plaintiff's motion was motivated by forum shopping. Specifically, Plaintiff had given no explanation for why it delayed requesting voluntary dismissal for almost four years. Once again, this case involves no potential for refiling.

**Mitchell v. Roberts**, 43 F.4th 1074 (10th Cir. 2022). Alleged victim who was former witness at murder trial brought action against former federal prosecutor for claims arising from alleged sexual assault. The District Court certified questions to the Supreme Court concerning the validity of Utah's Revival Statute (certain civil claims for child sexual abuse may proceed notwithstanding statute of limitations). The Utah Supreme Court answered that the legislature lacked authority to retroactively revive time-barred claims in a manner that deprived defendants of vested statute of limitations defense. Defendant prosecutor moved to dismiss with prejudice for failure to state a claim and the Plaintiff/victim moved for voluntary dismissal **without prejudice**. The court denied the Plaintiff/victim's motion and Plaintiff appealed. The Court of Appeals affirmed the denial of Plaintiffs motion to dismiss because Plaintiff had already sued Defendant twice before and Defendant had asserted a valid statute of limitations defense. As a result, dismissal would not alleviate the possibility of a third lawsuit and

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 9
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

would disrupt the principles of finality and repose. Once again, there is no possibility of a second action by the Trustee because the dismissal is with prejudice.

**Grover by Grover v. Eli Lilly & Co., 33 F.3d 716 {6th Cir. 1994).** Plaintiffs brought suit against a pharmaceutical manufacturer and subsequently asked the district court to certify to the Ohio Supreme Court the question of whether Ohio recognized their cause of action. The Supreme Court answered that the cause of action did not exist under Ohio law. Defendant subsequently moved to dismiss the Complaint with prejudice. Plaintiffs moved to dismiss **without prejudice**, which was granted. The Court of Appeals reversed and remanded, finding that Defendant had been prejudiced by having to invest time and money defending against Plaintiffs' lawsuit as well as presenting the legal issue to the Ohio Supreme Court. Again, this case is distinguishable because the dismissal is with prejudice.

None of the cases cited by Defendants supports the denial of the Trustee's motion to dismiss.

### D. Defendants Argument for Attorney's Fees is Premature.

Defendants argue that if the Trustee's motion for dismissal is granted, and an order of dismissal is entered, at that point they will be deemed to be the prevailing party, and that makes them eligible for an award of attorney's fees under the Washington state garnishment statute. Defendants cite *Park Place Motors, Ltd. v. Elite Cornerstone Constr., LLC,* 18 Wn. App 2d 748m 493 P.3d 136 (2021) as support for their argument. Defendants' argument is premature, as their claim for attorney's fees arises, if at all, only upon entry of an order of dismissal, and must be brought by way of a motion following dismissal of this proceeding. The Trustee will defer any response to a claim for attorney's fees to a future motion by Defendants, if any such motion is file.

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 10
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

E.  **No Opposition to Unfreezing Accounts and Withdrawal of Certification.**

In addition to granting the motion to dismiss, this court also should vacate the Order Freezing Accounts entered by this Court on March 25, 2022, and withdraw its Order Granting Motion to Certify Issues to the Washington Supreme Court entered October 20, 2022. Defendants submitted no opposition to those two prongs of the Trustee's Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, the Trustee's motion should be granted.

DATED this 27th day of October 2022.

MONTGOMERY PURDUE PLLC

By: *s/Michael E. Gossler*
Michael E. Gossler, WSBA 11044
E-Mail: mgossler@montgomerypurdue.com
5500 Columbia Center
701 Fifth Avenue
Seattle, WA 98104-7096
Telephone: 206-682-7090
Fax: 206-625-9534
Co-Counsel for Plaintiff/Judgment Creditor, Bruce P. Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS GARNISHMENT PROCEEDING AND VACATING ORDER FREEZING ACCOUNTS - 11
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

WITHERSPOON KELLEY

By: *s/Shelley N. Ripley*
Shelley N. Ripley, WSBA 28901
E-Mail: snr@witherspoonkelley.com
Co-Counsel for Plaintiff/Judgment Creditor,
Bruce P. Kriegman, solely in his capacity as
court-appointed Chapter 11 Trustee for LLS
America, LLC

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS GARNISHMENT
PROCEEDING AND VACATING ORDER
FREEZING ACCOUNTS - 12
(Case No.C22-307RSM)
{19581/001/03017989-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534