UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE KRIEGMAN, solely in his capacity as court appointed Chapter 11 trustee for LLS America, LLC,

Plaintiff,

v.

RONALD PONTON, JR. and TOMIKA PONTON,

Defendants.

Case No. C22-307RSM

ORDER GRANTING MOTION TO DISMISS GARNISHMENT PROCEEDING, VACATE ORDER FREEZING ACCOUNTS, AND WITHDRAW CERTIFICATION TO STATE SUPREME COURT

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Bruce Kriegman ("Trustee")'s Motion to (1) dismiss with prejudice the garnishment proceeding under Rule 41(a)(2), (2) vacate this Court's Order Freezing Accounts, and (3) withdraw the Order Certifying Issues to the Washington Supreme Court. Dkt. #48. Defendants Ronald Ponton and Tomika Ponton have filed a brief responding to the Motion. Dkt. #51. The Court has reviewed and finds that oral argument is not

ORDER GRANTING MOTION TO DISMISS- 1

necessary. For the reasons stated below, the Court GRANTS Plaintiff's Motion, vacates the Order Freezing Accounts, and withdraws its Order Certifying Issues to the Washington Supreme Court.

## II. BACKGROUND

In 2015, a judgment was entered against Defendants—who reside in Alabama—in the Eastern District of Washington for $117,411. *See* Dkt. #13-7. Plaintiff registered the judgment in King County, Washington in 2022. *See* Dkt. #1-1. Plaintiff Bruce Kriegman, Chapter 11 trustee, filed an application for a writ of garnishment with the Superior Court in King County naming JP Morgan Chase Bank ("Chase") as the garnishee. *See* Dkt. #1-2. Defendants removed the action to this Court. *See* Dkt. #1. On March 25, 2022, at the request of the parties, the Court issued an Order Freezing Accounts of Defendants. *See* Dkt. #17. Defendants challenged jurisdiction arguing that since they are Alabama residents and the situs of their bank deposits is Alabama, the bank deposits can not be garnished from the state of Washington. *See* Dkt. #18. The Court denied Defendants' motion to quash writ, finding the exercise of in rem jurisdiction did not violate due process. *See* Dkt. #28 (reasoning that "the garnishee undeniably has contacts with this forum and holds accounts with Defendants' funds"). Subsequently, at the request of Defendants, the Court certified an issue to the Washington Supreme Court to determine whether the writ of garnishment attaches to Defendants' bank account in Washington. *See* Dkt. #44.

## III. DISCUSSION

**A. Legal Standard under Rule 41(a)(2)**

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order,

ORDER GRANTING MOTION TO DISMISS- 2

on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal"). Legal prejudice "means prejudice to some legal interest, some legal claim, some legal argument." *Smith*, 263 F.3d at 976 (quoting *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir.1996)). A dismissal does not legally prejudice a defendant because it leaves a dispute unresolved or because of the uncertainty caused by the threat of future litigation. *Id.* Nor is a defendant prejudiced by having to defend in state court or because of the expense incurred in defending against a lawsuit. *Id.; Westlands,* 100 F.3d at 97. However, the decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).

   B.  **Dismissal with Prejudice**

Plaintiff seeks to dismiss its garnishment against Defendants with prejudice, asserting that continuing to pursue the funds is not a prudent business decision. *See* Dkt. #48 at 4. Defendants oppose the motion, stating that a motion to dismiss with prejudice is similar to one without prejudice when a foreign judgment is involved. *See* Dkt. #51 at 1. They opine that Plaintiff is forum shopping and dismissal would allow Plaintiff to start a new case in another Washington county at a later date. *Id.* However, they cite no legal authority for their assertions.

ORDER GRANTING MOTION TO DISMISS- 3

As stated by Plaintiff, "[f]ollowing the dismissal of this garnishment case with prejudice, it would be legally impermissible for the Trustee to initiate an identical garnishment proceeding in any other county." *See* Dkt. #52 at 4 (citing *Mann v. HEW, Health Care Financing Agency*, 769 F.2d 590,593 (9th Cir.1985), which held "[t]here can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case"). Additionally, Plaintiff certifies that he is not forum shopping and "will not apply for another writ of garnishment … in King County Superior Court or in the superior court for any other county in the state of Washington." *See* Dkt. #53 at 2.  Given the legal authorities cited by the parties and Plaintiff's certification, the Court agrees that dismissal with prejudice would constitute a final judgment in this case.

