UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KRIEGMAN, solely in his capacity as court-appointed Chapter 11 trustee for LLS America, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RONALD PONTON, JR. and TOMIKA PONTON,<br><br>Defendants. | Case No. C22-307-RSM<br><br>ORDER DENYING MOTION FOR COSTS AND ATTORNEY FEES |

This matter comes before the Court on Defendants Ronald Ponton Sr. and Tomika Ponton's Motion for Costs and Attorney's Fees pursuant to RCW 6.27.230. Dkt. #58. Defendants seek $97,516.25 in fees and $1,215.64 in costs. *Id*. at 9.

RCW 6.27.230 states that in a garnishment proceeding, where the answer is controverted, the costs of the proceeding, including a reasonable compensation for attorney's fees, shall be awarded "to the prevailing party." The parties appear to agree that this statute applies to this action, originally filed in state court.

The real dispute is whether Defendants are the prevailing party. This has not been a typical garnishment case. It essentially began with a TRO Motion filed by Defendants, which was denied by the Court. *See* Dkts. #6 and #15. Defendants' accounts at issue were frozen by the Court. Dkt. #17. The Court denied Plaintiff's Motion to remand the case, but on the same day denied Defendants' Motion to quash the writ at issue. Dkts. # 27 and #28. The Court

ORDER DENYING MOTION FOR COSTS AND ATTORNEY FEES - 1

denied Defendants' Motion for Reconsideration. Dkt. #43. The case would have proceeded but for the Court granting *in part* Defendants' Motion to certify an issue to the Washington State Supreme Court. Dkt. #44. This paused the proceedings.

Plaintiff later filed a Motion to voluntarily dismiss the case with prejudice, stating "the Trustee has determined that continuing the pursuit of the garnished funds (just over $58,000.00 frozen by reason of the garnishment) is not a wise and prudent business decision for the Trust, given the ongoing legal expense associated with continuing this litigation before the Washington State Supreme Court, and given Defendants' refusal to mediate…" Dkt. #48 at 4. Although it would seem to benefit Defendants to have the case dismissed, they opposed the Motion. The Court nevertheless granted Plaintiff's Motion and dismissed the case with prejudice, accepting Plaintiff's financial explanation. Dkt. #54. The Court explicitly stated, "absent a decision by the Washington Supreme Court, neither party is deemed to have prevailed," and stated that it "does not currently see a basis for awarding attorneys' fees." *Id*. at 4–6. The Court permitted the filing of the instant Motion to get a full explanation of the issues.

Defendants have not shown they were the prevailing party in this action. Their motions were largely denied. Whatever relief they were seeking, they did not obtain it, other than to prolong the expense of this litigation. Although they say they prevailed because they successfully obtained a dismissal, the Court need only point out that Defendants *opposed* Plaintiff's Motion seeking that dismissal, and have appealed the Court's ruling on that Motion. *See* Dkts. #51 and #62. The cases cited by Defendants with voluntary dismissals are not on point given the unusual fact pattern of this case. The Court will not speculate on whether Defendants would have succeeded at the Washington State Supreme Court.

ORDER DENYING MOTION FOR COSTS AND ATTORNEY FEES - 2

Further, the Court finds that an award of fees to Defendants under the unique circumstances of this case would not be equitable. *See* Dkt. #61 at 12–13 (pointing out that Defendants are judgment debtors to the Trust).

Given the above, the Court will deny this Motion. However, the Court also notes that, if necessary, it would find the amount of fees unreasonable for many of the reasons stated in Plaintiff's brief. *See* Dkt. #61 at 7–12.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Costs and Attorney's Fees, Dkt. #58, is DENIED.

DATED this 4th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR COSTS AND ATTORNEY FEES - 3