Next, Defendants argue that they will suffer legal prejudice if the Washington Supreme Court is not permitted to decide the certified question because they expect to prevail. *See* Dkt. #51 at 4. Additionally, Defendants opine a favorable decision by the Washington Supreme Court would allow them to bring claims against the Trustee's attorneys for filing the writ in Washington. *Id.* at 4. Plaintiff responds that Defendants suffer no prejudice upon dismissal as their frozen funds would be released to them. *See* Dkt. #52 at 4. Furthermore, they state that dismissal does not preclude filing of claims against Trustee's attorneys. *Id.* at 5.

First, absent a decision by the Washington Supreme Court, neither party is deemed to have prevailed. Second, the Court agrees that upon dismissal, Defendants will have their funds released. Finally, Defendants do not cite any legal authority for their assertions related to claims against Plaintiff's attorneys. Thus, Defendants have not met their burden to show they would suffer prejudice as a result of dismissal.

ORDER GRANTING MOTION TO DISMISS- 4

Defendants also argue that Trustee's explanation for his motion for voluntary dismissal is inadequate, particularly given the outstanding questions certified to the Washington Supreme Court. *See* Dkt. #51 at 5. The parties both assert detailed factual background related to their prior attempts to mediate this case, and expenses they would incur if they were to continue to litigate. Defendants cite a number of cases, where courts have denied motions for voluntary dismissal, to support their argument. However, as acknowledged by Defendants themselves, none of these cases are exactly on point here. *Id.* at 6. Additionally, Plaintiff points out that all of those cases were dismissed *without prejudice*, and many of which are *unreported*. *See* Dkt. #52 at 7-10. Nonetheless, granting dismissal is within this Court's discretion. The Court finds Plaintiff's reasons adequate and finds dismissal appropriate, especially given Plaintiff's certification that he will not attempt to litigate the issue in another Washington court.

**C. Recovery of Attorneys' Fees**

Plaintiff states that Defendants may not recover attorneys' fees because Trustee is dismissing the action with prejudice, and this was a business decision notwithstanding sound legal arguments related. *See* Dkt. #48 at 4 (citing *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir.1997) and *Stevedoring Services of America, Ltd v. Armilla 4 International*, B. V., 889 F.2d 919, 921 (9th Cir. 1989)). Defendants argue that pursuant to RCW 6.27.230, they are entitled to be awarded attorneys' fees as they would be the prevailing parties upon dismissal. *See* Dkt. #51 at 8-9 (citing *Park Place Motors, Ltd. v Elite Cornerstone Constr.*, LLC, 18 Wn. App 2d 748, 757-58, 493 P3d 136, 142 (2021)). Plaintiff responds that these arguments are premature, and that they will respond upon entry of an order of dismissal, and any subsequent claims brought by Defendants for attorneys' fees. The Court has the discretion to condition dismissal upon payment of costs and attorney's fees. *Westlands,* 100 F.3d at 97. The Court is not persuaded by Defendants'

ORDER GRANTING MOTION TO DISMISS- 5

arguments and does not currently see a basis for awarding attorneys' fees. However, the Court will permit Defendants to submit a subsequent claim to seek attorneys' fees in a separate motion to be filed no later than 30 days after entry of this order.

### D. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's Motion to dismiss the garnishment proceeding with prejudice under Rule 41(a)(2), vacate the Order Freezing Accounts, and withdraw the Order Certifying Issues to the Washington Supreme Court, Dkt. #48, is GRANTED.

2. The Clerk is DIRECTED to submit to the Washington Supreme Court certified copies of this Order. The Clerk shall notify the parties as soon as possible, but no more than three days, after the above described record is filed with the Washington Supreme Court.

3. All pending motions are terminated. This matter is now CLOSED.

DATED this 29th day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE